## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHANEL CRYER<br>108 West Mill Avenue<br>Capitol Heights, Maryland  20743,<br>On behalf of herself and all others<br>similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>INTERSOLUTIONS, INC.<br>1418 Pennsylvania Avenue, S.E.<br>Washington, D.C.  20003,<br><br>DREW GOLIN<br>1331 North Carolina Avenue, N.E.<br>Washington, D.C.  20002,<br><br>SARAH WALDER<br>1331 North Carolina Avenue, N.E.<br>Washington, D.C.  20002,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br><br>Collective Action and<br>Class Action Complaint<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Plaintiff Chanel Cryer, through her undersigned attorneys, for her Collective Action and Class Action Complaint against defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively, "defendants"), alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action against defendants for engaging in a uniform and systematic scheme of wage abuse against InterSolutions' hourly-paid employees.  This scheme began at least as long ago as the year 2003, and continues until the present.

2.      This scheme involves knowingly, willfully, and intentionally refusing to pay plaintiff and other hourly-paid employees overtime compensation owed to them, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Md. Code Ann., Labor & Empl. § 3-415 (2006).

## THE PARTIES

3.      Plaintiff Chanel Cryer resides in the State of Maryland.  She worked for defendants in Maryland, the District of Columbia, and Virginia as an hourly-paid employee in InterSolutions' concierge division beginning in 2003.

4.      InterSolutions is a District of Columbia corporation, with its principal place of business in the District of Columbia, and satellite offices in Maryland, Virginia, and Pennsylvania.

5.      InterSolutions is engaged in interstate commerce, as it owns, operates, and manages offices in Washington, D.C., Maryland, Virginia, and Pennsylvania, and provides temporary employment services in all of those jurisdictions.

6.      InterSolutions is an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

7.      Defendants Golin and Walder, husband and wife, are co-owners of InterSolutions. Golin and Walder reside in the District of Columbia.

8.      The acts charged in this Complaint were done by or at the direction of defendants InterSolutions, Golin, and Walder.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Count I pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

-

10.    This Court has jurisdiction over Count II pursuant to 29 U.S.C. § 1292(b).

11.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(c), because InterSolutions, Golin, and Walder are subject to personal jurisdiction in this District.  Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## COLLECTIVE ACTION CLASS AND MARYLAND SUBCLASS

12.    This action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of plaintiff and all other persons who are or have been employed by InterSolutions as hourly-paid employees and who worked more than forty (40) hours during any given workweek of their employment between November 29, 2003 and the date of the final disposition of this action (hereinafter the "Class Period").  These individuals will be referred to jointly as the "Class."

13.    This action is also brought as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff alleges claims pursuant to Md. Code Ann., Labor & Empl. § 3-415 (2006), on behalf of herself and all similarly situated hourly-paid InterSolutions employees who worked on behalf of InterSolutions at worksites in the State of Maryland since November 29, 2003 and who worked more than forty (40) hours during any given workweek of their employment.  These individuals will be referred to jointly as the "Maryland Subclass."

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14.    InterSolutions is in the business of providing staffing to residential and commercial properties in the District of Columbia, Maryland, Virginia, Pennsylvania, and New Jersey.  This staffing includes, among others, front desk/concierge personnel, leasing personnel, and maintenance personnel.

-

15.    Defendants offered plaintiff and each Class member hourly-paid employment, which plaintiff and Class members accepted, thereby entering into an employment relationship.

16.    Upon information and belief, InterSolutions has, during the Class Period, employed hundreds of hourly-paid employees, who were assigned to work in the District of Columbia, Maryland, and Virginia.

17.    InterSolutions' "Policies and Expectations Handbook" states that the hourly-paid employees are "eligible for overtime." The Handbook also states that all employees are expected to work overtime when requested, and that "[n]on-exempt associates are paid at time and one-half of their base hourly rates when they physically work over 40 hours in the workweek."

18.    Defendants were aware that they had an obligation to pay their hourly-paid employees time-and-one-half their regular hourly rate of pay for hours worked in excess of forty (40) hours each workweek.

