## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, | ) |
| | ) |
| JAMES BYRD, | ) |
| | ) |
| JONATHAN CASHWELL, | ) |
| | ) |
| MARC INMAN, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )    Case No. 1:06-cv-02032-EGS |
| | ) |
| INTERSOLUTIONS, INC., | ) |
| DREW GOLIN, | ) |
| SARAH WALDER, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

### DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFFS' AMENDED COMPLAINT

Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively referred to as "Defendants"), by and through undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Chanel Cryer, James Byrd, Jonathan Cashwell, and Marc Inman's (collectively referred to as "Plaintiffs"), State Law Class Claim contained as Count II of their Amended Complaint for failure to state a claim upon which relief can be granted ("Motion").

Plaintiffs have filed an Amended Complaint bringing both an *opt-in* collective action under 29 U.S.C. § 216(b) and an *opt-out* class action claim under Fed. R. Civ. Pro. 23(b). Plaintiffs allege that Defendants violated both the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq. ("FLSA"), and the corresponding Maryland State law, MD. Code Ann., Labor and Emp. § 3-415 (2006), because Plaintiffs were not paid overtime compensation to which they were entitled (Amended Complaint ¶¶ 15, 16).

Because the opt-out state law class action claim under Fed. R. Civ. Pro 23(b) is inherently inconsistent with the opt-in requirements of the FLSA, it is prohibited by the FLSA and preempted by the Rules Enabling Act, 28 U.S.C. § 2072(b).  The grounds for this Motion are set forth in more detail in the accompanying Memorandum In Support of this Motion, which is incorporated herein by reference, and this Court should dismiss Plaintiffs' state law class claim.

WHEREFORE, Defendant moves this Court to dismiss Count II of the Amended Complaint with prejudice for failure to state any claim upon which relief may be granted.

Respectfully submitted,


    /s/  Manesh K. Rath___
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*
Jeremy W. Brewer (D.C. Bar No. 488670)
*brewer@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on January 25, 2007, a copy of the foregoing was served by CM/ECF software to:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
  Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Chanel Cryer, et al.

/s/ Manesh K. Rath
Manesh K. Rath, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANEL CRYER,                                    )
                                                 )
JAMES BYRD,                                      )
                                                 )
JONATHAN CASHWELL,                               )
                                                 )
MARC INMAN,                                      )
                                                 )
              Plaintiffs,                        )
                                                 )
        v.                                       )    Case No. 1:06-cv-02032-EGS
                                                 )
INTERSOLUTIONS, INC.,                            )
DREW GOLIN,                                      )
SARAH WALDER,                                    )
                                                 )
              Defendants.                        )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFFS' AMENDED COMPLAINT

Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively referred to as "Defendants"), by and through undersigned counsel, submit the following Memorandum in Support of their Motion to Dismiss Count II of Plaintiffs Chanel Cryer, James Byrd, Jonathan Cashwell, and Marc Inman's (collectively, with Plaintiffs allegedly on behalf of themselves and all others similarly situated, referred to as "Plaintiffs"), Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs, on behalf of themselves and all others similarly situated, have filed an Amended Complaint that seeks to impermissibly assert both an *opt-in collective action* under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and an *opt-out class action* under

Fed. R. Civ. P. 23(b) of the Federal Rules of Civil Procedure ("Rule 23").  (Amended Complaint ¶¶ 15, 16, 45, 48.)

Plaintiffs Chanel Cryer, Jonathan Cashwell, and Marc Inman are former employees of InterSolutions, Inc.  (Amended Complaint ¶¶ 26 - 27, 30 - 33.)  Plaintiff James Byrd is a current employee of InterSolutions, Inc.  (Amended Complaint ¶ 28.)  Under both the opt-in collective action and the opt-out class action, Plaintiffs purport to represent hourly-paid employees of Defendants who worked more than forty (40) hours during any given workweek between November 29, 2003 and the final disposition of this action.  (Amended Complaint ¶¶ 15, 16.)  Despite the fact that Defendants had a "Policies and Expectations Handbook" which set forth that non-exempt employees would be paid at time and one-half of their base hourly rates when they physically worked over 40 hours in a workweek (Amended Complaint ¶ 20), Plaintiffs contend that Defendants denied payment of overtime wages to Plaintiffs at the required rate of one-and-a-half times the employees' regular rate.  (Amended Complaint ¶ 23.)

On November 29, 2006, Plaintiff Chanel Cryer filed a Complaint, bringing both an opt-in collective action under 29 U.S.C. § 216(b) and an opt-out class action claim under Fed. R. Civ. P. 23(b).  On January 9, 2007, Plaintiffs Chanel Cryer, James Byrd, Jonathan Cashwell, and Marc Inman filed an Amended Complaint reasserting the opt-in collective and the opt-out class action.  The Plaintiffs allege that Defendants violated both the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the corresponding Maryland state law, Md. Code Ann., Labor & Empl. § 3-415 (2006), because Plaintiffs were not paid overtime compensation to which they were entitled (Amended Complaint ¶ 2).

It is by now well-established that this combination of an opt-in collective action and an opt-out class action should not be permitted to co-exist within the same case.  Pursuant to Fed. R.

Civ. P. 12(b)(6), Defendants hereby file this Motion to Dismiss, Proposed Order, and

Memorandum in Support of Motion to Dismiss.

## **ARGUMENT**

Traditional class actions are not permitted for federal wage-hour claims because the

specific language of the FLSA provides its own mechanism for "collective actions." Section

216(b) of the FLSA expressly limits the scope of collective actions for overtime pay by requiring

putative collective action members to affirmatively *opt in* to the action. 29 U.S.C. § 216(b).

Under § 216(b), "[n]o employee shall be a party plaintiff to any such action unless he gives his

consent in writing to become such a party and consent is filed in the court in which such action is

brought." *Id.*

Under state law class actions brought in federal court pursuant to Rule 23, prospective

parties must *opt out* of the class upon notice of the action. A plaintiff's notice must "concisely

and clearly state in plain, easily understood language" that the court will exclude from the class

"*any member who requests exclusion*," and must state "when and how members may elect to be

excluded." Fed. R. Civ. P. 23(c)(2)(B)(emphasis added). Thus, the FLSA's opt-in requirement

and Rule 23's opt-out requirement are in direct contradiction with each other. These two

inapposite opt-in and opt-out schemes are inherently incompatible as a matter of law. For

example, in *Himmelman v. Continental Cas. Co.*, a court recently dismissed a state law overtime

pay class claim pursuant to Fed. R. Civ. P. 12(b)(6) because opt-in rights under FLSA and the

opt-out scheme under Rule 23 were "inherently incompatible." 2006 WL 2347873, at *2-3

(D.N.J. August 11, 2006). Accordingly, the Plaintiffs' state law class action under Rule 23 must

be dismissed.

Plaintiffs' Maryland state overtime class action claim under Rule 23 conflicts irreconcilably with federal law because it:  (1) is expressly preempted by the opt-in requirements in the FLSA and runs directly contrary to Congress' intent in enacting the Portal-to-Portal Act and the opt-in provision of 29 U.S.C. § 216(b); (2) fails the "superiority test" required to certify a class under Rule 23(b); and (3) this court does not have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over the state wage hour class action claims, and several other courts have already made this ruling.  In addition, Plaintiffs' state law claim under Rule 23 necessarily preempts a substantive right guaranteed by the federal Rules Enabling Act, 28 U.S.C. § 2072(b).

In light of the inherent conflict between the opt-in requirements of the FLSA and the opt-out requirements of Rule 23, the Plaintiffs' state class claim should be dismissed as a matter of law because there are no set of facts which, even if taken as true, would allow this Court to certify the state class.

**I.     Plaintiffs' Count II Class Action Claim Is Ripe for Dismissal Under Fed. R. Civ. P. 12(b)(6).**

> **A.     In order for Count II to survive a motion under Rule 12(b)(6), the Plaintiffs must allege some facts which, taken as true, would entitle them to relief.**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the District Court for the District of Columbia must assume the truth of the facts alleged in the complaint and may grant the motion only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A motion to dismiss "tests not whether the plaintiff will prevail on the merits, but whether the plaintiff has properly stated a claim." *Adams v. Hitt Contracting, Inc.,* 2005 WL 1903547, at *2 (D.D.C. July 11, 2005), *citing Chandamuri v. Georgetown Univ.,* 274 F. Supp. 2d 71, 76 (D.D.C. 2003).  A plaintiff need only

provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

**B.    This court may dismiss a Rule 23 class action claim at any stage of the case, even prior to the petition for certification stage.**

A court should dismiss a class claim as soon as it is clear that the plaintiff can prove no set of facts to meet the Rule 23 class requirements. *Henkin v. AT&T Corp.*, 80 F. Supp. 2d 1357, 1365 (N.D. Ga. 1999), *aff'd*, 268 F.3d (11th Cir. 2001). In *Henkin*, the court properly dismissed plaintiffs' proposed Rule 23 class action at 12(b)(6) stage because the class claims failed to state a cause of action. *Id.* Furthermore, the court does not have to wait until the class certification stage to dismiss a class action claim.

