**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHANEL CRYER, ) | |
| ) | |
| JAMES BYRD, ) | |
| ) | |
| JONATHAN CASHWELL, ) | |
| ) | |
| MARC INMAN, ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | |
|       v. ) | Case No. 1:06-cv-02032-EGS |
| ) | |
| INTERSOLUTIONS, INC., ) | |
| DREW GOLIN, ) | |
| SARAH WALDER, ) | |
| ) | |
|       Defendants. ) | |
| _____) | |

**REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFEDNANTS' MOTION TO DISMISS COUNT II OF PLAINTIFFS' AMENDED COMPLAINT**

Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively referred to as "Defendants"), by and through undersigned counsel, submit the following Reply Memorandum to Plaintiffs' Opposition to Defendants' Motion to Dismiss Count II of Plaintiffs Chanel Cryer, James Byrd, Jonathan Cashwell, and Marc Inman's (collectively, with Plaintiffs allegedly on behalf of themselves and all others similarly situated, referred to as "Plaintiffs"), Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Document No. 16.)("Opposition").

**ARGUMENT**

In support of their Opposition, Plaintiffs have rested their arguments on a misreading of the D.C. Circuit's ruling in *Lindsay v. GEICO*, 448 F.3d 416 (D.C. Cir. 2006). The Plaintiffs

assert that the D.C. Circuit's ruling in *Lindsay* is "squarely contrary" to almost all of Defendants' arguments in support of their Motion to Dismiss. (Opposition at p. 2.) Plaintiffs have misinterpreted and given an overbroad meaning to *Lindsay*'s very narrow holding. In unduly extending the narrow holding in *Lindsay* to almost every one of Defendants' arguments in support of their Motion to Dismiss, the Plaintiffs have not effectively rebutted any of the Defendants arguments. For this and other grounds set forth in its Memorandum in Support, this Court should grant the Defendants Motion to Dismiss Count II of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.     The Plaintiffs have misinterpreted and given an overly broad reading to *Lindsay v. GEICO*'s very narrow holding.**

The Plaintiffs have rested the majority of their Opposition on the misguided argument that the D.C. Circuit in *Lindsay* has mandated that this court exercise jurisdiction over the state law class claim. To the contrary, in *Lindsay v. GEICO*, the D.C. Circuit expressly provided this Court with the authority to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c). *Lindsay*, 448 F.3d at 424.

**A.     *Lindsay v. GEICO* is limited to the issue of whether the FLSA expressly preempted supplemental jurisdiction under 28 U.S.C. § 1367(a).**

*Lindsay v. GEICO* is limited to the issue of whether the FLSA expressly preempted supplemental jurisdiction under 28 U.S.C. § 1367(a). *Lindsay*, 448 F.3d at 420. The Court specifically concluded that the district court's "decision was based on [28 U.S.C. § 1367(a)]." *Id.*

Under 28 U.S.C. § 1367(a), a district court must exercise supplemental jurisdiction unless "expressly provided otherwise by Federal statute." 28 U.S.C. § 1367(a). The D.C. Circuit evaluated whether the opt-in provision of the FLSA, 29 U.S.C. § 216(b), "expressly provided" otherwise, and thus preempted the district court from exercising jurisdiction pursuant to 28

U.S.C. § 1367(a).  The D.C. Circuit stated that the opt-in provision of 29 U.S.C. § 216(b) did not represent the kind of statute that is described in 28 U.S.C. § 1367(a).  *Id.* at 421.  While the Plaintiffs would erroneously argue otherwise, the D.C. Circuit's holding was limited to an interpretation of 28 U.S.C. § 1367(a), and did not extend to this Court's authority to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

      **B.**      **The D.C. Circuit expressly stated that its holding did not apply to 28 U.S.C. § 1367(c).**

The Plaintiffs attempt to argue that this Court has "mandatory" jurisdiction over the state law class claim.  (Opposition at p. 3.)  Defendants are not aware of any authority, including *Lindsay v. GEICO*, to support that argument.  The Plaintiffs inappropriately assert that this Court would be forced to "ignore" the holding in *Lindsay* in order to decline jurisdiction over the state law class claim pursuant to 28 U.S.C. § 1367(c).  (Opposition at p. 5.)  However, this Court need not "ignore" the D.C. Circuit.  To the contrary, the D.C. Circuit gave this Court express permission to decline jurisdiction pursuant to 28 U.S.C. § 1367(c).  *Lindsay*, 448 F.3d at 424.

The D.C. Circuit in *Lindsay v. GEICO* expressly stated that its decision did not apply to 28 U.S.C. § 1367(c).  *Lindsay*, 448 F.3d at 424.  The court further held that: "we emphasize that on remand the district court remains free to consider whether it 'may decline to exercise' supplemental jurisdiction under 28 U.S.C. § 1367(c)."  *Lindsay*, 448 F.3d at 424.  (citations omitted)  Thus, contrary to the Plaintiffs' Opposition, the D.C. Circuit never "rejected" Defendants assertions that this Court should decline to exercise jurisdiction over the Plaintiffs' Maryland class claim.  (Opposition at p. 3.)

