**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHANEL CRYER, JAMES BYRD, <br> JONATHAN CASHWELL, and <br> MARC INMAN, <br> On behalf of themselves and all others <br> similarly situated, <br><br>           Plaintiffs, <br><br> v. <br><br> INTERSOLUTIONS, INC. <br> DREW GOLIN, and <br> SARAH WALDER <br><br>           Defendants. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 06-02032 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
FOR AN EXTENSION OF TIME**

Plaintiffs oppose defendants' request for an extension of time to oppose plaintiffs' motion for conditional certification of their Fair Labor Standards Act collective action and notice to absent class members. Although plaintiffs' counsel would prefer to be able to consent to defendants' request as a matter of professional courtesy, plaintiffs are prevented from doing so because any extension would prejudice the claims of the unnamed class members for whom the statute of limitations continues to run.

In FLSA collective actions – unlike in most types of cases – the limitation period continues to run on each unnamed class member's claims until that class member files notice with the court consenting to be part of the suit. *See* 29 U.S.C. §§216(b), 256; *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). For this reason, early notice to the class members is essential so that they can opt-in to the action, earlier rather than later. *See id.* Each day of delay eats away from class members a day of their claims.

Therefore, in response to defendants' request for an extension, plaintiffs offered to consent to the extension if defendants agreed to toll the limitations period. *See* Ex. A. Defendants refused, and filed this motion instead. Defendants' motion should be denied because, in this instance, an extension of time will prejudice the ability of unnamed class members to recover for defendants' blatant and willful violations of the FLSA by cutting away days of claims.

Defendants contend that plaintiffs have requested or consented to extensions of time on two previous occasions. Those requests are not determinative of this motion.[1] The first request by defendants occurred early in the litigation while plaintiffs were still investigating the claims of additional class members and plaintiffs' counsel perceived no prejudice to the class in consenting to the extension..

The second extension (which related to the plaintiffs' time for opposing defendants' motion to dismiss the Maryland state-law class claims) was requested by plaintiffs in an effort to aid settlement negotiations by avoiding running up recoverable attorney fees. Both parties had expressed interest in settlement negotiations and had scheduled such a negotiation for February 8, 2007. On January 30, 2007, plaintiffs – aware of the running statute of limitations – informed defendants that they would require a tolling agreement if they were to spend time negotiating prior to moving for class notice. They also proposed extending the deadline to respond to defendants' motion to

---

[1] Defendants also incorrectly and irrelevantly note "plaintiffs have already filed three separate lawsuits against the Defendants." Of course, plaintiffs here have filed only this lawsuit. The Washington Lawyers' Committee represents different clients in two other cases. Those cases, however, have no effect on this motion or the statute of limitations issue in this case.

dismiss as a way of avoiding accruing recoverable[2] attorney fees that might have hindered settlement.  Although defendants agreed to the extension to February 22, 2007, they ultimately declined to enter into the tolling agreement.  Without the tolling agreement in place, plaintiffs could not delay in filing their opposition to defendants' motion to dismiss and did so on February 8 even though plaintiffs' motion for an extension had been granted (providing until February 22 to oppose).   Plaintiffs filed their motion for class certification shortly thereafter on February 16, 2007.

Accordingly, absent a tolling agreement, it is essential that notice be sent out as soon as practicable to avoid prejudice to the potential members of this collective action. For that reason, plaintiffs cannot consent to the extension requested by defendants and urge that their motion be denied.

### Local Rule 7(m)

Plaintiffs also state that they discussed with defendants their intention to file their motion for collective action certification and class notice on January 30, 2007, and again on February 6, 2007.  As reflected in these conversations and defendants' instant motion, defendants intend to oppose plaintiffs' request for collective action certification. (Plaintiffs inadvertently omitted this statement from their motion for collective action certification.)

### Conclusion

Plaintiffs request that defendants' motion for an extension be denied.

---

[2]     Plaintiffs have a right to recover attorney fees under the FLSA.  29 U.S.C. § 216(b).

DATED:  February 23, 2007

Respectfully submitted,


_____//s//_____
Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel.: (202) 346-4000
Fax:  (202) 346-4999


Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax:  (202) 319-1010

*Counsel for Chanel Cryer, James Byrd,
Jonathan Cashwell, and Marc Inman*

# Exhibit A

## Chud, Adam M

| | |
|---|---|
| **From:** | Chud, Adam M |
| **Sent:** | Wednesday, February 21, 2007 6:12 PM |
| **To:** | Rath, Manesh |
| **Cc:** | 'Brewer, Jeremy W.' |
| **Subject:** | RE: Request for Extension of Filing Deadline |

Manesh:

I received your letter. As I mentioned when we spoke this afternoon, plaintiffs would agree to the extension that you seek on your opposition to the motion concerning class notice, if defendants would in return agree to toll the statute of limitations on the class members' claims (which we have proposed to you several times). Without such a tolling agreement in place, however, notice needs to be sent to the class members as expeditiously as possible, and we cannot agree to delay that process by postponing the relevant briefing deadlines.

-----Original Message-----
**From:** Brewer, Jeremy W. [mailto:brewer@khlaw.com]
**Sent:** Wednesday, February 21, 2007 4:13 PM
**To:** Chud, Adam M
**Cc:** Rath, Manesh
**Subject:** Request for Extension of Filing Deadline

Adam,

I have attached a letter from Manesh Rath requesting your consent to extend the deadline for responding to Plaintiffs' Motion for Conditional Class Certification, Issuance of Notice, and Order for Certain Discovery.

Regards,

Jeremy W. Brewer
tel: 202.434.4164  |  fax: 202.434.4646  |  brewer@khlaw.com
1001 G Street, N.W., Suite 500 West  |  Washington, D.C. 20001

### Keller and Heckman LLP
*Serving Business through Law and Science*®

**Washington, D.C.**  |  **Brussels**  |  **San Francisco**  |  **Shanghai**

---

This message and any attachments may be confidential and/or subject to the attorney/client privilege or otherwise protected from disclosure.

If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.