**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHANEL CRYER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:06-cv-02032-EGS |
| ) | |
| INTERSOLUTIONS, INC., ) | |
| DREW GOLIN, and ) | |
| SARAH WALDER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR CONDITIONAL CLASS CERTIFICATION, ISSUANCE OF NOTICE
AND AN ORDER FOR CERTAIN DISCOVERY**

Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively "Defendants"), by and through undersigned counsel, submit the following Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification, Issuance of Notice and an Order for Certain Discovery ("Motion for Conditional Certification").

**ARGUMENT**

The Plaintiffs in this lawsuit claim that InterSolutions violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime to the named Plaintiffs as well as to a putative opt-in class that, according to Plaintiffs, numbers over 400. Motion for Conditional Certification at 2. Despite having conducted no discovery in this case or having a conference with the Court or opposing counsel—indeed before even awaiting the Court's decision in Defendants' Motion to Dismiss—Plaintiffs now move the Court to conditionally certify an FLSA opt-in class consisting of "all persons who are or have been employed by InterSolutions as temporary employees and

who worked more than forty hours during any given work week between November 29, 2003, and the present." *Id.* at 1. Plaintiffs' Motion for Conditional Certification should be denied for several reasons.

First, the Court has not yet ruled on Defendants' Motion to Dismiss Count II of Plaintiffs' Amended Complaint. It would be premature to conditionally certify an FLSA opt-in class prior to the basic determination of what claims and parties are still present in this litigation. Second, the parties and the Court have not yet held a Rule 16 scheduling conference. In most FLSA cases, including those cited by Plaintiff in their Motion for Conditional Certification, the parties have had their scheduling conference and have operated under a timeline sanctioned by the Court. *E.g., Chase v. AIMCO Properties, L.P.*, 374 F.Supp.2d 196 (D.D.C. 2005). Third, neither party in this case has conducted any discovery. Not surprisingly, in the overwhelming majority of FLSA collective actions, the litigants have conducted at least some discovery to determine whether there are individuals that satisfy the criteria for joining the opt-in class. Finally, Plaintiffs seek conditional certification of a class for which no relief can be granted since the limitations period for actions under the FLSA does not extend to November 29, 2003, under any circumstance that could be pled.

A more sensible and efficient approach would be for the Court first to rule on Defendants' Motion to Dismiss. The parties then should be entitled to hold their Rule 16 conference, out of which would come a timeline for limited discovery. After conducting some limited discovery, both Plaintiffs and Defendants will have a better idea of whether a collective action is a feasible, let alone preferred, method by which to proceed in this litigation.

However, even if the Court decides to conditionally certify the FLSA class and approve a notice, Plaintiffs' proposed Notice is flawed in at least three critical respects.

First, the statute of limitations for FLSA actions is two years, and the period is three years for willful violations. Plaintiffs, however, seek notice to all InterSolutions employees who worked more than forty hours during any work week "between November 29, 2003, and the present." Motion for Conditional Certification at 1. This is greater than the maximum three years permitted by the FLSA.

Second, the opt-in procedures and requirements in Plaintiffs' proposed notice are utterly devoid of the standards required in FLSA collective action notices. Thus, even if this court were to accept the proposition that a collective action could be conditionally certified at this early juncture, certainly the notice as proposed by Plaintiffs should not be approved.

Finally, Plaintiffs' notice is misleading because it fails to inform the recipient that he or she may retain his or her own counsel in the matter.

A.  **This Case Is Not Ripe For Class Certification And Doing So Would Prejudice Defendants**

A court deciding whether to grant conditional certification in an FLSA action must consider the practical effect of its decision on the litigants. This inquiry essentially becomes whether the timing is right for judicial intervention. In seeking court-authorized notice, "plaintiffs are in effect asking this court to assist in their efforts to locate potential plaintiffs and thereby expand the scope of this litigation. As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991). Part of the task of determining whether a manageable class exists is to determine the scope of the claims before the Court and the issues to be tried. A decision granting conditional certification of the FLSA opt-in class at this early stage of the instant case would be premature, would truncate the natural course of the litigation, and would greatly prejudice the Defendants' case.

