**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHANEL CRYER, JAMES BYRD, JONATHAN CASHWELL, and MARC INMAN, On behalf of themselves and all others similarly situated,

Plaintiffs,

v.

INTERSOLUTIONS, INC., DREW GOLIN, and SARAH WALDER

Defendants.

Case No. 06-02032 (EGS)

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION, ISSUANCE OF NOTICE AND AN ORDER FOR CERTAIN DISCOVERY**

Plaintiffs seek conditional certification of their federal Fair Labor Standards Act collective action and notice to all potential members of the opt-in class. Defendants do not dispute the factual basis for certification of a collective action in this case. Instead, defendants have opposed plaintiffs' motion by asserting that certification is premature. As we show below, certification is not premature, and plaintiffs have carried their burden to establish that certification is appropriate at this time.

*A. The Case Is Ripe For Certification of a Conditional FLSA Class.*

Delay in conditional certification will prejudice the plaintiffs; immediate conditional certification holds no prejudice for defendants. Opt-in class actions under the FLSA are unusual in that the statute of limitations continues to run against unnamed class

members until they affirmatively opt-in to the action.[1] For this reason, timely notice is essential to protect unnamed class members' rights. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). And the recognition of the need for early certification is the very reason that courts – including the courts of this Circuit – have adopted the procedure of early *conditional* certification that may be revisited as the case progresses. *See Hunter, et al. v. Sprint Corp*., 346 F. Supp. 2d 113, 117 (D.D.C. 2004); *Robinson-Smith, et al. v. GEICO*, Civ. Act. No. 01-1340, 2001 U.S. Dist. LEXIS 255 16, at *5-6 (D.D.C. Nov. 16, 2001). Defendants, in contrast, have identified no actual prejudice that will flow to them as a result of conditional certification at this juncture.

Defendants make two unsupported claims regarding why certification at this time will prejudice them. First, they cite their pending motion to dismiss. But defendants' pending motion to dismiss is irrelevant to whether plaintiffs' federal FLSA claim should be certified as a collective action. Defendants' motion seeks to dismiss plaintiffs' state-law claims only. However the Court rules upon it, the outcome of that motion will not affect the suitability of collective action certification for plaintiffs' federal claims. No result will change the parties to this action, nor will any result affect the federal claims in any way. Even if they prevail, defendants only can eliminate a state-law claim that is independent from the federal claims that plaintiffs seek to have conditionally certified. The pending motion to dismiss is therefore no barrier to certification of the federal claims.

---

[1] Defendants' assertion that plaintiffs should not be concerned about the running of the statute of limitation because, even if opt-in class members are losing days of their claims at the back end, they are gaining claims as each day goes by in the present is absurd. First, it implies that violations are ongoing (*i.e.* that defendants are creating new claims as each day goes by). Second, it implies that claims post-dating the filing of the law suit or the opt-in would not otherwise be included in the suit (when, of course, they are). Third, it wrongly assumes that all potential class members who have claims from three years ago still work for defendants. And, most importantly, defendants' bizarre argument in no way assuages or justifies the loss of days of claims from three years ago.

Second, defendants argue that the Court should refuse to conditionally certify the collective action because there has not been formal discovery. Yet FLSA collective actions are appropriately certified prior to formal discovery. As this Court explained in *Hunter*, certification of the collective action is deliberately conducted in two stages, one coming before and one coming after discovery:

> To determine whether a class should be certified under the FLSA, a court will usually proceed in two steps. At the first stage of the analysis, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." If the plaintiff is able to make that showing, the class is "conditionally certified" and the members of the class are given notice of the collective action and an opportunity to "opt in" to the litigation. *The action then proceeds as a representative action through the discovery period.*
>
> *The second step of the analysis occurs at the close of discovery*, when the defendant may move to decertify the class in light of the record that was developed during the discovery period. The court then makes a factual finding as to the whether the proposed class members are similarly situated. If the court determines that the putative class is similarly situated, then the action proceeds to trial. If the court determines that the putative class is not similarly situated, then the class is de-certified, the opt-in plaintiffs are dismissed without prejudice, and the named plaintiffs proceed to trial in an individual capacity.

