IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, JAMES BYRD, JONATHAN CASHWELL, and MARC INMAN, <br><br>On behalf of themselves and all others similarly situated, <br><br>    Plaintiffs, <br><br>v. <br><br>INTERSOLUTIONS, INC., DREW GOLIN, and SARAH WALDER <br><br>    Defendants. | Case No. 06-02032 (EGS) |

**MOTION FOR EXTENSION OF TIME TO FILE FOR CLASS
CERTIFICATION OF THE MARYLAND STATE-LAW CLAIMS**

  Plaintiffs request an extension of time for filing their motion to certify their Maryland state-law Rule 23 class action.[1]  Defendants' motion to dismiss those claims remains pending, and therefore it would be premature for plaintiffs to file a motion to certify the state-law claims as class claim under Rule 23 until the motion is resolved.

  Local Civil Rule 23.1(b) requires plaintiffs to move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this

---

[1] Plaintiffs' counsel has conferred with opposing counsel pursuant to Local Rule 7(m), and defendants' counsel has indicated that defendants intend to oppose this motion.

period."[2]  Here, however, defendants have moved to dismiss those claims that plaintiffs seek to maintain as a Rule 23 class action (and plaintiffs have opposed that motion).  The basis of that motion to dismiss is defendants' argument that plaintiffs' state-law class claims cannot be maintained in this action with plaintiffs' federal FLSA claims.  Because defendants have sought to dismiss plaintiffs' state-law claims, they have not yet answered the complaint, and no discovery has commenced.  The claims remain in their very early stages.

Given the status of the litigation of the state-law claims,  a motion for certification of a Rule 23 class on these claims would be premature.  It would be inefficient for the Court to rule on certification of those claims before it decides whether they should proceed.

Plaintiffs therefore request that the Court exercise its discretion under Local Rule 23.1(b) and extend the time for filing a motion for certification of the Rule 23 class until a reasonable period of time (we suggest 90 days) after this Court rules on defendants' motion to dismiss.

DATED:  March 21, 2007

---

[2] Plaintiffs read this rule to require them to move for class certification within 90 days of the filing of their amended complaint. Plaintiffs have recently become aware of a decision – *Howard v. Gutierrez*, 2007 WL 404352 (D.D.C. Feb. 6, 2007) – that concluded that the time period runs from the filing of the original complaint, not the amended complaint. Regardless of which timeframe should apply, an extension is appropriate in this case. If the Court should conclude that plaintiffs' motion is untimely, plaintiffs request that the Court excuse this noncompliance as plaintiffs' interpretation of the rule was reasonable and defendants have experienced no prejudice due to any delay.

Respectfully submitted,


\_\_\_\_//s//_____
Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel.: (202) 346-4000
Fax:  (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax:  (202) 319-1010

*Counsel for Chanel Cryer, James Byrd,*
*Jonathan Cashwell, and Marc Inman*