IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>INTERSOLUTIONS, INC., *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case No. 06-02032 (EGS) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME TO FILE FOR CLASS
CERTIFICATION OF THE MARYLAND STATE-LAW CLAIMS**

Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively "Defendants"), by and through undersigned counsel, submit the following Memorandum in Opposition to Plaintiff's Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims ("Motion for Extension of Time").

**BACKGROUND**

On November 29, 2006, Chanel Cryer filed her complaint styled as a Collective Action and Class Action Complaint ("Complaint") (Doc. No. 1). The Complaint contained two counts: a collective action under the Fair Labor Standards Act ("FLSA") and a class action based on violations of Maryland law. The class action count described Ms. Cryer's purported representation of a "Maryland Subclass" that consists of "herself and all similarly situated hourly-paid InterSolutions employees who worked on behalf of InterSolutions at worksites in the State of Maryland since November 29, 2003 and who worked more than forty (40) hours during any given workweek of their employment." Complaint ¶¶ 13, 39. The class action count alleged

violations of Md. Code Ann., Labor & Empl. § 3-415 (2006) on behalf of the Maryland Subclass. *Id.* at ¶¶ 13, 37. Pursuant to Local Civil Rule 23.1(b), Ms. Cryer was required to file for certification of the Maryland Subclass on or by February 27, 2007.

On January 9, 2007, Ms. Cryer filed a First Amended Collective Action and Class Action Complaint ("Amended Complaint") (Doc. No. 6) in which James Byrd, Jonathan Cashwell, and Marc Inman joined the case as named Plaintiffs to the FLSA count. The Amended Complaint did not affect the Rule 23 class action allegations, and Ms. Cryer remained the lead, and only, plaintiff seeking to represent the Maryland Subclass. *See* Amended Complaint ¶¶ 16, 46, 47, 49, 50, 71-77.

On March 21, 2007, Plaintiff filed her motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims ("Motion for Extension of Time") (Doc. No. 24).

## ARGUMENT

Local Civil Rule 23.1(b) and the cases interpreting it establish a 90-day period in which to move for class certification that begins to run with the filing of the first complaint that states class allegations. The rule permits the Court to enlarge the period in which to move for class certification *only* if a plaintiff moves for enlargement of time within the 90-day period.

In the instant case, the 90-day period began to run on November 29, 2006, when Ms. Cryer filed her Complaint, and it expired on February 27, 2007. Ms. Cryer neither moved for class certification nor sought an extension of time in which to move for class certification by February 27, 2007. Instead, Ms. Cryer filed her Motion for Extension of Time on March 21, 2007—22 days after the 90-day period expired. This motion must be denied as untimely.

Moreover, Ms. Cryer has shown no compelling reason why the Court should excuse her neglect in failing to meet the 90-day requirement of the local rules.

A.  **The 90-Day Period Under Local Rule 23.1(b) In Which To File For Class Certification Begins to Run With the Filing of the First Complaint That States Class Allegations.**

Local Civil Rule 23.1(b) requires a plaintiff to move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period." In *Howard v. Gutierrez*, this Court held that Local Rule 23.1(b) "requires the filing of a certification motion within ninety days of the first complaint that states class allegations." -- F.Supp.2d ---, 2007 WL 404352, *11 (D.D.C. 2007) (Bates, J.). In *Howard*, Judge Bates rejected the argument that the filing of an amended complaint resets the 90-day period, holding that "[i]f the local rule were intended to apply to all subsequent amended complaints, it would refer to 'the filing of any complaint.' It does not." *Id.*

*Howard* is strikingly similar to the instant case. In *Howard*, the plaintiffs filed an initial complaint that contained class allegations but later amended it. *Id.* at *10. Within 90 days after filing their amended complaint, but greater than 90 days after filing their initial complaint, the plaintiffs moved for an extension of time in which to file for class certification. *Id.* at *10-11. The Court denied the plaintiffs' motion for an extension of time as untimely. *Id.*

Local Civil Rule 23.1(b) is strictly enforced. *See Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981), *vacated by mem. on other grounds sub nom. Moore v. Black Panther Party*, 458 U.S. 1118 (1982) (affirming the district court's refusal to grant an extension of time in which to file for class certification because the motion for extension of time was filed 11 days after the 90-day period expired); *Batson v. Powell*, 912 F.Supp. 565, 570-71 (D.D.C.

3

1996) (quoting *Weiss v. Int'l Bhd. of Elec. Workers*, 729 F.Supp. 144, 148 (D.D.C. 1990)) (denying plaintiff's motion for class certification because it was filed 20 days late, and noting that "this Court has made clear [that] the 90-day limit of Local Rule 203(b) [now Local Rule 23.1(b)] has been 'strictly enforced in this Circuit.'"); *Thomas v. Knight*, 257 F.Supp.2d 86, 91 n.5 (D.D.C. 2003) (Plaintiff "has failed to file a motion to certify the class within 90 days of the filing of the complaint as required by this Court's Local Rule 23.1(b). . . . Therefore, this Court will deny the plaintiff's request for class certification and consider his claim only with respect to himself as an individual.").