19.    Despite the language of the Handbook and defendants' awareness of their obligations under relevant wage and hour laws, defendants created and implemented a system through which they denied plaintiff and Class members one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty hours during each workweek.

20.    On information and belief, defendants' scheme to deny payment of overtime wages at the required rate of one-and-a-half times the employees' regular rate took at least three forms:

> a.    Payment for hours in excess of forty (40) hours in a given workweek at the employee's regular rate of pay; and/or

-

b.  Payment for hours in excess of forty (40) hours in a given workweek at a rate higher than the employee's regular rate of pay, but less than one-and-a-half times the employee's regular rate of pay; and/or

c.  Failure to pay the overtime due at any rate.

21.     Prior to or during the Class Period, defendants began stating explicitly as part of their orientation of new concierge division employees that such employees were not entitled to overtime pay and/or that such employees were entitled to overtime pay only when they worked more than forty (40) hours at one client site during a single workweek.

22.     Prior to or during the Class Period, defendants held staff meetings and/or authorized or ordered their officers, agents, employees, or representatives to hold such meetings, at which the unlawful practices described herein were discussed and authorized or ordered.

23.     Between approximately the Fall of 2003 and the Fall of 2005, plaintiff worked for defendants in InterSolutions' concierge division, providing front desk concierge services primarily at residential buildings in Maryland.

24.     During plaintiff's employment with defendants, she worked more than forty (40) hours in a single workweek on numerous occasions and was not paid one-and-a-half times her regular hourly rate of pay for many of the hours that she worked in excess of forty (40) hours.

25.     When plaintiff or other concierge division employees questioned or challenged defendants' failure to comply with applicable overtime laws, defendants responded, nonexclusively, that (a) the employee was not entitled to overtime pay; (b) if the employee did not like being denied overtime pay, he or she did not have to work for InterSolutions; and/or (c) the employee was entitled to overtime pay only if he or she worked more than forty (40) hours in one week at a single client site.

-

26.     In some instances, when plaintiff or another employee challenged defendants'

failure to comply with the relevant overtime laws, defendants retaliated against the employee by

instructing agents and/or representatives of InterSolutions to deny the complaining employee

further assignments.

27.     To this day, plaintiff and the Class members have not been paid all wages they are

owed for hours worked during the Class Period.

28.     Defendants issued check stubs to their hourly-paid employees, but those check

stubs generally did not show the hourly rate of pay.  In some cases, the check stubs did not list

overtime hours worked as overtime hours and/or did not accurately show the number of overtime

hours worked.

29.     Defendants Golin and/or Walder had decision-making authority over

InterSolutions' payroll policies and practices, including but not limited to the hourly-paid

employees' rate of pay, overtime hours, and method of payment; the maintenance of employee

records; and the power to hire, fire, or deny further assignments to employees.

30.     Defendants Golin and/or Walder had daily supervisory control over

InterSolutions' payroll practices and activities, and had operational control over all aspects of

InterSolutions' day-to-day functions beyond payroll practices and activities.

31.     Defendants were aware at all times during the Class Period that their overtime

practices did not comport with applicable law.

32.     The compensation policies and practices set forth above constitute willful,

knowing, and intentional violations of the FLSA, as well as of the laws of the State of Maryland.

## COLLECTIVE ACTION ALLEGATIONS
### (ON BEHALF OF THE CLASS)

33.     The collective action that plaintiff proposes to maintain includes all individuals who are or have been employed by InterSolutions as hourly-paid employees and who worked more than forty (40) hours during any given workweek of their employment between November 29, 2003 and the date of the final disposition of this action.

34.     During the Class Period, the duties and responsibilities of the jobs held by members of the proposed collective action were the same as or substantially similar to the duties and responsibilities of the jobs held by plaintiff.

35.     Plaintiff and the members of the proposed collective action are and were subject to the unlawful compensation policies and practices set forth in paragraphs 14 through 32 above.