In *Glewwe v. Eastman Kodak Co.*, a court dismissed a plaintiff's state class wage hour claim prior to the class certification stage. 2006 WL 1455475, at * 4 (W.D.N.Y. May 25, 2006). *Glewwe v. Eastman Kodak Co.* serves to demonstrate that this court need not wait until the class certification stage to dismiss the state class claim. *Glewwe* presents procedural facts that are identical to the matter before this court. In *Glewwe*, the plaintiffs brought a collective action under the FLSA and also brought a state class action under the corresponding New York state wage hour statute. *Id.* at *1. The defendant moved to dismiss the state class claims brought under New York law. *Id.* In granting the defendant's Motion to Dismiss for reasons identical to those raised here in Defendants' Motion, the court noted that it may dismiss a state class claim based solely on the allegations in the complaint: "Although plaintiffs have not yet moved for class certification, courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. . . . In fact, Rule 23(c)(1) encourages courts to 'at an early practicable time determine by order whether to certify the action as a class action.'" (citations omitted). *Id.* at *2.

Like the court in *Glewwe v. Eastman Kodak*, the D.C. district court similarly dismisses or strikes class action allegations prior to the class certification stage.  In W*eiss v. Int'l Bhd. of Elec. Workers*, the D.C. district court struck a class action claim where the plaintiff failed to move for class certification within the time specified under the local rule.  729 F. Supp. 144, 148 (D.D.C. 1990).  In *Rones v. NAACP*, the court similarly struck plaintiffs' class action allegations for failure to timely move for class certification.  170 F.R.D. 80, 82 (D.D.C. 1997).

**C.**     **The case law is abundant in support of courts that have dismissed similar Rule 23 class claims at the 12(b)(6) stage.**

Courts may also use the 12(b)(6) phase to dismiss Rule 23 class claims similar to the one brought by Plaintiffs because they are irreconcilable with the opt-in rights under Section 216(b) of the FLSA.  The Middle District of Pennsylvania did so in *Otto v. Pocono Health Sys.*.  ___ F. Supp. 2d ___, 2006 WL 3059924, at *2 (M.D. Pa. October 27, 2006).  That court dismissed a state law overtime pay class claim pursuant to Fed. R. Civ. P. 12(b)(6) because allowing a 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim "would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement."  *Id.* at * 2.  The District of New Jersey also did so in *Himmelman v. Continental Cas. Co.*,  2006 WL 2347873, at *2-3 (D.N.J. August 11, 2006).  In *Himmelman*, the court dismissed a state law overtime pay class claim pursuant to F.R.C.P. 12(b)(6) because opt-in and opt-out schemes were "inherently incompatible."  *Id.*  at * 2-3.  And again in *Herring v. Hewitt Assocs.*, the District of New Jersey dismissed a state law overtime pay class claim similar to *Himmelman* case pursuant to Rule 12(b)(6) because the state class claim was "legally incompatible" with § 216(b) opt-in requirement.  2006 WL 2347875, at *2 (D.N.J. August 11, 2006).

This Court should follow this principle and dismiss Plaintiffs' state class action allegation for failure to state a claim because, even taking the allegations in the complaint as true, Plaintiffs' class claim inherently conflicts with the opt-in requirements under the FLSA, and Plaintiffs cannot meet the requirements for class certification under Rule 23.

## II. The Plaintiffs Can Prove No Set of Facts Under Which A State Class Can Be Certified or Maintained Under Rule 23.

Plaintiffs' Maryland state overtime class action claim under Rule 23 conflicts irreconcilably with federal law because: (1) the opt-in requirements under the FLSA protect other Plaintiffs' unasserted FLSA claims; (2) and opt-out classes run directly contrary to Congress' intent in enacting the Portal-to-Portal Act and the opt-in provision of 29 U.S.C. § 216(b); and (3) the FLSA expressly preempts opt-out class actions under Rule 23.

### A. The opt-in requirements under the FLSA are designed to protect plaintiffs and should be recognized by this Court.

1. The opt-in requirements under the FLSA protect the rights of plaintiffs who fail to opt out of concurrent state class claims.

To allow both an opt-in FLSA claim and an opt-out Rule 23 class action could prejudice potential plaintiffs who fail to opt in to the federal FLSA claim, but whose representative opt-out claims are decided against them on the merits. If an employee does not want to opt in to a collective action under the FLSA, that employee should still be allowed to preserve his or her overtime claims under the FLSA. A concurrent class action under Rule 23 would deprive an employee of this substantive FLSA right. If an employee does not opt out of a Rule 23 opt-out claim, then he or she is stuck with any adverse finding or ruling that the class obtains on his or her behalf. Courts must adhere to the Congressional mandate that plaintiffs specifically opt in under 216(b) so that their substantive rights are not adjudicated without their consent.

In amending the FLSA, Congress specifically intended to ensure that employees determine when and where their FLSA rights are adjudicated by requiring that they opt in to collective actions. *Hoffman-La Roch, Inc. v. Sperling,* 493 U.S. 165 (1989). The Court in *Sperling* held that the purpose of amending the FLSA in 1947 was to limit FLSA plaintiffs to only employees who asserted claims in their own right, *i.e.*, opted-in, and freeing employers of the burden of representative actions. *Sperling*, 493 U.S. at 173.

Allowing the Plaintiffs to proceed with a Rule 23 class action would have a potentially unjust result for class members. Any class member who fails to opt in under 216(b), yet also fails to opt out of the state claim, will have their FLSA rights adjudicated, possibly against their favor, and could very well be subject to *res judicata* on any potential future FLSA claims. For example, in *Chao v. A-One Med. Servs., Inc.*, the Secretary of Labor brought suit under the FLSA on behalf of employees to recover unpaid overtime wages from their former employer, A-One Medical Services. 346 F.3d 908, 911 (9th Cir. 2003). However, one former employee of A-One that was included in the Secretary's collective action had previously filed an unsuccessful state claim against A-One for unpaid overtime. A-One argued that the state court judgment precluded the Secretary of Labor from recovering overtime wages on behalf of that employee. *Id.* at 920-921. The court held that the Secretary of Labor could not recover on behalf of that employee because his federal FLSA claim was barred by the doctrine of *res judicata* because the federal FLSA claim was based on the same operative facts as the previously litigated state wage hour claim for overtime pay. *Id.* at 922-923.

In the instant case, the Maryland state class in Count II of Plaintiffs' complaint presents a setting that is no different than *Chao v. A-One Med. Servs.* Proceeding with the state class claim in this action would determine the federal FLSA rights of every potential plaintiff who does not

opt out of this case.  The Complaint does not allege any operative facts that would make the federal FLSA claim or the Maryland state claim any different.  Therefore, any judgment on the merits of the state claim would preclude any plaintiff who failed to opt out of that claim (even unknowingly) from ever raising federal FLSA claims at a later date.  This outcome is exactly what Congress sought to avoid in creating the opt-in requirements in the FLSA.

This court recently recognized the inherent danger in allowing a Rule 23 class action claim to proceed concurrently with a federal FLSA collection action.  *Chase v. Aimco Props., L.P.*, 374 F. Supp. 2d 196, 202 (D.D.C. 2005)(J. Roberston).  In *Chase*, nine named individuals employed by AIMCO as maintenance technicians brought a collective action under the FLSA, and sought to certify corresponding state classes under Rule 23 pursuant to the Maryland and California state wage hour laws.  The Plaintiffs sought to certify the federal collective action class and the state class action classes.  While the court conditionally certified the collective action brought under the FLSA, it denied the plaintiffs' motion to certify the state law class actions because, in part, a judgment in the state law class action may operate to preclude a plaintiff who fails to opt out of the state claim from ever asserting his or her federal FLSA rights in court.  *Id.*

In his decision, Judge Robertson expressed that he would be disinclined to exercise supplemental jurisdiction over Maryland and California state class claims because it may bar future federal claims:

> Allowing plaintiffs to proceed with a state-law class action here would confound Congress' design for the collective action and inject unacceptable complexities into the management of the case.  An AIMCO service technician with notice of her right to opt in to the FLSA claim and to opt out of the state class action might reasonably decide not to respond to the notice – but then she would be a party in the class action and not a party in the collective action.  A judgment in the class action might operate to preclude her from pursuing an FLSA claim on her own, a

result plainly at odds with Congress's intent to allow workers to preserve FLSA claims by declining to opt in.