      **C.**      **The D.C. Circuit expressly stated that the district court could decline to exercise supplemental jurisdiction for "compelling reasons."**

While the Plaintiffs attempt to assert that none of the factors of 28 U.S.C. § 1367(c) apply to this instant case, the D.C. Circuit expressly disagreed in *Lindsay v. GEICO*.  (Opposition at p.

3

6.)  In its *Lindsay* decision, the D.C. Circuit stated that the district court could decline to exercise jurisdiction pursuant to 28 U.S.C. §1367(c) for compelling reasons:  "On remand, the district court may consider whether 'exceptional circumstances' exist and whether 'there are other compelling reasons for declining jurisdiction' under § 1367(c)(4)."  *Lindsay*, 448 F.3d at 425.  The D.C. Circuit could not have been more clear in leaving this Court with the discretion to decline jurisdiction pursuant to 28 U.S.C. § 1367(c)(4).  *Id*.  The D.C. Circuit has provided this Court with the express authority to decline jurisdiction, and the Defendants have provided this Court with "compelling reasons" for doing so.  *Id.*

**II.    This Court should decline supplemental jurisdiction under 1367(c).**

    **A.    There are "compelling reasons" not to exercise supplemental jurisdiction over Plaintiffs' state law class claim.**

        1.    <u>The state class claim will adjudicate the FLSA rights of all plaintiffs who do not opt-out of the state class or opt-in to the collective action.</u>

The Plaintiffs argue that Defendants "cannot seriously contend that concerns about *res judicata* provide grounds for dismissal of the Maryland law claims."  (Opposition at p. 11.)  In the next sentence, the Plaintiffs acknowledge that "it is true that a judgment on the class claim would preclude an individual who neither opts into the FLSA class nor opts out of the Maryland state class from later litigating those claims."  (Opposition at p. 11.)  The Plaintiffs argue, without providing justification, that this complexity is somehow "irrelevant at this stage."  (Opposition at p. 11.)

The Defendants, along with Congress, judges on the D.C. District Court, and in federal courts around the nation, are serious about protecting the substantive rights of plaintiffs who do not opt-in to the collective action claim.

As the Defendants pointed out in their Memorandum in Support of Motion to Dismiss, Judge Robertson expressed serious reservations about exercising jurisdiction over a state class

4

claim that would subject plaintiffs to the doctrine of *res judicata* on future FLSA actions when doing so violates Congress' intent:

> Allowing plaintiffs to proceed with a state-law class action here would confound Congress' design for the collective action and inject unacceptable complexities into the management of the case. An AIMCO service technician with notice of her right to opt in to the FLSA claim and to opt out of the state class action might reasonably decide not to respond to the notice – but then she would be a party in the class action and not a party in the collective action. A judgment in the class action might operate to preclude her from pursuing an FLSA claim on her own, a result plainly at odds with Congress's intent to allow workers to preserve FLSA claims by declining to opt in.

*Chase v. Aimco Props., L.P.*, 374 F. Supp. 2d 196, 202 (D.D.C. 2005)(J. Roberston). This Court must protect the unasserted FLSA rights of plaintiffs by dismissing the state Rule 23 class claim. Other courts have held that a state law claim can operate to bar a federal FLSA claim by the doctrine of *res judicata* where a federal FLSA claim was based on the same operative facts as a previously litigated state wage hour claim for overtime pay. *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 - 921 (9th Cir. 2003). The Plaintiffs dodge this issue with a simple assertion that it is somehow "irrelevant at this stage" (Opposition at p. 11.), but it is in fact relevant for the purpose of a Motion under Fed. R. Civ. P. 12(b)(6).

The Plaintiffs also incorrectly argue that the D.C. Circuit rejected Judge Robertson's rationale in *Lindsay v. GEICO*. (Opposition at p. 12.) As Defendants stated above, the D.C. Circuit, in no uncertain terms, provided this Court with the authority to decline to exercise jurisdiction over state claims pursuant to 28 U.S.C. § 1367(c). *Lindsay*, 448 F.3d at 424. In *Chase v. AIMCO*, Judge Robertson was addressing concerns about exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), and was not addressing supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *Chase*, 374 F. Supp. 2d at 202. Judge Robertson expressly stated that he expected he would "decline to exercise supplemental jurisdiction under *28 U.S.C. §*

5

*1367(c)(4)."* *Id.* (emphasis added). Thus, the D.C. Circuit did not overrule the reasoning expressed in *Chase v. AIMCO*, and the Plaintiffs here again misinterpreted the D.C. Circuit's holding.

> 2. The State law class claim will create confusion for the Parties and the potential class members, and is likely to substantially predominate over the federal FLSA collective action.