3

The Court has not yet ruled on Defendants' January 25 Motion to Dismiss Count II of Plaintiffs' Amended Complaint. A ruling on this issue will bear heavily on the scope of claims before the Court. Additionally, Defendants have not yet even had the opportunity to file their Answer. The issues actually in controversy are therefore not yet known to the Court. Nor have the Parties met for their Rule 16 conference, which will set forth a timeline for limited discovery and any motions that will be filed. "It would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." *Freeman v. Wal-Mart Stores*, *Inc.*, 256 F.Supp.2d 941, 945 (W.D. Ark. 2003). Given the lack of information presently before the Court, it simply is too early in this litigation to make a considered judgment on whether the named Plaintiffs are similarly situated to potential opt-in members.

Permitting limited discovery between the named Plaintiffs and Defendants would allow Defendants to interpose affirmative defenses or dispositive motions that would serve to potentially reduce the number of named Plaintiffs and further define the scope of issues in the litigation. Taking this basic step would "ensure that opt-in notices are sent only to potential plaintiffs who 'have a personal interest' in the employer's challenged policy." *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017, *2 (E.D. Pa. 2003). This approach also abides by the Supreme Court's admonition in *Hoffman-La Roche, Inc. v. Sperling* that a "trial court can better manage a major [collective] action if it ascertains the contours of the action at the outset." 493 U.S. 165, 171-72 (1989).

This is precisely the approach adopted by this Court in *AIMCO Properties*. In that case, the Court held a scheduling conference (after the Defendant had an opportunity to file an Answer) at which point the Court approved "initial discovery *in anticipation of plaintiffs'*

4

*motions for notice of a collective action* and certification of the proposed Maryland and California class actions." 374 F.Supp.2d at 199 (emphasis added). During the discovery period, defendants deposed all the named plaintiffs; plaintiffs deposed three AIMCO witnesses; and both parties issued several rounds of written discovery, including interrogatories, requests for admissions, and requests for production. *Id.*

Other courts have done the same. In *Smith v. Tradesmen Int'l, Inc.*, the court denied the plaintiff's motion to conditionally certify an FLSA opt-in class because "an insufficient amount of discovery has taken place to enable [the court] to make an informed decision on the issue of whether similarly situated employees exist." 289 F.Supp.2d 1369, 1372 (S.D. Fla. 2003). In denying plaintiffs' motion for conditional class certification, the court in *Sovereign Bancorp* specifically noted that the plaintiffs "have not yet conducted class-related discovery." 2003 WL 22701017 at *1. Additionally, in *Woolfolk v. Your Friends & Neighbors of Florida, Inc.*, the court denied plaintiffs' motion for conditional class certification in favor of permitting limited discovery specifically so that defendants could file motions for summary judgment. Case No. 02-1491 (M.D. Fla., March 7, 2003) (Order). The court explained, "[i]n addition to potentially resolving this action, the motions will likely aid this Court's determination in whether this action is appropriate as a collective action." *Id.* at 5. *See also Herring v. Hewitt Associates, Inc.*, Case No. 06-0267 (D. N.J., Feb. 16, 2007) (Order on Informal Motion) (noting that discovery is "directed toward Plaintiff's class certification motion"); *Himmelman v. Continental Gas Co.*, Case No. 06-166 (D. N.J.) (the court ruled on defendants' motion to dismiss, defendants filed their answer, the court held a scheduling conference, and the parties began discovery before plaintiffs moved for conditional certification); *Leuthold v. Destination America, Inc.*, Case No.

5

03-1390 (N.D. Ca.) (defendants filed their answer and both parties conducted substantial discovery prior to plaintiffs motion to certify).

Moreover, federal courts dealing with conditional certification have appropriately exercised their discretion to prevent FLSA section 216(b) from being used as a tool by plaintiffs to solicit claimants for potentially lucrative litigation. The District of Minnesota cautioned, "[t]he courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson*, 137 F.R.D. at 267. The Eastern District of Texas similarly warned that "it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation." *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 401 (E.D. Tex. 1999). And the District of Maryland noted in *D'Anna v. M/A-COM, Inc.* that "an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." 903 F.Supp. 889, 894 (D. Md. 1995).