346 F. Supp. 2d at 117 (citations omitted) (emphasis added).

Simply put, there is nothing unusual or inappropriate in granting conditional certification prior to discovery. Plaintiffs submitted with their motion for conditional certification affidavits and evidence satisfying the "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Defendants have not disputed any of this evidence, and have submitted no contrary evidence. Nor have they argued that this evidence is insufficient to carry plaintiffs' burden.

Finally, even assuming that there may be some circumstance in which a court might wish to order some limited discovery on a topic prior to conditional certification, defendants here do not identify a single topic on which they need discovery or a single issue that would affect the suitability of conditional collective action certification.

For these reasons, this action is ripe for conditional certification.

*B. The Proposed Class Notice*

Defendants also object to plaintiffs' proposed class notice in four ways, which we address in turn. First, defendants note that the class period for unnamed plaintiffs can only stretch back three years from when the individual opts-in, and that that cannot occur until (at the earliest) class notice is sent. They therefore propose that the class period be defined based on the date that notice is issued. Defendants are correct that the statute of limitations continues to run on the unnamed class members' claims. Indeed, that is the very reason plaintiffs seek (and courts authorize) conditional certification at this stage of the litigation. Plaintiffs agree that the date that class notice is ultimately sent is an appropriate date for defining the class period. Plaintiffs therefore are attaching a revised proposed class notice reflecting this change. *See* Ex. A.

Second, defendants wish to add language notifying class members that they may choose to be represented by counsel of their choice. Plaintiffs do not object to this proposal and have incorporated such language into the proposed class notice. *See* Ex. A.

Third, defendants argue that class members should be required to respond to the class notice in no more than 30 days. Plaintiffs believe that 90 days is a more appropriate period of time. In *Robinson-Smith v. GEICO*, this Court set a deadline for filing opt-ins of 111 days after its order authorizing issuance of the collective action notice. 2001 U.S.

Dist. LEXIS 25516 (D.D.C. Nov. 10, 2001).  Similarly, in *Lindsay v. GEICO*, this Court set a deadline for opt-ins that was 102 days out.  2004 U.S. District LEXIS 29830 (D.D.C. Nov. 9, 2004), overruled on other grounds by *Lindsay v. GEICO*, 448 F.3d 416 (D.C. Cir. 2006).  A 30-day deadline is unnecessarily short and reflects an effort to limit the size of the class that ultimately chooses to opt in.  A short opt-in period would also exacerbate the problem that defendants may not possess former employees' current addresses.  The opt-in period should be sufficient to allow mail forwarding and still allow potential class members reasonable time to weigh whether they wish to be a part of this lawsuit.  In plaintiffs' proposed notice, the date for opting in to the action is left blank, to be filled in based on the time period the Court orders and the date the notice is mailed.

Fourth, defendants request that their counsel be identified in the notice. Defendants do not, however, state any reason why the notice should identify defense counsel.  Indeed, identifying defendants' counsel in the notice serves no purpose – defendants' counsel has no role in the opt-in process – and listing the names and addresses of additional lawyers would create unnecessary potential for confusion.

## CONCLUSION

For the foregoing reasons and for the reasons stated in plaintiffs' motion, plaintiffs respectfully request that this Court conditionally certify the FLSA collective action, approve plaintiffs' proposed notice, and order InterSolutions to produce to plaintiffs the names and most current addresses of all current and former employees who fall within the class definition, dating back three years from the date of this Court's order.[2]

---

[2] Defendants have not objected to plaintiffs' request that defendants produce the names and most current addresses of all current and former employees who fall within the class definition.