In the instant case the 90-day period began to run on November 29, 2006—the date Ms. Cryer filed her Complaint. Ninety days after November 29, 2006, was February 27, 2007. Ms. Cryer did not file her Motion for Extension of Time until March 21, 2007—22 days after the 90-day period expired. Plaintiff's Motion for Extension of Time is untimely and must be denied.

**B.     Once the 90-Day Period Ends, the Court Is Without Authority to Create a New 90-Day Period for Plaintiff to Move for Class Certification**

The plain language of Local Civil Rule 23.1(b) and the case law implementing it are clear that the Court may exercise its discretion to enlarge the period in which a plaintiff may move for class certification *only* if the plaintiff moves for enlargement of time *within* the 90-day period.

In *Black Panther Party*, the Court of Appeals affirmed the District Court's ruling that "since the time for moving to certify a class has expired, motions for extensions of time in which to file for certification were also precluded." 661 F.2d at 1279. In *Batson*, plaintiffs' motion for class certification was filed 20 days late. According to the Court, "had they moved for an enlargement of time in which to respond, as allowed by the comment to Rule 203(b) [now Rule

4

23.1(b)],[1] the Court could have excused them from Rule 203(b)'s 90-day requirement. Since plaintiffs did not take advantage of the available procedures, they have failed to satisfy the timeliness requirements of Local Rule 203(b). Plaintiffs' motion for class certification is denied." 912 F.Supp. at 571.

In the instant case, Ms. Cryer filed her Motion for Extension of Time 22 days after the 90-day period expired. The Court is therefore without authority to enlarge the period of time in which Ms. Cryer may move for class certification, and Plaintiff's Motion for Extension of Time must be denied.

C.  **Plaintiff Has No Compelling Reason Why the Court Should Excuse Her Failure to Comply With Local Rule 23.1(b)**

In her Motion for Extension of Time, Plaintiff offers several reasons why the Court should excuse her failure to comply with Local Rule 23.1(b). Assuming there is an excusable neglect exception to the local rule, which Defendants dispute, Plaintiff has not satisfied it here because every excuse put forth by Plaintiff has previously been rejected by this Court.

Plaintiff first seeks to excuse her noncompliance on her "reasonable" misinterpretation of Rule 23.1(b) as allowing a new 90-day period each time an amended complaint is filed. Motion for Extension of Time at 2 n.2. As discussed in Part A, *supra*, there is no ambiguity in the language of Rule 23.1(b). Plaintiff's erroneous interpretation cannot be entertained by this Court. The Rule states clearly that a plaintiff must file for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action." *See Howard*, 2007 WL 404352 at *11. Here, the 90-day period began to run on November 29, 2006, when

---

[1]  The Comment to old Local Rule 203(b) is the same as the current Comment to Local Rule 23.1(b). It states: "This amendment makes clear that the court may enlarge the 90-day period within which the motion for class certification is to be filed." *See also Batson*, 912 F.Supp. at 571 n.4.

5

Ms. Cryer filed "a complaint in a case sought to be maintained as a class action." According to Judge Bates in *Howard*, "[i]f the local rule were intended to apply to all subsequent amended complaints, it would refer to 'the filing of any complaint.' It does not. . . . Under plaintiffs' logic, the filing of an amended complaint would essentially render the local rule without its intended legal effect." 2007 WL 404352 at *11.[2] Moreover, "'inadvertence, ignorance of the rules, or *mistakes construing the rules* do not usually constitute 'excusable' neglect.'" *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1210 (D.C. Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

It is particularly difficult to accept Plaintiff's interpretation of the local rule in this case because the Amended Complaint in no way affected the class allegations stated in the initial Complaint. Although the Amended Complaint added three Plaintiffs to the FLSA count, Ms. Cryer remained the lead, and only, Plaintiff seeking to represent the Maryland Subclass whose definition and claims had not changed from the initial Complaint. *Compare* Complaint ¶¶ 13, 39, *with* Amended Complaint ¶¶ 16, 46, 49. There is simply no basis in the rule itself, in the case law interpreting it, or in the facts of this case for Plaintiff reasonably to claim that the Amended Complaint reset the 90-day period.

---

[2] Judge Bates issued his decision in *Howard* on February 6, 2007, which was before Ms. Cryer's time to move for class certification expired. Moreover, long before Ms. Cryer filed her initial complaint, several other federal district courts with substantively identical local rules held that the 90-day period begins to run with the filing of the first complaint that states class allegations. *See Jones v. Hartford Ins. Co.*, Order at 2, Case No. 05-392 (N.D. Fla. Apr. 14, 2006) ("The plain language of Local Rule 23.1(B) is clear and unambiguous. The rule commands that the motion for class determination must be filed within ninety days after filing a complaint, not after filing a subsequent amended complaint."); *Williamson v. Swiss Reinsurance Am. Corp.*, 2003 U.S. Dist. LEXIS 17934, *3 (E.D. La. 2003) (holding that it is the initial complaint and not any complaint that commences the 90-day period in which to file a motion for class certification); *Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 577 (N.D. Tex. 1996) (holding that the 90-day deadline begins to run on the date of removal of a case to federal court not from the date the first federal complaint is filed).