36.     Accordingly, plaintiff and all of the members of the proposed collective action are "similarly-situated" within the meaning of 29 U.S.C. § 216(b), and entitled to proceed on a collective basis.

## CLASS ACTION ALLEGATIONS
### (ON BEHALF OF THE MARYLAND SUBCLASS)

37.     This action is also brought on behalf of members of a subclass of InterSolutions' employees to whom Md. Code Ann., Labor & Empl. § 3-415 (2006) applies (the "Maryland Subclass").

38.     The claims of the Maryland Subclass are properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(1)-(3).

39.     The Maryland Subclass is defined as follows:  "All hourly-paid InterSolutions employees who worked on behalf of InterSolutions at worksites in the State of Maryland since

-

November 29, 2003 and who worked more than forty (40) hours during any given workweek of their employment."

40.     The "Maryland Subclass Period" is the time period between November 29, 2003 and the time of the final disposition of this action.

41.     The duties and responsibilities of the jobs held by members of the Maryland Subclass were the same as or substantially similar to the duties and responsibilities of the job held by plaintiff.

42.     On information and belief, there are at least fifty (50) present and former hourly-paid employees in the Maryland Subclass.

43.     The members of the Maryland Subclass are so numerous that joinder of all members is impracticable.

44.     Plaintiff's claims are typical of the claims of the members of the Maryland Subclass because she and all Subclass members had or have the same or substantially similar job responsibilities and duties, and were subject to the unlawful compensation policies and practices set forth in paragraphs 14 through 32 above.

45.     Plaintiff is an adequate representative of the Maryland Subclass because she and the members of the Maryland Subclass are or were subject to and damaged by the same unlawful compensation policies and practices set forth in paragraphs 14 through 32 above.

46.     Plaintiff and the members of the Maryland Subclass each challenge the legality of the policies and practices set forth in paragraphs 14 through 32 above.  By advancing her own claims, plaintiff will necessarily advance the claims of the members of the Maryland Subclass.

47.     Plaintiff will have no conflict with any members of the Maryland Subclass and is capable and willing to serve in this representative role.

-

48.    Plaintiff has retained counsel that are competent and experienced in class-action litigation and who will adequately represent the Maryland Subclass.

49.    Questions of fact and law common to all members of the Maryland Subclass will predominate over any questions solely affecting individual members of the Subclass.  Among the common questions are:

a.    Whether the policies and practices set forth in paragraphs 14 through 32 above took place as alleged; and

b.    The legality, under Maryland law, of the policies and practices set forth in paragraphs 14 through 32 above.

50.    Because plaintiff and all members of the Maryland Subclass had the same or substantially similar job duties and responsibilities, and challenge the same unlawful compensation policies and practices set forth in paragraphs 14 through 32 above, a class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously and efficiently, without the duplication of effort and expense and the risk of inconsistent or varying adjudications presented by numerous individual actions.

51.    No difficulties are likely to be encountered in the management of this class action, and the identity of the Maryland Subclass is readily available from defendants' records.

### COUNT I:  VIOLATION OF THE FLSA

52.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-51 above.

-

53.    Plaintiff and Class members are or were employed by InterSolutions on an hourly

basis.

54.    Plaintiff and Class members each worked more than forty (40) hours in one or

more workweeks within the Class Period.

55.    Defendants failed to pay plaintiff and Class members or caused plaintiff and Class

members not to be paid for overtime at a rate of one-and-a-half times the employee's regular

rate.

56.    By their conduct set forth herein, defendants violated the FLSA, 29 U.S.C. §

207(a), by failing to pay plaintiff and Class members overtime compensation at one and one-half

their regular hourly rate for all hours worked in excess of forty (40) hours during a given

workweek.

57.    Defendants' violations of the FLSA, 29 U.S.C. § 207(a), were repeated, willful,

and intentional.

58.    Plaintiff and Class members have been damaged by said violations of the FLSA.

59.    For their violation of the FLSA, defendants are liable to the plaintiff and the Class

members for back pay, liquidated damages, and costs and reasonable attorneys' fees incurred in

the maintenance of this action.