*Chase*, 374 F. Supp. 2d at 202.  Just as Judge Robertson indicated, this Court has an obligation to protect the unasserted FLSA rights of plaintiffs by dismissing the state Rule 23 class claim.

> 2.    <u>The 216(b) collective action mechanism under the FLSA is designed to protect a greater number of potential plaintiffs for the simple reason that there will be far more employees in an opt-out class than employees who affirmatively opt in.</u>

Furthermore, the 216(b) collective action mechanism under the FLSA is designed to protect a greater number of potential plaintiffs for the simple reason that there will be far more employees in an opt-out class than employees who affirmatively opt in.  This means that the substantive FLSA rights of a greater number of potential employees could be adjudicated without their even realizing it.

For example, in *De Asencio v. Tyson Foods, Inc.*, current and former Tyson Foods employees brought an action identical to this one alleging that Tyson Foods violated the overtime provisions of the FLSA and the corresponding Pennsylvania wage hour law.  342 F.3d 301, 304 (3rd Cir. 2003).  In holding that the district court improperly certified the state class because it should not have exercised supplemental jurisdiction over the state class claim, the Third Circuit noted the huge disparity in the numbers of plaintiffs who opt in to a claim, as opposed to those to fail to opt out.  In that case, 447 employees opted in to the federal claim, while approximately 4,100 potential plaintiffs failed to opt out.  *Id.* at 310.  This disparity weighed heavily upon the court's determination that the district court should not have exercised jurisdiction over the state class wage hour claim:  "Generally, the distinction between opt-in and opt-out classes in crucial.  Under most circumstances, the opt-out class will be greater in number, perhaps even exponentially greater. . . . The aggregation of claims, particularly as class actions, profoundly affects the substantive rights of the parties to the litigation."  *Id.*  The *De Asencio*

court also noted that this disparity has the practical effect of creating a situation in which a "federal tail [wags] what is in substance a state dog." *Id.*

This case is no different than *De Asencio v. Tyson Foods, Inc.* The practical reality is that fewer plaintiffs will take the time to affirmatively opt in to a collective action claim. Most potential employees will not respond at all. In *Muecke v. A-Reliable Auto Parts and Wreckers*, the Northern District of Illinois held likewise. 2002 WL 1359411, at *2, n. 2 (N.D. Ill. June 21, 2002). That court observed that "few if any persons who receive notice of a class action opt out; though one could argue that this is because the vast majority of notice recipients make an affirmative decision to stay in the case, it is just as likely that the tiny number of opt-outs occurs because recipients ignore the notice (believing it to be 'junk mail') or once seeing it, do not bother to read it." *Id.* at *2, n. 2. In *Leuthold v. Destination America, Inc.*, the court declined to certify a Rule 23 class along with a collective action, noting that it was likely that only a few plaintiffs would opt in to the federal collective action, and that the court would then be faced with a peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims. 224 F.R.D. 462, 464 (N.D. Ca. 2004).

This result is undesirable for the potential plaintiffs who will be shut out of court in the future without realizing that their rights have been adjudicated on their behalf. This court should dismiss the state class action claim under Rule 23 because it will have a large impact on the great number of plaintiffs who are unlikely to affirmatively assert their rights.

3. The FLSA opt-in requirements eliminate confusion among potential plaintiffs by preempting the ability to bring concurrent opt-in and opt-out claims.

As a practical matter, the opt-in mechanism is also designed to eliminate confusion that is likely to fall upon plaintiffs forced to choose whether to opt in and/or opt out of any claims. *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, 2002 WL 31819226, at *2 (N.D. Ill. December 16,

2002).  In *De La Fuente*, a group of plaintiffs brought a suit against their former employer alleging violations of the FLSA for unpaid overtime wages and violations of the corresponding Illinois state wage hour law.  2002 WL at *1.  The Plaintiffs moved to certify both classes, and the defendants objected to certifying the state law class claims.  *Id.*  The court refused to certify the Rule 23 state class because it was concerned about the ability to fashion a notice that asked recipients to elect whether to opt in to the collective action and also to opt out of the class action in a manner that would not confuse the potential class members.

The facts in the instant case are similar to those in *De La Fuente* because the Plaintiffs will have to receive two notices: (1) one directing them to opt in to the FLSA claim; and (2) one directing them to opt out of a state law class claim.  It is easy for a potential plaintiff to be confused or misled.  A potential plaintiff, perhaps confused by the notice, might do nothing at all since that would be the instruction for staying in an opt-out class.  As discussed above, doing nothing at all would have the effect of including the plaintiff in the state claim, and thus precluding that potential employee from ever asserting their federal FLSA rights in the future.  This is a result that is plainly at odds with the requirements contained in § 216(b) of the FLSA that a party to a collective action must expressly opt in to the action.

Other courts have also noted the inherent risk in confusing plaintiffs with two notices.  *Thiebes v. Wal-Mart Stores, Inc.*,  2002 WL 479840, at * 2-3 (D. Or. Jan. 9, 2002).  In *Thiebes*, the court refused to certify Rule 23 class because class action was not the superior method for resolving numerous state law claims and noting that it would be difficult to fashion an effective notice that would explain members' opportunity to opt in to the FLSA action and opt out of a state class claim.  *Id.* at * 2-3.  In *Robinson v. Sizes Unlimited*, the court refused to allow a state

12

class action because of the potential confusion between opt-in and opt-out notices.  685 F. Supp. 442, 446 (D.N.J. 1988).

This problem is not solved by sending two notices.  This could merely confuse plaintiffs into thinking that the second notice is duplicative of the first, or treating the second notice as "junk mail."  Defendants argue that it is even more likely that potential plaintiffs will not read a second notice because they will regard the second notice as duplicative of the first, and will thus either fail to read it, or throw it away.

This Court must not allow the Plaintiffs in this claim to usurp Congress' clear mandate that claims be limited to the opt-in collective actions embodied in § 216(b) of the FLSA because Congress intended for the collective action to protect plaintiffs' rights and eliminate confusion among potential plaintiffs.

**B.    Congress specifically intended to prohibit the use of Rule 23 class actions in wage hour claims.**

1.    <u>Congress amended the FLSA in 1947 to specifically require that plaintiffs opt in to claims brought under 29 U.S.C. § 216(b).</u>

Congress amended the FLSA in 1947 to create a substantive opt-in requirement under § 216(b) of the FLSA.

Prior to Congress' enacting the Portal-to-Portal Act, the FLSA contained no written consent requirement and permitted an action "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, *or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situation.*"  Fair Labor Standards Act of 1938, Pub. L. No. 75-718, 52 Stat. 1060, 1069 (1938)(emphasis added).

The opt-in requirement was added through the Portal-to-Portal Act of 1947.  Portal-to-Portal Act of 1947, Pub. L. No. 80-49, § 5(a), 61 Stat. 87 (1947).  The Portal-to-Portal Act

removed the italicized language cited above, and added 29 U.S.C. § 216(b)'s written consent provision as a limitation on an employee's ability to sue on behalf of other similarly situated employees.  Portal-to-Portal Act of 1947, Pub. L. No. 80-49, § 5(a), 61 Stat. 87 (1947).  Thus, the amendments prohibited representative actions under the FLSA.

The Chairman of the Senate Judiciary Committee commented on the intent behind Congress' amending the FLSA to contain the opt-in requirement:  "[I]t is certainly unwholesome to allow an individual to come into court alleging that he is suing on behalf of 10,000 persons and actually not have a solitary person behind him, and then later on have 10,000 men join in the suit, which was not brought in good faith, was not brought by a party in interest, and was not brought with the actual consent or agency of the individuals for whom an ostensible plaintiff filed suit."  93 Cong. Rec. 2182 (1947)(statement of Sen. Donnell).

In amending the FLSA to contain an opt-in requirement, Congress intended for an employee's FLSA claims to be litigated as part of a collective action only with his or her express written consent.  This served to protect the interests of both the employee and the employer.