In misreading the D.C. Circuit's holding in *Lindsay v. GEICO*, Plaintiffs chose not to adequately address Defendants assertion that certifying the Maryland class claim will inject "unacceptable complexities" into this litigation. In addressing this argument, Plaintiffs simply assert that "this argument should be rejected because…it is foreclosed by *Lindsay*." (Opposition at p. 10) Again, this is an overly broad interpretation of the D.C. Circuit's holding. The D.C. Circuit in *Lindsay* does not address the "complexities" raised by this Court and other courts in addressing these types of claims. In its Opposition, Plaintiffs fail to address these complexities as well.

**III.    This Court need not "wait and see" whether to rule on the Rule 23(b)(3) class issue.**

Plaintiffs have suggested in their Opposition that the insufficiency of their Amended Complaint has been raised "prematurely," and that the Court should address the Rule 23 deficiencies "at the appropriate time." (Opposition at p. 11.) Plaintiff asks this Court to wait until the class certification stage to determine whether the state law class claim is a "superior" method of adjudicating the claims under Fed. R. Civ. P. 23(b)(3). (Opposition at p. 13). The Plaintiffs have thus proposed a "wait and see" approach as their defense to Defendants valid legal concerns about the insufficiency of Plaintiffs pleadings. This "wait and see" approach does not address the merits of Defendants' arguments. Furthermore, Defendants have provided the Court with ample authority to suggest that the Court need not wait until the class certification stage.

As the Defendants argue in the Memorandum in Support, this court should dismiss a class claim as soon as it is clear that the plaintiff can prove no set of facts to meet the Rule 23 class requirements. If it is apparent right now that Plaintiffs' state law class claim should not accompany its federal FLSA claim, there is no point in waiting until after costly and lengthy discovery, motions, and notices to address the issue. Other courts have dismissed similar state wage hour claims prior to the class certification stage. *Henkin v. AT&T Corp.*, 80 F. Supp. 2d 1357, 1365 (N.D. Ga. 1999), *aff'd*, 268 F.3d (11th Cir. 2001); *Otto v. Pocono Health Sys.*. ___ F. Supp. 2d ___, 2006 WL 3059924, at *2 (M.D. Pa. October 27, 2006); *Himmelman v. Continental Cas. Co.*, 2006 WL 2347873, at *2-3 (D.N.J. August 11, 2006); *Glewwe v. Eastman Kodak Co.*, 2006 WL 1455475, at * 4 (W.D.N.Y. May 25, 2006). This court has also dismissed class claims prior to the certification stage. W*eiss v. Int'l Bhd. of Elec. Workers*, 729 F. Supp. 144, 148 (D.D.C. 1990); *Rones v. NAACP*, 170 F.R.D. 80, 82 (D.D.C. 1997).

While the Plaintiffs would like this Court to "wait and see" whether the class claim should be certified, there is ample precedent to support Defendants' argument that this Court may – and should – dismiss the inappropriate Rule 23 class at this time.

**IV.    Plaintiffs have inappropriately introduced evidence into the record, and that evidence should be struck by the Court.**

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the pleadings in the Complaint. The court must evaluate the sufficiency of the pleading on its face, and neither party is entitled to introduce new evidence into the records. When materials other than those "facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice" are presented to and not excluded by the court, a motion to dismiss is handled not under the standards of Rule but rather

those applicable to motions for summary judgment under Rule 56. *Green v. Small*, 2006 WL 148740, *4 (D.D.C. January 19, 2006)(citations omitted).

It is within the district court's discretion whether to consider evidence outside of the pleadings. For example, in *Day v. Warren*, a federal district court recently declined to consider evidence offered by a plaintiff in opposition to a defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). 2006 WL 3259117, *1, n. 2 (D.Conn. Nov. 8, 2006). Because a Rule 12(b)(6) Motion tests the sufficiency of those facts alleged in the Complaint, this Court should decline to consider Plaintiffs' new evidence to cure deficiencies in their Amended Complaint.

Plaintiffs attempt to introduce the Defendant InterSolutions, Inc.'s "Policies and Expectations" Handbook into the record in an effort to bolster the sufficiency of their pleadings. (Opposition at p. 9.) The "Policies and Expectations" handbook is not part of the Amended Complaint, and should not be considered by the Court in evaluating the Defendants' Motion to Dismiss, and all Oppositions and Replies thereto.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Count II of Plaintiffs' Amended Complaint with prejudice for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

**REQUEST FOR HEARING**

Defendants request a hearing on this Motion to Dismiss.

        Respectfully submitted,

        __/s/_ Manesh K. Rath_____
        Manesh K. Rath (D.C. Bar No. 457835)
        *rath@khlaw.com*
        Jeremy W. Brewer (D.C. Bar No. 488670)
        *brewer@khlaw.com*

        Keller and Heckman LLP
        1001 G Street, N.W., Suite 500 West
        Washington, D.C. 20001
        Tel: (202) 434-4182
        Fax: (202) 434-4646

        Counsel for Defendants

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on February 15, 2007, a copy of the foregoing was served by CM/ECF software to:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
      Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Chanel Cryer, et al.

                                                                                   /s/ Manesh K. Rath
                                                                                  Manesh K. Rath, Esq.