Exhibit B of Plaintiffs' Motion for Conditional Certification contains the declaration of former InterSolutions employee Linda Green. Defendants note that Ms. Green filed her own FLSA lawsuit in this Court on February 9, 2007, and she is represented in that matter by the Washington Lawyers Committee who also serves as Plaintiffs counsel in this matter. The concern expressed by courts addressing conditional certification under the FLSA is a very real threat in the instant case.

**B.**     **Plaintiffs' Proposed Notice if Flawed In Several Key Areas**

If the Court decides that this is an appropriate juncture to grant Plaintiffs' Motion for Conditional Certification, Defendants move that Plaintiffs' proposed Notice would need significant modifications in the following ways.

> 1. *The FLSA Statute of Limitations Permits Notice Going Back Only Three Years from the Date of Issuance of the Notice Not Three years from the Date of Filing of the Lawsuit*

The statutory limitation on damages under the FLSA is set forth in Section 6 of the Portal to Portal Pay Act of 1947 as no greater than two years and, in the event that the court finds a willful violation, no greater than three years. 29 U.S.C. § 255. Plaintiffs' proposed Notice defines the opt-in class as all InterSolutions employees who worked more than forty hours during a work week "between November 29, 2003, and the present." Motion for Conditional Certification, Exhibit A, at 2. Although the statute of limitations is tolled for the named Plaintiffs on the date they filed their lawsuit (November 29, 2006, and January 9, 2007), an individual who opts-in will instead be entitled to relief going back from the date upon which he or she opts in. Since any potential opt-in member can only recover damages that occurred at most up to three years before he or she opts in, the Notice should define the class accordingly and not mislead potential opt-in members into joining a lawsuit for which they may not be permitted to recover damages. Defendants therefore propose that the class be redefined to limit the period in time going back two years from the date of transmittal of the Notice.

Plaintiffs' concern about the alleged detrimental effects of the running of the statute of limitations is unfounded. Potential opt-in members in FLSA cases will always be permitted to recover damages going back two or three years from the date they join the lawsuit. Thus, for every day lost at the back of the two- or three-year period, a new day is added at the front. The quantum of damages may fluctuate up or down in individual cases, but potential opt-in members will never lose any of the two or three years of back pay.

    2.    *The Time To Respond Should be No More Than Thirty Days*

Plaintiffs do not suggest a time period in which potential opt-in members may join the lawsuit. In *Held v. Nat'l R.R. Passenger Corp.*, this Court stated that the time period for responding to opt-in notices is limited to 30 days. 101 F.R.D. 420, 423 (D.D.C. 1984).

In *Held*, the plaintiff sued his employer for age discrimination under the ADEA, whose opt-in procedures for collective actions are governed by FLSA section 216(b). *Id.* at 421-22. In granting plaintiff's request to obtain consents to opt-in to the lawsuit, this Court stated, "[e]ach person who wishes to join the class must file a written consent to be represented by plaintiff and to be bound by the final judgment in this action no later than thirty days from the entry of this order."

Other courts have also set a 30-day limit for responding to opt-in notices. In *King v. ITT Cont'l Baking Co.*, the court established a reply date 30 days from the date of mailing of notices to potential opt-in members. 1986 WL 2628, *6 (N.D. Ill. 1986). In *Watkins v. Milliken & Co.*, the court ordered that all consent forms must be filed within 30 days of the order permitting opt-in members to join the lawsuit. 613 F.Supp. 408, 421 (W.D.N.C. 1984). Finally, in *Johnson v. Am. Airlines, Inc.*, the court set a "21 day response time from the date of transmittal of the notice." 531 F.Supp. 957, 962 (N.D. Tex. 1982). Defendants likewise request that the Court set a 30-day limit from the date Notice is sent for potential opt-in members to return their consent forms.

    3.    *Potential Opt-In Members Must Be Notified That They May Choose To Be Represented by the Counsel of Their Choice.*

Plaintiffs' notice is misleading because it fails to state that all potential opt-in members are entitled to representation by counsel of their choice. This is the only fair way to avoid solicitation directly beneficial to Plaintiffs' counsel.