DATED: March 15, 2007

Respectfully submitted,

____//s//______________________________

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax: (202) 319-1010

*Counsel for Chanel Cryer, James Byrd, Jonathan Cashwell, and Marc Inman*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHANEL CRYER,<br>JAMES BYRD,<br>JONATHAN CASHWELL, and<br>MARC INMAN,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERSOLUTIONS, INC.,<br>DREW GOLIN, and<br>SARAH WALDER,<br><br>Defendants. | ) | Case No. 06-02032 (EGS) |

**NOTICE OF LAWSUIT**
**AGAINST INTERSOLUTIONS, INC., DREW GOLIN, AND SARAH WALDER**
**SEEKING OVERTIME PAY FOR TEMPORARY EMPLOYEES**

***A Court has authorized this Notice. This is not an advertisement. Please review this Notice carefully, as it details certain legal rights that you may have.***

This Notice is to inform you of your right to join a lawsuit filed against InterSolutions, Inc., Drew Golin, and Sarah Walder. The lawsuit seeks to recover unpaid overtime that may be owed to current and former temporary employees of InterSolutions. If you wish to join this suit, you must complete and return the attached Notice of Consent to the address indicated below by _________.

*You may participate in this lawsuit even if you have recently received checks from InterSolutions purporting to pay you for unpaid overtime. Those checks may not have provided all of the unpaid overtime payments to which you may be entitled.*

**What This Lawsuit Is About**

The Complaint in this lawsuit alleges that InterSolutions failed to pay its temporary employees overtime. It claims that InterSolutions did not pay the full time-and-a-half the regular rate of pay for all hours worked over 40 in one week, and that this conduct violates federal law. The Complaint also claims that InterSolutions' conduct was willful and intentional, and seeks to recover for the temporary employees all money to which they are entitled.

As a current or former InterSolutions temporary employee, you have been identified as an individual who may be entitled to seek overtime pay in this lawsuit. The proposed class in this action is defined as: "all persons who are or have been employed by InterSolutions as temporary employees and who worked more than forty (40) hours during any given work week between *[DATE OF THIS NOTICE]*, 2003 and the present."

**Protection Against Retaliation**

Federal law forbids InterSolutions from retaliating or discriminating against you in any way if you decide to join this lawsuit.

**How To Join This Lawsuit**

Enclosed with this Notice are a Notice of Consent and an envelope addressed to the attorneys who represent the Plaintiffs. **If you decide to join in this lawsuit, you must complete and sign the Notice of Consent form, postmarked on or before ______, 2007 and mail it to:**

Sarah Keast, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

**If your Notice of Consent is postmarked after ___________, 2007, you will not be allowed to join in this lawsuit.**

**The Legal Effect of Joining or Not Joining This Lawsuit**

If you decide to join this lawsuit, you will be bound by any judgment entered by the Court. While this lawsuit is proceeding, you may have to answer written questions under oath, or to give sworn testimony. **Under no circumstances will you be personally responsible for paying any attorneys' fees or costs.** If you do not wish to be represented by the current plaintiffs' attorneys but wish to join this action, you are free to hire the attorney of your choice.

If you do not join in this lawsuit, you will not be entitled to any money that the Court may award if the plaintiffs prevail.

**Further Information Is Available**

If you have any questions, please contact one of the plaintiffs' attorneys identified below, who will represent you if you decide to join the lawsuit. Do **not** contact the Court.

Carolyn Weiss
Washington Lawyers' Committee
For Civil Rights and Urban Affairs
11 Dupont Circle, NW, Ste. 400
Washington, D.C. 20036
(202) 319-1000

Sarah Keast
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000

**The Court Has Not Yet Made Any Decisions About the Merits of Plaintiffs' Claims**

This Notice is issued to inform potential class members of their right to participate in this case. Although the Court has approved this Notice, it has not yet made any decision as to the merits of the claims and defenses of each party.

______________________________
Judge Emmet G. Sullivan
United States District Judge