6

Defendants also note that Plaintiff's counsel in this mater are Goodwin Procter, a sophisticated, 700-attorney law firm with offices throughout the United States, and the Washington Lawyers' Committee for Civil Rights and Urban Affairs, an organization whose website boasts that its Equal Employment Opportunity Project has brought "*over 60 class actions* [that] have produced nearly $100 million in court awards and settlements and opened employment opportunities for thousands of African Americans, women, and other protected individuals." *See* website at http://www.washlaw.org/projects/eeo/default_new.htm. For Plaintiff's counsel, with the experience of 60 class actions, to ask to be excused from compliance with the local rule is to ask whether the rule could ever be enforced against anyone.

Plaintiff also claims that Defendants' pending Motion to Dismiss (Doc. No. 13) excuses her delay, but this claim was rejected over 30 years ago in *Coffin v. Secretary of Health, Educ. and Welfare*. 400 F.Supp. 953, 956-57 n.19 (D.D.C. 1975). In *Coffin*, the plaintiff attempted to excuse his failure to file for class certification within the 90-day period on the fact that the defendant filed motions to dismiss, to dissolve the three-judge court and to transfer the case. *Id.* This Court rejected those excuses, noting that it "fails to see how any or all of these actions could have hindered plaintiff's compliance with the Local Rule." *Id. See also Black Panther Party*, 661 F.2d at 1279 (holding that a need for additional time to gather facts before moving for class certification does not excuse failure to comply with the local rule); *Weiss*, 729 F.Supp. at 148 (holding that a need for additional time to conduct discovery does not excuse failure to comply with the local rule).

The lesson from *Coffin*, *Weiss*, and *Black Panther Party* is that excuses based on the procedural posture of a case—pending motions to dismiss and extra time needed for discovery or

7

other fact gathering—are insufficient justifications for a court to excuse a litigant's failure to comply with the local rule.

Finally, Plaintiff is incorrect that Defendants will suffer no prejudice if the Court grants Plaintiff's Motion for Extension of Time. On the contrary, Plaintiff and the putative Rule 23 class will suffer no prejudice if the Court denies Plaintiff's Motion. If the Court were to grant Plaintiff's Motion for Extension of Time, Defendants will be forced to expend significant resources defending a class action that by operation of the Court's local rules should not be heard. By contrast, none of the rights of either Chanel Cryer or the putative Rule 23 class will be affected by this Court denying the Motion for Extension of Time. Ms. Cryer's individual claims will go forward as alleged in the Amended Complaint and any potential claims by individual members of the putative Rule 23 class will remain unharmed.

## **CONCLUSION**

Defendants respectfully request that the Court deny Plaintiff's Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims. Defendants' note that the Court's denial of Plaintiff's Motion for Extension of Time will moot Defendants' Motion to Dismiss Count II of Plaintiffs' Amended Complaint (Doc. No. 13) since the Maryland Subclass can no longer be certified.

Dated:  April 4, 2007

                                                      Respectfully submitted,

                                                      ___/s/_____
                                                      Manesh K. Rath (D.C. Bar No. 457835)
                                                      *rath@khlaw.com*

                                                      Keller and Heckman LLP
                                                      1001 G Street, N.W.
                                                      Suite 500 West
                                                      Washington, D.C.  20001
                                                      Tel:  (202) 434-4100
                                                      Fax:  (202) 434-4646

                                                      Counsel for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2007, a copy of the foregoing was served by CM/ECF software on:

    Thomas J. Mikula (D.C. Bar No. 396105)
    Adam M. Chud (D.C. Bar No. 468443)
    Sarah S. Keast (D.C. Bar No. 493632)
    Goodwin Procter LLP
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    Tel.: (202) 346-4000
    Fax.: (202) 346-4999

    Susan E. Huhta (D.C. Bar No. 453478)
    Carolyn P. Weiss (D.C. Bar No. 480697)
    Washington Lawyers' Committee for
        Civil Rights and Urban Affairs
    11 Dupont Circle, N.W., Suite 400
    Washington, D.C. 20036
    Tel.: (202) 319-1000
    Fax.: (202) 319-1010

    Counsel for Plaintiffs
    Chanel Cryer, et al.

                                            _____/s/_____
                                            Manesh K. Rath, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, *et al.*,           )<br>                                                    )<br>            Plaintiffs,           )<br>                                                    )<br>     v.                                          )<br>                                                    )<br> INTERSOLUTIONS, INC., *et al.*,  )<br>                                                    )<br>            Defendants.          )<br> _____) | Case No. 1:06-cv-02032-EGS |

### **(PROPOSED) ORDER**

Upon consideration of Plaintiff's Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims, and any opposition and replies thereto, it is hereby

**ORDERED** this _____ day of _____, 2007 that Plaintiffs' Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims is **DENIED**; it is further

**ORDERED** that Count II of the First Amended Collective Action and Class Action Complaint is **STRICKEN**.

_____                    _____
Date                                                            Judge Emmet G. Sullivan