### COUNT II:  VIOLATION OF MARYLAND LAW

60.    Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1-59 above.

61.    Plaintiff and the members of the Maryland Subclass are or were employed by

InterSolutions on an hourly basis within the Class Period.

-

62.    Plaintiff and the members of the Maryland Subclass each worked more than forty (40) hours in one or more workweeks within the Class Period.

63.    Defendants failed to pay plaintiff and the Maryland Subclass members or caused plaintiff and the Maryland Subclass members not to be paid for overtime at a rate of one-and-a-half times the employee's regular rate.

64.    By their conduct, as set forth herein, defendants violated Md. Code Ann., Labor & Empl. § 3-415 (2006), by failing to pay plaintiff and Maryland Subclass members overtime compensation at one-and-one-half their regular hourly rate for all hours worked in excess of forty (40) hours during any workweek.

65.    Defendants' violations of Md. Code Ann., Labor & Empl. § 3-415 (2006) were repeated, willful, and intentional.

66.    Plaintiff and the Maryland Subclass members have been damaged by said violations of Md. Code Ann., Labor & Empl. § 3-415 (2006).

67.    Pursuant to Md. Code Ann., Labor & Empl. § 3-427 (2006), in addition to actual damages, defendants are liable to the plaintiff and the Maryland Subclass for unpaid wages to which they are owed, treble damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself and members of the Class and the Maryland Subclass, respectfully requests that the Court:

A.    Determine the damages sustained by plaintiff and Class members during the Class Period as a result of defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award such back pay against defendants in favor of plaintiff and all

- 12 -

members of the Class, plus an additional equal amount as liquidated damages

pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be

allowed by law; and

B.    Determine the damages sustained by plaintiff and Maryland Subclass members

during the Maryland Subclass Period as a result of defendants' willful and

intentional violations of Md. Code Ann., Labor & Empl. § 3-415 (2006), and

award all appropriate damages resulting therefrom to plaintiff and the members of

the Maryland Subclass; and

C.    Award plaintiff and the members of the Class and the Maryland Subclass their

costs and disbursements of this suit, including, without limitation, reasonable

attorneys', accountants', investigators', and expert fees; and

D.    Grant plaintiff and the members of the Class and the Maryland Subclass such

other and further relief, including, without limitation, injunctive relief where

appropriate, as the Court may deem just and proper or that is allowed under any

Federal or state law violated by the defendants' conduct described herein.

## JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

Dated: November 29, 2006

Respectfully submitted,

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel.: (202) 346-4000
Fax:  (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax:  (202) 319-1010

*Counsel for Chanel Cryer, the Class,
and the Maryland Subclass*

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Chanel Cryer | InterSolutions, Inc., Drew Golin, and Sarah Walder |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Prince Georges County MD <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> Thomas J. Mikula, Adam M. Chud, Sarah Keast, Goodwin Procter LLP, 901 New York Ave., NW, Washington, DC 20001, Tel: (202) 346-4000, Fax: 202-346-4444; Susan E. Huhta, Carolyn P. Weiss, Washington Lawyer's Committee for Civil Rights and Urban Affairs, 11 Dupont Circle, NW, Washington, DC 20036, Tel: (202) 319-1000, Fax: 202-319-1010 | ATTORNEYS (IF KNOWN) |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. _Habeas Corpus/_** **_2255_** | ○ **H. _Employment_** **_Discrimination_** | ○ **I. _FOIA/PRIVACY_** **_ACT_** | ○ **J. _Student Loan_** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ◉ **K. _Labor/ERISA_** **_(non-employment)_** | ○ **L. _Other Civil Rights_** **_(non-employment)_** | ○ **M. _Contract_** | ○ **N. _Three-Judge Court_** |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

## V. ORIGIN

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. §§201, et seq. This action is brought over failure to pay overtime wages as required by the Fair Labor Standards Act and MD law.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☒ ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint

JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  11/29/06    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.