Even the drafters of Rule 23 recognized the inherent conflict between Rule 23 and § 216(b), and specified in their committee notes that Rule 23 must give way to the substantive requirements of § 216(b).  *See* Fed. R. Civ. P. 23 Adv. Comm. Notes.  The drafters stated that "the present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23 as amended."  *Id.*  This seems to be a very clear authority for the proposition that a Rule 23 class can not append to an FLSA collective action.

By purporting to bring their Maryland state law claims as an opt-out action under Rule 23, Plaintiffs are attempting to sidestep this clear Congressional mandate.  Congress expressly

intended that the opt-in collective action procedure of § 216(b) be the exclusive method for litigating overtime claims because it protects plaintiffs' substantive rights under the FLSA. The opt-in mechanism is designed to eliminate the risk that individuals who choose not to opt in do not have their rights under the FLSA adjudicated *in absentia*. Allowing the Plaintiffs to proceed with their Maryland claims will present such risks because adjudication of the Plaintiffs' class action claim for overtime will necessarily determine the FLSA rights of absent collective action members who failed to opt in or opt out.

2.     Courts have consistently recognized that in amending the FLSA to contain an opt-in requirement, Congress expressly preempted the opt-out claims under Rule 23.

Because of the express intent of Congress to create a substantive opt-in right under § 216(b) of the FLSA, courts have consistently recognized that the opt-in requirement must be given superior effect to Rule 23 opt-out class actions, and have consistently dismissed plaintiffs' class claims brought under state wage-hour laws through Rule 23. *Otto v. Pocono Health System*, ___ F. Supp. ___, 2006 WL 3059924, at *2 (M.D.Pa. October 27, 2006). In *Otto*, the court held that to allow a Section 216(b) opt-in action to proceed together with a Rule 23 opt-out state law class action claim "would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement." *Id.*

In *Otto*, the plaintiffs filed a collective action alleging violations of the FLSA and a state class action alleging violations of the corresponding Pennsylvania overtime laws. *Id.* at *1. The Plaintiffs alleged that the same pay practices violated both the FLSA and the state overtime law. *Id.* Thus, under circumstances identical to those in the instant case, the *Otto* court held that a Rule 23 opt-out class action and a Section 216(b) opt-in collective action were "inherently incompatible," and dismissed the state class claim. *Id.* at *2, *citing Herring v. Hewitt Assocs.*, 2006 WL 2347875, at *5 (D.N.J. August 11, 2006).

Other courts have rejected similar claims at the class certification stage because Congress intended to preclude plaintiffs from bringing a concurrent class claim under Rule 23.  In *Moeck v. Gray Supply Corp.*, plaintiffs brought a collective action under the FLSA for unpaid overtime wages, and a state class action under Rule 23 and the corresponding New Jersey state wage hour law.  The *Moeck* court rejected plaintiffs' motion to certify the New Jersey state law overtime class under Rule 23 because "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions."  *Moeck v. Gray Supply Corp.*, 2006 WL 42368, at *15 (D.N.J. January 6, 2006)(citations omitted).  Because the *Moeck* plaintiffs' state overtime claims were premised on the same facts as their FLSA claims, allowing them to "circumvent the opt-in requirement and bring unnamed parties into the federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to opt-in collective actions. *Id.* at *15-16.

The Plaintiffs' state class action claim would have the effect of circumventing the opt-in requirement imposed by Congress in the exact same manner.  Based on the Complaint, there are no factual distinctions between the facts and circumstances surrounding the FLSA collective action and the Maryland class claim.   Thus, the state class claim is expressly preempted by Congress' actions in amending the FLSA to include the opt-in requirement in Section 216(b).

Based on these and other decisions, it is clear that this court should adhere to the clear intent of Congress in amending the opt-in requirement under the FLSA.  *Prickett v. Dekalb County*, 349 F.3d 1294, 1296-1297 (11th Cir. 2003).  In *Prickett*, the court held that it was "bound by the intent of Congress, as expressed in [216(b)]. . . .").  *Id.*  In *McClain v. Leona's Pizzeria, Inc.*, the court refused to certify a Rule 23 class because Congress created the opt-in

procedure "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own rights and freeing employers from the burden of representative actions." 222 F.R.D. 574, 577 (N.D. Ill. 2004), *quoting Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). In *Rodriguez v. The Texan, Inc.*, the court stated its serious reservations, *sua sponte*, about certifying Rule 23 classes at the same time as FLSA collective action because certifying a Rule 23 class based on state wage and hour claims thwarts the congressional policies underlying the FLSA. 2001 WL 1829490, at *1-2 (N.D. Ill. March 7, 2001).

C.      **Plaintiffs' state class claim is expressly preempted by the opt-in requirements of § 216(b) of the FLSA because they are inherently inconsistent.**

In addition to the extensive jurisprudence dismissing state wage hour class actions because they are inconsistent with Congressional intent, there are a multitude of cases which dismiss such claims because they are flatly inconsistent with § 216(b) of the FLSA.

1.      A plaintiff must affirmatively opt in to a collective action under § 216(b) of the FLSA.

Under § 216(b) of the FLSA, a plaintiff must opt in to participate in a collective action. 29 U.S.C. § 216(b). Section 216(b) states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and consent is filed in the court in which such action is brought." Based on this clear statutory language, it is well-settled that plaintiffs must affirmatively opt in to participate in a collective action under Section 216(b) of the FLSA. *Thompson v. Sawyer*, 678 F.2d 257, 269 (D.C. Cir. 1982); *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 427 (W.D. Pa. 2001).

2.     The opt-in requirement under the FLSA is inherently inconsistent with the opt-out requirements under Rule 23.

Because of the clear opt-in requirement in the FLSA, Rule 23 class actions do not apply to statutes governed by § 216(b).  *Held v. Nat'l R.R. Passenger Corp.*, 101 F.R.D. 420, 421 (D.D.C. 1984).  In *Held*, plaintiffs attempted to maintain a Rule 23 class action in enforcing their rights under the Age Discrimination in Employment Act ("ADEA").  The ADEA incorporates the opt-in provisions for collective actions by expressly incorporating § 216(b) of the FLSA.  *Id.* at 421.  The D.C. district court therefore held that the class action procedures of Rule 23 are inapplicable in age discrimination claims because 29 U.S.C. § 216(b) governs all age discrimination suits, and that all persons who wish to become party plaintiffs must therefore affirmatively "opt-into" the class.  *Id.* at 421.  As was the case in *Held*,  the class action provisions of Rule 23 do not apply to the federal FLSA claim in Plaintiffs' complaint.

Other courts recognize that plaintiffs may not bring a collective action under § 216(b) and a Rule 23 class action for unpaid overtime wages under the state wage hour law because the two actions are "inherently incompatible."  *Himmelman v. Continental Cas. Co.*, 2006 WL 2347873, at *5 (D.N.J. August 11, 2006), *citing Robinson v. Sizes Unlimited*, 685 F. Supp. 442, 445 n.7 (D.N.J. 1988)(citations omitted).  The *Himmelman* court noted the "fundamental, irreconcilable difference between" opt-out and opt-in schemes.  *Id.* at *5.

In *Himmelman*, a group of plaintiffs brought a collective action claim for unpaid overtime wages under the federal FLSA, and a class action claim for unpaid overtime under the corresponding New Jersey wage hour law.  2006 WL 2347873, at *2.  The defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the federal opt-in claim was inherently inconsistent with the state opt-out claim, and therefore should be dismissed.  The Court struck the plaintiffs' class action allegations because Congress intended to limit these

types of claims to collective actions, and because the two claims are "mutually exclusive and irreconcilable." *Id.*; *citing LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975). In *McGrath v. Phila.*, a court similarly noted that a collective action was not filed as a traditional class action because "§ 216(b)'s 'opt-in' requirement is inconsistent with a Rule 23 class action, which requires potential plaintiffs to opt out of the suit in order to avoid being bound by the judgment." 1994 WL 45162, at *2 (E.D. Pa. Feb. 10, 1994).

Other courts, when faced with plaintiffs who bring collective action wage hour claims under § 216(b) of the FLSA, and class action claims under Rule 23 and corresponding state wage hour laws, have also reached this conclusion.