At least three federal courts have recognized this and have made clear that opt-in members may choose their own counsel.  In *ITT Cont'l Baking*, the court stated that "it is entirely your own decision as to whether you prefer to be represented by the present plaintiffs' attorneys or by an attorney of your own choosing," 1986 WL 2628 at *7.  *See also Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 379 (N.D.N.Y. 1995) (notice stated "[i]f you choose to join this suit as a party plaintiff, it is entirely your decision whether you prefer to be represented by the present plaintiffs' attorney or by an attorney of your own choosing); *Am. Airlines*, 531 F.Supp. at 966 (notice stated "you [may] prefer to be represented by the present plaintiffs' attorney or by an attorney of your own choosing").

    4.    *Defendants' Counsel Should Be Fully Identified In Any Notice*

Fairness also requires that Defendants' counsel be identified in the notice.  In *Belcher v. Shoney's, Inc.*, the court-approved notice contained contact information for defendant's counsel. 927 F.Supp. 249, 254 (M.D. Tenn. 1996).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Conditional Class Certification, Issuance of Notice and an Order for Certain Discovery as premature and also as inappropriate in the form presently proposed by Plaintiffs..

Dated: March 5, 2007

        Respectfully submitted,

        __/s/_____
        Manesh K. Rath (D.C. Bar No. 457835)
        *rath@khlaw.com*
        Jeremy W. Brewer (D.C. Bar No. 488670)
        *brewer@khlaw.com*

        Keller and Heckman LLP
        1001 G Street, N.W.
        Suite 500 West
        Washington, D.C. 20001
        Tel: (202) 434-4100
        Fax: (202) 434-4646

        Counsel for Defendants

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on March 5, 2007, a copy of the foregoing was served by CM/ECF software and U.S. Postal Service to:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Chanel Cryer, et al.

                                                             _____/s/_____
                                                                Manesh K. Rath, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-02032-EGS |
| ) | |
| INTERSOLUTIONS, INC., ) | |
| DREW GOLIN, and ) | |
| SARAH WALDER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## (PROPOSED) ORDER

Upon consideration of Plaintiffs' Motion for Conditional Class Certification, Issuance of Notice and An Order for Certain Discovery, and any opposition and replies thereto, it is hereby

**ORDERED** this _____ day of _____, 2007, that the Motion for Conditional Class Certification is **DENIED** as untimely on the grounds that Defendants have not had the opportunity to file an Answer or to participate in a Rule 16 conference or to conduct limited discovery for the purposes of permitting this court to assess the merits and proper scope of Plaintiffs' claims. Accordingly, it is further

**ORDERED** that the Defendants be permitted time to file an Answer; that the parties in good faith participate in a meeting under and comply with the requirements set forth in Rule 16; and that the parties shall meet as soon as is practicable thereafter, but, in any event, within 30 days thereafter to establish a mutually agreeable timeline for conducting limited discovery in anticipation of a renewed Plaintiffs' Motion for Conditional Class Certification. The parties

shall limit any discovery under this Order to information that is relevant to whether the putative opt-in plaintiffs are similarly situated to the named Plaintiffs.

**SO ORDERED.**

_____                    _____
Date                                      Judge Emmet G. Sullivan

      The Clerk is directed to mail a copy of this ORDER to the parties listed below:

    Manesh K. Rath (D.C. Bar No. 457835)
    Jeremy W. Brewer (D.C. Bar No. 488670)
    Keller and Heckman LLP
    1001 G Street, N.W., Suite 500 West
    Washington, D.C.  20001
    Tel:  (202) 434-4100
    Fax:  (202) 434-4646

    Counsel for Defendants

    Thomas J. Mikula (D.C. Bar No. 396105)
    Adam M. Chud (D.C. Bar No. 468443)
    Sarah S. Keast (D.C. Bar No. 493632)
    Goodwin Procter LLP
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    Tel.: (202) 346-4000
    Fax.: (202) 346-4999

    Susan E. Huhta (D.C. Bar No. 453478)
    Carolyn P. Weiss (D.C. Bar No. 480697)
    Washington Lawyers' Committee for Civil Rights and Urban Affairs
    11 Dupont Circle, N.W., Suite 400
    Washington, D.C. 20036
    Tel.: (202) 319-1000
    Fax.: (202) 319-1010
    Counsel for Plaintiffs Chanel Cryer, et al.