Plaintiffs in the instant case are far from the first to attempt to circumvent the substantive opt-in requirements of § 216(b) by filing corresponding state wage hour claims under Rule 23. There has been an explosion of such cases in recent years, and courts dismiss the state claims because they are inconsistent with the § 216(b) opt-in requirements in the FLSA. Indeed, we identified at least <u>nine</u> similar decisions in 2006 alone in which courts have dismissed state overtime class claims because of incompatibility concerns. *See Otto*, 2006 WL, at *2; *Himmelman,* 2006 WL, at *2; *Herring*, 2006 WL, at *2; *Aquilino v. Home Depot U.S.A., Inc.*, 2006 WL 2023539, at *3 (D.N.J. July 18, 2006); *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 57-58 (D. Mass. 2006); *Glewwe v. Eastman Kodak Co.*, 2006 WL 1455476, at *4 (W.D.N.Y. May 25, 2006); *Letouzel v. Eastman Kodak Co.*, 2006 WL 1455478, at *4 (W.D.N.Y. May 25, 2006); *Luciano v. Eastman Kodak Co.*, 2006 WL 1455477, *5 (W.D.N.Y. May 25, 2006); *Moeck v. Gray Supply Corp.*, 2006 WL 42368, at *5 (D.N.J. January 6, 2006).

Based on this abundance of recent case law, it is clear that the state class claim in Count II of Plaintiffs' complaint should be dismissed because it is in direct conflict with the collective

19

action provisions of the FLSA.  Count II of Plaintiffs' complaint is factually indistinguishable

from the complaints filed in the cases cited above.  This court must adhere to Congress' intent in

enacting the opt-in provisions of the FLSA, and dismiss Plaintiffs' state class action claim with

prejudice.

**III.    Based On The facts Alleged in The Complaint, The Plaintiffs' State Class Claim May Not Be Certified Because It Fails The "Superiority Test" Under Rule 23(b).**

The Plaintiffs' claims will have to satisfy the "superiority test" under Rule 23(b)(3)

before this Court can certify the class.  Plaintiffs have not yet sought class certification under §

216(b) or Rule 23.  However, if the state class claim under Rule 23 ever proceeds to such a class

certification stage, Defendants reserve the right to assert arguments beyond those contained in

this discussion of the requirements of Rule 23(b)(3).  However, Defendants now move to dismiss

the state class claims pursuant to Rule 12(b)(6) because it is clear that the Plaintiffs can prove no

set of facts that would entitle them to maintain a state claim as a Rule 23 class.

**A.    The Plaintiffs must satisfy one the requirements set forth in Rule 23(b) in order to maintain a state class claim.**

Plaintiffs' ability to maintain a class claim is not limited to the "superiority" test under

Rule 23(b)(3).  In order to maintain a claim under the state overtime law, Plaintiffs will have to

meet all of the prerequisites of Rule 23(a), <u>and</u> meet at least one of the requirements embodied in

Rule 23(b)(1)-(3).

Under Rule 23(a), one or more plaintiffs may sue on behalf of a class only if (1) the class

is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact

common to the class, (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class, and (4) the representative parties will fairly and adequately

protect the interests of the class.  Fed. R. Civ. P. 23(a).

Under Rule 23(b), Plaintiffs must meet all of the requirements in Rule 23(a), *and* be able to demonstrate that at least one of the following requirements is met:  (1) the prosecution of separate actions would (A) create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class, or (B) the adjudication of one member's claim would be dispositive of other members' claims or substantially impair or impede their ability to protect their own interests; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the entire class, thereby making injunctive or declarative relief appropriate for the class as a whole; or (3) the court finds that questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that the class action is superior to other available methods for fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(1)-(3).

**B.**     **It is clear from the complaint that the Plaintiffs cannot meet any of the requirements of Rule 23(b).**

In Plaintiffs' complaint, they have alleged that the Maryland claims are maintainable pursuant to Rule 23(b)(1)-(3).  (Complaint ¶ 38.)  However, Plaintiffs are clearly unable to bring a class claim under Rule 23(b)(1) and Rule 23(b)(2).

1.     <u>Plaintiffs are unable to maintain a class claim under Rule 23(b)(1) because the state class claim would impede other plaintiffs' ability to bring wage hour claims in the future.</u>

Plaintiffs are unable to maintain a claim under Rule 23(b)(1) because it requires that a class claim not impair or impede other individuals' ability to protect their own interests.  In this case, maintaining a state class claim would clearly impair the interests of those individuals who did not "opt in" to the FLSA claim.  *See, e.g., Chao v. A-One Med. Servs., Inc.* 346 F.3d 908, 911 (9th Cir. 2003).  In *Chao*, the court held that the plaintiff's federal FLSA claim was barred by the doctrine of *res judicata* because the federal FLSA claim was based on the same operative facts as

a previously litigated state wage hour claim for overtime pay. *Id.* Similarly, in *Chase v. Aimco Props. L.P.*, this court noted that a judgment in the state law class action may operate to preclude a plaintiff who fails to opt out of the state claim from ever asserting his or her federal FLSA rights in court. *Chase v. Aimco Props. L.P.,* 374 F. Supp. 2d at 202.

This is especially true because Rule 23(b)(1) is a mandatory class claim. That is, "opting out" is not an option in Rule 23(b)(1) class action claims. The opt-out requirements contained in Rule 23(c) only apply to classes certified pursuant to Rule (b)(3). Fed. R. Civ. P. 23(c)(2)(B). That rule states that for any class certified under 23(b)(3), the court must direct to class members the best notice practicable that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded. *Id.*

Therefore, any Plaintiff that falls within the defined class would have his or her FLSA rights adjudicated without so much as an opportunity to opt out. This clearly contradicts the intent of Congress that plaintiffs be entitled to affirmatively exercise their own rights under the FLSA. In the instant case, given the holding in *Chao*, certifying the class claim in Count II of Plaintiffs' complaint would clearly impede a plaintiff's ability to bring an FLSA action in the future because it could subject them to the doctrine of *res judicata* on a future federal claim. *Chao*, 346 F.3d at 911. Therefore, the Plaintiffs may not maintain a class claim under Rule 23(b)(1).

> 2.     <u>Plaintiffs are unable to maintain a class claim under Rule 23(b)(2) because they seek monetary damages.</u>

Classes certified under Rule 23(b)(2) are also mandatory class actions. That is, they are not "opt-out" classes. As such, they are also limited to injunctive and declaratory relief. Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) states that the party opposing the class must have acted on grounds generally applicable to the class, thereby making appropriate final injunctive or

declaratory relief with respect to the class a whole.  *Id.*  A Rule 23(b)(2) class is not viable in this

case because Plaintiffs request monetary damages.  (Amended Complaint ¶¶ 69, 77.)

Furthermore, courts are traditionally reluctant to certify classes under Rule 23(b)(1) and Rule

23(b)(2) where plaintiffs seek monetary damages because they are mandatory class actions (*i.e.*,

"opt-out" is not an option) and due process problems arise with regard to personal jurisdiction

over non-consenting plaintiffs outside the jurisdiction of the court.  *Waldron v. Raymark Indus.*,

124 F.R.D. 235, 238 (N.D. Ga. 1989).  In *Waldron v. Raymark Indus.*, an asbestos manufacturer

sought to certify a mandatory class action under Rule 23(b)(1) to consolidate all present and

future asbestos-related personal injury actions.  124 F.R.D. at 236-237.  The court recognized

that it would not be able to exercise personal jurisdiction over plaintiffs who did not have

minimum contacts within its jurisdiction.  *Id.* at 238.  The court stated that "since lack of

personal jurisdiction can be waived, in the typical class action, which allows plaintiffs to opt out,

those plaintiffs who do not opt out have, in effect, waived the court's lack of personal

jurisdiction over them.  However, in a mandatory class action, where plaintiffs are not permitted

to opt out, no such waiver is present."  *Id.*

        Other courts have held the same.  In *Brown v. Ticor Title Ins. Co.*, the court held that

minimal due process requires that an absent plaintiff be provided with an opportunity to remove

himself from the class by executing and returning an opt-out from the court if monetary claims

are involved.  982 F.2d 386, 392 (9th Cir. 1992), *cert. dismissed*, 511 U.S. 117 (1994)(citations

omitted).

        Because Plaintiffs cannot proceed under Rule 23(b)(1) and Rule 23(b)(2), Defendants

focus their argument in this section on whether Plaintiffs can certify a class under Rule 23(b)(3)

in light of the "superiority test."  However, in the unlikely event that the state class claim

advances, Defendants reserve the right to fully argue all of the Rule 23 requirements at any eventual class certification stage.

    **C.**    **Plaintiffs are unable to maintain a class claim under Rule 23(b)(3) because it is not superior to the collective action claim designated by Congress for litigating wage hour claims.**

Under Rule 23(b)(3), the Plaintiffs must show that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  In *Does I through III v. District of Columbia*, this court declined to certify a putative class for purposes of adjudicating damages claims for failure to satisfy Rule 23(b)(3) superiority requirements.  2006 WL 2864483, at *5 (D.D.C. 2006).  In *Walsh v. Ford Motor Co.*, this court also refused to certify a class under Rule 23(b)(3) and held that "[a]lternative judicial avenues offer a superior method of resolving the substance of plaintiffs' [defective manufacture] claims and providing appropriate relief.."  130 F.R.D. 260, 277 (D.D.C. 1990).  This Court should not certify a class pursuant to Rule 23(b)(3) because Section 216(b) of the FLSA is the superior method to Rule 23 classes of resolving these Plaintiffs' claims.

    1.    <u>The collective action provided by Congress under § 216(b) of the FLSA is a superior method for adjudicating the Plaintiffs' claims.</u>

A class action under Rule 23(b)(3) is not the superior method to adjudicate Plaintiffs' claims because Congress has specifically set forth a superior method for adjudicating the claims under 216(b) of the FLSA.  Since allowing Plaintiffs to proceed with their Maryland class claims would thwart the public policy of the FLSA, as discussed more fully, *supra*, the collective action mechanism is clearly the superior method.

In *Leuthold v. Destination America, Inc.*, a court refused to certify a state class because the opt-in/opt-out consideration undermines two of the superiority factors under Rule 23(b)(3). 224 F.R.D. at 470.  The court stated that "[m]aintaining the suit exclusively as a FLSA

conditional class is superior to certifying an additional state law class under Rule 23(b)(3)."  *Id.* In *Muecke v. A-Reliable Auto Parts and Wreckers*, the court denied Rule 23 certification because a Rule 23 class action is not a superior means of resolving state wage hour claims that arise in conjunction with FLSA claims.  2002 WL 1359411, at *2 (N.D. Ill. June 21, 2002).

As noted earlier, the court in *Moeck v. Gray Supply Corp.* refused to certify a state overtime class under Rule 23 because "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions."  *Moeck*, 2006 WL at *15.  Because the *Moeck* plaintiffs' state overtime claims were premised on the same facts as their FLSA claims, allowing them to "circumvent the opt-in requirement and bring unnamed parties into the federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to opt-in collective actions."  *Id.* at *15-16.

> 2.    The state class action is not a superior method because it creates confusion among potential plaintiffs.

Several other courts have elaborated on the confusion that is likely to arise in trying to fashion a notice that conveys the opportunity to opt in and opt out.  This potential for confusion makes the collection action a superior method for adjudicating a wage hour claim.

In *Thiebes v. Wal-Mart Stores, Inc.*, the court refused to certify a Rule 23 class because a Rule 23 class action was not a superior method for resolving numerous state law claims and because it would be difficult to fashion an effective notice that would explain members' opportunity to opt in to the FLSA action and opt out of a state class claim.  2002 WL 479840, at * 2-3 (D. Or. Jan. 9, 2002).  In *De la Fuente v. FPM, Inc.*, the court recognized the inherently difficult task to adequately inform the recipient of his

[opt-in/opt-out] choices in a manner that was not confusing.  2002 WL 31819226, at *2

(N.D. Ill. December 16, 2002).  Other courts have also recognized the potential for

confusion in sending out opt-in and opt-out notices.  *Robinson v. Sizes Unlimited*, 685 F.

Supp. 442, 446 (D.N.J. 1988).

 In *Leuthold v. Destination America, Inc.*, a group of plaintiffs brought a collective action

claim for unpaid overtime wages under the FLSA, and a class action for unpaid overtime under

the corresponding California state law.  224 F.R.D. 462, 464 (N.D. Cal. 2004).  The plaintiffs

filed a motion to certify the federal collective action under section 216(b) of the FLSA, and the

state class action pursuant to Rule 23(b)(3).  *Id.*  The court declined to certify the class pursuant

to Rule 23(b)(3) because, in part, it would be confusing to ask potential plaintiffs both to opt in

and to opt out of the claims to the suit.  *Id.* at 470.  Ultimately, the court determined that

maintaining the suit "exclusively as a FLSA conditional class action is superior to certifying an

additional state law class under Rule 23(b)(3)."  *Id.*

 Given that the facts in *Leuthold v. Destination America, Inc.* are almost identical to those

in this claim, this court would likely face the same scenario if it certifies the Rule 23(b) state

claim.  Congress has provided a superior method for adjudicating class claims through § 216(b)

because the proceeding with only a collective action will not create inevitable confusion among

plaintiffs.

 As we summarized, *supra*, it is just as confusing to send two separate notices.  In *Muecke*

*v. A-Reliable Auto Parts and Wreckers*, the court refused to certify a state class because it was

not superior to other available methods of trying the case under Rule 23(b)(3), and illustrated the

inherent problem with sending two separate notices:  "In the Court's experience, few if any

persons who receive notice of a class action opt out; though one could argue that this is because

the vast majority of notice recipients make an affirmative decision to stay in the case, it is just as likely that the tiny number of opt-outs occurs because recipients ignore the notice (believing it to be 'junk mail') or once seeing it, do not bother to read it."  2002 WL 1359411, at *2, n. 2 (N.D. Ill. June 21, 2002).

Because the notices associated with a collection action and a Rule 23 class action are likely to create confusion, this Court cannot certify the Maryland state claim class under Rule 23(b)(3).  The § 216(b) collective action opt-in requirement was intended by Congress to alleviate the confusion and impracticality associated with bringing an opt-in and opt-out claim in the same action.  The state class claim should be dismissed because the § 216(b) is a superior method of adjudicating the wage hour claims.

## IV.    This Court Does Not Have Supplemental Jurisdiction Over Employees Who Do Not Specifically "Opt In" to the Federal FLSA Claim.

Plaintiffs allege in their Amended Complaint that the Court has jurisdiction over the state class claim pursuant to 29 U.S.C. § 1292(b).  (Amended Complaint ¶ 13.)  Defendants are unable to locate any such statute.

This court has jurisdiction over the Rule 23 state class claim in Count II under one of three methods:  (1) the class claim presents a federal question (28 U.S.C. § 1331); (2) the class claim provides the court with diversity jurisdiction (28 U.S.C. § 1332); or (3) the class claim provides the court with supplemental jurisdiction (28 U.S.C. § 1367).  Defendants explain below why this Court does not have jurisdiction over the Maryland wage hour class claim under any of the three possible methods for establishing jurisdiction.

### A.    Plaintiffs' state claim does not present a federal question that would warrant jurisdiction under 28 U.S.C. § 1331.

Plaintiffs' state claim does not present a federal question that would warrant jurisdiction under 28 U.S.C. § 1331.  Under 28 U.S.C. § 1331, a district court has original jurisdiction over

27

all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  While the Plaintiffs' federal collective action arises under a federal statute, 29 U.S.C. § 201 *et seq.*, the state class action claim arises under a state law, Md. Code Ann., Labor and Empl. § 3-415 (2006).  The Maryland wage hour law was enacted by the Maryland state legislature, and is not a federal law over which this court has original jurisdiction pursuant to 29 U.S.C. § 1331.

**B.    Plaintiffs have not alleged damages that would meet the $5 million requirement to obtain diversity jurisdiction under 28 U.S.C. § 1332.**

Plaintiffs have not alleged that damages would be anywhere near the $5 million requirement for class diversity jurisdiction under 28 U.S.C. § 1332.   Under 28 U.S.C. § 1332(d)(2), district courts have original jurisdiction over any civil action in which the matter in controversy *exceeds the sum or value of $5,000,000, exclusive of interest and costs,* and is a class action in which (A) any member of a class of plaintiffs is a citizen of a state different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or (C) any member of a class of plaintiffs is a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2)(emphasis added).

Simply put, the Plaintiffs have not alleged in their complaint that Defendants owe anything near $5,000,000, so even taking the allegations in the complaint as true, there is no way this Court has original jurisdiction over the Count II of the complaint under 28 U.S.C. § 1332. Thus, Plaintiffs will have to rely on this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**C.    This Court should not exercise supplemental jurisdiction over the Plaintiffs' state class claim under 28 U.S.C. § 1367.**

Subject to exceptions provided in 28 U.S.C. § 1367(b)-(c), or unless expressly provided otherwise by federal statute, federal courts shall exercise supplemental jurisdiction under 28

U.S.C. § 1367(a) where all other claims are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United

States.  28 U.S.C. § 1367(a).  In addition to the exception in subsection 1367(b), which applies to

diversity jurisdiction (and is not at issue in this case because the Plaintiffs have not alleged

sufficient damages), a court can decline to assert supplemental jurisdiction over a pendent claim

only if one of the four categories specifically enumerated in 28 U.S.C. § 1367(c) apply.

Under 28 U.S.C. § 1367(c), a court can – and should – decline to exercise supplemental

jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim

substantially predominates over the claim or claims over which the district court has original

jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction;

or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In *Aquilino v. Home Depot U.S.A., Inc.*, the court declining to exercise

jurisdiction over a state class overtime claim pursuant to 28 U.S.C. § 1367(c), and stated that

"Congress recognized that there were instances where asserting such jurisdiction would be

imprudent."  2006 WL 2023539, at *2 (D.N.J. July 18, 2006).

1.    The court does not have supplemental jurisdiction over the state Rule 23 claim because of inherent differences in the federal FLSA and corresponding Maryland claims.

District courts may decline to exercise supplemental jurisdiction over claims that raise

novel or complex issues of state law.  28 U.S.C. § 1367(c)(1).  In the *AIMCO* case, Judge

Robertson recognized that the differences between Maryland law and the FLSA made him

disinclined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).  *Chase v.*

*AIMCO Props.*, *L.P.*, 374 F. Supp. 2d. at 202.  The court noted that it would be disinclined to

exercise supplemental jurisdiction over the Rule 23 claims because of the differences in state and

federal law:  "The trial of a case involving both FLSA law and the wage and hour laws of

California and Maryland, moreover, would presumably emphasize the claims of the California and Maryland plaintiffs who would be asserting that AIMCO's [policy], though perhaps lawful (in theory) under FLSA, operates unlawfully as a matter of state law."  374 F. Supp. 2d. at 202.

In this instant case, the Plaintiffs' Complaint is similar to the complaint in *AIMCO* because they have alleged violations of Maryland wage hour law in addition to violations of the FLSA.  The same differences in the state laws that weighed in Judge Robertson's decisions are likely to apply to this case as well.  Other courts have also recognized that state law issues are likely to predominate in these types of cases.  In *Glewwe v. Eastman Kodak Co.*, the court declining to extend supplemental jurisdiction over a New York state class overtime claim where "the state claims would present complex issues of the state law."  2006 WL at *4.  The Western District of New York did the same in two additional cases.  *Letouzel v. Eastman Kodak Co.*, 2006 WL at *4; *Luciano v. Eastman Kodak Co.*, 2006 WL at *5.

The fact that there are differences in the laws suggest that this case will have similar complexities that should direct this court to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(1).

2. This court should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) because the state Rule 23 claim will substantially predominate over the federal FLSA claim.

District courts may decline to exercise supplemental jurisdiction over state claims that will substantially predominate over the federal claim for which the court has original jurisdiction. 28 U.S.C. § 1367(c)(2).  Given the likely situation that far more potential plaintiffs will fail to opt out of the Rule 23 class than will opt in to the § 216(b) class, this Court will have a relatively small federal collective class compared to a large class of plaintiffs maintaining a claim under Maryland state law.  When faced with this situation, courts should decline to exercise supplemental jurisdiction.

As summarized earlier, *supra*, in *De Asencio v. Tyson Foods, Inc.*, the Third Circuit held that a district court should have declined to exercise supplemental jurisdiction over a state class overtime claim because "the disparity in numbers of similarly situated plaintiffs may be so great that it becomes dispositive by transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of [FLSA] plaintiffs to wag what is in substance a state [Rule 23] dog." 342 F.3d at 311.

In *Veercamp v. U.S. Sec. Assocs.,* a court refused to certify a state claim under Rule 23, and stated its concern about exercising supplemental jurisdiction in a scenario where it is possible that only a handful of plaintiffs would seek to pursue federal claims while hundreds of other employees would find themselves in federal court pursuing only state law claims if they choose not to opt out of the class action. 2005 WL 775931, at *4 (S.D. Ind. Mar. 15, 2005). Courts have recognized that the vast number of plaintiffs in the state law class would create a situation in which the state law class claims predominate. In *Jackson v. City of San Antonio*, the court denied a motion to certify plaintiffs' state class for overtime damages alongside § 216(b) action, and stated that the predominance of state law claims would flaunt the congressional intent that FLSA claims proceed as an opt-in scheme and favored remand of the state claims. 220 F.R.D. 55, 60 (W.D. Tex. 2003).

The United States Department of Labor issued revised federal regulations implementing the FLSA in 2004. In addition to revising the threshold compensation amounts applicable to the overtime exemptions, the Department of Labor also revised and clarified the executive, administrative, and professional duties tests used to determine exempt status. 29 C.F.R. § 541.100-304. The new regulations also include similar new tests for computer employees and

31

outside sales people.  29 C.F.R. § 541.400-504.  Under the 2004 revised rules, the once familiar

long test / short test dichotomy for determining exempt status has been eliminated.  *Id.*

This court may be faced with applying two separate tests to determine a single class

member's exempt status.  The differences between the new federal overtime regulations and the

corresponding Maryland regulations are likely to force this Court to focus on the aspects of the

Maryland wage hour law that are different from the FLSA.  Thus, the state claims would

predominate over the federal claims.

As stated earlier, a district court can – and should – decline to exercise supplemental

jurisdiction over a state class action claim if it will substantially predominate over the claim or

claims over which the district court has original jurisdiction.  28 U.S.C. § 1367(c)(2).  Prior cases

have demonstrated that the sheer numbers of plaintiffs in the state claim are likely to greatly

outnumber the plaintiffs who opt in to the federal collective action.  In those cases, the courts

have declined to exercise supplemental jurisdiction because the disparity in number of plaintiffs

will create a situation where the state class substantially predominates over the federal collective

action for which this court has original jurisdiction.  Because the facts in this case are identical to

those in cases such as *De Asencio v. Tyson Foods, Inc.*, this court should not exercise jurisdiction

over the Plaintiffs' state class claim because the number of plaintiffs will greatly exceed the

number of plaintiffs who opt in to the collective action.

3.    Granting supplemental jurisdiction over the state Rule 23 claim would
inject "unacceptable complexities" into the case because it would preclude
some potential plaintiffs from bringing future claims.

Class size is not the only factor to consider.  Because of the "unacceptable complexities"

that the state class would inject into the case, Defendants move this Court to decline to exercise

jurisdiction over the state class claimants that do not opt in to the FLSA claim.  *Chase v. Aimco

Props.*, *L.P.*, 374 F. Supp. at 202.

In *Chase v. AIMCO Props., L.P.*, Judge Robertson expressed that he would be disinclined to exercise supplemental jurisdiction over Maryland and California state class claims because it would inject unacceptable complexities into the case. The court noted that allowing plaintiffs to proceed with a state-law class action would confound Congress' design for the collective action under the FLSA and inject unacceptable complexities into the management of the case. *Chase*, 374 F. Supp. 2d at 202. For example, an AIMCO service technician with notice of his or her right to opt in to the FLSA claim and to opt out of the state class action might reasonably decide not to respond to the notice – but then she would be a party in the class action and not a party in the collective action. *Id.* The court reasoned that a judgment in the class action could preclude the employee from pursuing an FLSA claim on her own. *Id.* This is a result plainly at odds with Congress's intent to allow workers to preserve FLSA claims by declining to opt in. *Id.* As stated earlier, in *Chao v. A-One Med. Servs., Inc.*, the Ninth Circuit held that an employee's federal FLSA claim was barred by *res judicata* because the FLSA claim was based on the same operative facts as a previously litigated state wage hour claim for overtime pay. 346 F.3d at 921-922.

Given the likelihood that state plaintiffs will substantially outnumber federal claimants, the possibility that plaintiffs who fail to opt in via § 216(b) will be subject to *res judicata* on their federal claims, and the complexities associated with differences in the federal and state statutes, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), and dismiss the Plaintiffs' state class claim. Furthermore, these are the type of factors that Congress considered when it gave courts the discretion to decline jurisdiction under "exceptional circumstances" or "other compelling reasons." 28 U.S.C. § 1367(c)(4). Because of the jurisdictional issues that are likely to arise when the plaintiffs move to certify their classes under

§ 216(b) and Rule 23, this Court is entitled to consider it as one additional factor in dismissing the state class claim under Maryland law.

> 4.    The D.C. Circuit's holding in *Lindsay v. Government Employees Insurance Co.* does not apply in this case.

Under 28 U.S.C. § 1367(a), and subject to the exceptions in 28 U.S.C. § 1367(c), discussed above, district courts have supplemental jurisdiction over claims that (1) are not expressly limited by another federal statute, and (2) arise from the same case and controversy as a claim for which the court has original jurisdiction. 28 U.S.C. § 1367(a). In a recent decision, the D.C. Circuit held that the inherent differences between the opt-in requirements under § 216(b) and the opt-out requirements under Rule 23 did not preclude this Court from exercising jurisdiction under 28 U.S.C. § 1367(a) on the grounds that it was "expressly provided otherwise by Federal statute." *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 421 (D.C. Cir. 2006).

In *Lindsay*, the D.C. Circuit held that 29 U.S.C. § 216(b) did not represent the kind of statute that is described in § 1367(a)'s opening proviso. *Id.* Defendants concede that this is so. In the *Lindsay* case, the complaint alleged that members of both classes performed the same type of work for the same employer and were deprived of overtime compensation as a result of the same action taken by their employer. The D.C. Circuit also held that a state overtime class brought under New York law was part of the same "case or controversy" as the corresponding overtime claims brought under the FLSA. *Lindsay*, 448 F.3d at 424. The court held stated that it was clear that the two claims "derive from a common nucleus of operative fact" and thus form part of the same Article III case or controversy under 28 U.S.C. § 1367(a). *Id.*

However, the D.C. Circuit's opinion in *Lindsay* was narrowly tailored to address only the provisions and exceptions contained within 28 U.S.C. § 1367(a). It does not extend to this court's ability to decline jurisdiction under the 28 U.S.C. § 1367(c). In fact, the D.C. Circuit

expressly stated that its opinion did not apply to the exceptions enumerated in 28 U.S.C. § 1367(c):  "[W]e emphasize that on remand the district remains free to consider whether it 'may decline to exercise' supplemental jurisdiction under 28 U.S.C. § 1367(c)."  *Id.* at 424.  Indeed, the D.C. Circuit expressly left the door open on this issue because the two classes in *Lindsay* were essentially the same size.  *Id.* at 425, n.12.  The D.C. Circuit recognized that some courts, including the *DeAsencio* court, discussed above, have concluded that the disparity in numbers of similarly situated plaintiffs may become dispositive.  *Id.*  The D.C. Circuit did not address class size, or any exception under 28 U.S.C. § 1367(c), because they were inapplicable where the two classes are almost identical in size.  *Id.*

In expressly preserving this court's right to decline supplemental jurisdiction under 28 U.S.C. § 1367(c), the D.C. Circuit provided this court with the authority to decline to exercise jurisdiction over Count II of the Plaintiffs' claims in the instant case for the same reasons expressed in this memorandum:  (1) the state claim will substantially predominate over the federal claim because the class size disparity is likely to be substantial; (2) the state class claim and defenses available under it will add complexities because it is likely to preclude some plaintiffs from ever exercising their FLSA rights guaranteed by Congress; and (3) the state class claim is likely to present complexities because the Maryland and federal wage hour laws are not the same.  Given these factors, the D.C. Circuit's ruling in *Lindsay* does not preclude this court from declining jurisdiction under 28 U.S.C. § 1367(c).

## V.    A Procedural Rule or State Law Cannot Preempt A Plaintiff's Substantive Right Guaranteed by the Federal Rules Enabling Act, 28 U.S.C. § 2072(b).

### A.    The Rules Enabling Act ensures that procedural rules such as Rule 23 are not applied to jeopardize parties' substantive rights.

Congress enacted the Rules Enabling Act, 28 U.S.C. § 2072(b), to ensure that procedural rules are not applied in a way that would jeopardize a plaintiff's substantive rights under the law.

35

In empowering the courts to create rules of procedure for adjudicating cases, the Rules Enabling Act specifically states that: "Such rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b).

   **B.    The right to opt in to a collective action under Section 216(b) is a *substantive right*, whereas Rule 23 is procedural.**

Section 216(b) of the FLSA provides plaintiffs with a substantive right to choose where and when to litigate their own wage and overtime claims. Courts recognize that the distinction between opt-in and opt-out is "crucial," and that "the aggregation of claims, particularly as class actions, profoundly affects the *substantive rights* of the parties to the litigation." *De Ascensio v. Tyson Foods, Inc.*, 342 F.3d at 310. In *LaChappelle v. Owens-Illinois, Inc.*, the Fifth Circuit recognized that under the FLSA § 216(b), "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class." 513 F.2d 286, 288 (5th Cir. 1975). In an *amicus* brief submitted to the Fourth Circuit, the Department of Labor recently argued that the "purpose of the FLSA's written consent requirement [in § 216(b)] reinforces the view that it *must be treated as substantive*." Brief of the Secretary of Labor as Amicus Curiae Supporting Appellants, *Long John Silver's Rests., Inc. v. Cole*, Case No. 06-1259 (June 21, 2006)(available at http://www.dol.gov/sol/media/briefs/LJS-06-21-2006.pdf)(emphasis added).

Unlike the *substantive* right to opt into an FLSA claim, the rules set forth in Rule 23 are *procedural* in nature. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-613 (1997). In *Amchem*, the Court elected to follow the path taken by the Court of Appeals, "mindful that Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that" rules of procedure "shall not abridge, enlarge or modify any substantive right." *Id.* In *U.S. Greenville Equip. Co. v. U.S. Cas. Co.*, the court recognized that

the Federal Rules of Civil Procedure are procedural, as their name would indicate, leaving

matters of substantive right to be otherwise determined.  218 F. Supp. 653, 656 (D. Del. 1962).

     **C.**     **Allowing Plaintiffs to maintain a state class claim in this proceeding would necessarily and impermissibly "abridge" the substantive rights of those parties who do not opt in to the collective action under § 216(b) and do not opt out of the class under Rule 23.**

     Although courts have not addressed this specific issue, it is precisely the type of

scenario that the Rules Enabling Act is designed to prevent.  Congress intended to preserve

employees' rights under the FLSA by allowing them to opt in to collective actions.  Plaintiffs are

attempting to usurp that process by maintaining a class claim, knowing that employees who fail

to opt in may have their FLSA rights adjudicated in *absentia*.  This creates the inherent risk that

employees who do nothing (*i.e.*, fail to opt in and fail to opt out) will be barred from bringing

claims in the future by the doctrine of *res judicata*.  *Chao v. A-One Med. Servs., Inc.*, 346 F.3d at

921-922.  In *Lenzi v. Redland Ins. Co.*, the court held that unlike issue preclusion, which applies

only to issues actually litigated, "claim preclusion applies to what might, or should, have been

litigated as well as to what was actually litigated."  140 Wash. 2d 267, 996 P.2d 603, 609 (2000).

     Congress also clearly provided employers with the substantive right to defend claims

brought under the FLSA against individuals who affirmatively opt into the claim.  In *Lee v.*

*Vance Executive Prot., Inc.*, the Fourth Circuit recognized that the written opt-in requirement

"clearly enures to the benefit of employers by making them aware of what allegations they face

and from whom the allegations originate."  7 Fed. Appx. 160, 167 (4th Cir. 2001).  This Court

should dismiss Plaintiffs' Maryland state class claim because it defies the Rules Enabling Act, 28

U.S.C. § 2072(b), and clearly abridges the substantive right of employees to opt in to this action,

or bring their own FLSA claims in the future.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss Count II of Plaintiffs' Amended Complaint with prejudice for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,


\_\_/s/\_Manesh K. Rath_____
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*
Jeremy W. Brewer (D.C. Bar No. 488670)
*brewer@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 25, 2007, a copy of the foregoing was served by CM/ECF software to:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
        Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Chanel Cryer, et al.

_/s/ Manesh K. Rath_____
Manesh K. Rath, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHANEL CRYER,                              )
                                          )
JAMES BYRD,                                )
                                          )
JONATHAN CASHWELL,                         )
                                          )
MARC INMAN,                                )
                                          )
        Plaintiffs,                      )
                                          )
        v.                               )          Case No. 1:06-cv-02032-EGS
                                          )
INTERSOLUTIONS, INC.,                      )
DREW GOLIN,                                )
SARAH WALDER,                              )
                                          )
        Defendants.                      )
_____)

**(PROPOSED) ORDER**

        Upon consideration of Defendants' Motion to Dismiss, and any opposition and replies

thereto, it is hereby

        **ORDERED** this _____ day of _____, 2007  that the Motion to Dismiss pursuant

to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.   Accordingly, it is further

        **ORDERED** that the state law class claim contained as Count II of the Amended

Complaint is hereby **DISMISSED** with prejudice.

        It is further **ORDERED** that Plaintiffs pay all costs and attorneys fees associated with

Defendants' Motion to Dismiss.

**SO ORDERED.**

_____          _____
Date                                          Judge Emmet G. Sullivan