IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANEL CRYER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-02032 (EGS) |
| ) | |
| INTERSOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR A STATUS CONFERENCE**

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder (collectively "Defendants"), by and through undersigned counsel, submit the following Memorandum in Opposition to Plaintiffs' Motion for a Status Conference.

A status conference at this early stage of the litigation would be premature and would serve no purpose – except to impose undue costs upon Defendants. Plaintiffs are correct that there are three outstanding motions in this case. These motions are: 1.) Defendants' Motion to Dismiss Count II of the Amended Complaint (Jan. 25, 2007, Doc. No. 13); 2.) Plaintiffs' Motion for Conditional Class Certification of the Fair Labor Standards Act Collective Action ("Motion for Conditional Certification") (Feb. 16, 2007, Doc. No. 18); and 3.) Plaintiff Chanel Cryer's Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims ("Motion for Extension of Time") (Mar. 21, 2007, Doc. No. 24).

What Plaintiffs do not note in their Motion for a Status Conference, however, is that the resolution of either Defendants' Motion to Dismiss or Ms. Cryer's Motion for Extension of Time could be dispositive of the Rule 23 class count. Because there are two dispositive motions

pending before the Court, it would be premature and potentially wasteful for the parties to confer about a case whose status at the present time is known perfectly well by the parties.

Moreover, with two dispositive motions before the Court, it would be a waste of time and resources for Defendants to answer Plaintiffs' Amended Complaint. The Court should first determine the viability of the Rule 23 class count before Defendants expend significant resources answering Plaintiffs' allegations.

As far as determining which motions are of highest priority, Defendants submit that a conference with the Court will no sooner resolve that question than for the parties simply to state in their memoranda the motions they feel deserve highest priority and leave the final decision to the Court's good judgment. Plaintiffs have said in their Motion for a Status Conference that they would like the Court first to rule on their Motion for Conditional Certification. While that may be the best alternative for Plaintiffs, Defendants submit that the Court's administration of this case would be most simplified by first ruling on either the Motion for Extension of Time or the Motion to Dismiss. A favorable resolution for Defendants on either motion would moot the other, and the Court would not need to address it.

However, if the Court first rules on Plaintiffs' Motion for Conditional Certification, as Plaintiffs would like, the parties and the Court would be no closer to determining whether the Rule 23 class count remains viable in this case. Furthermore, this approach might result in subjecting the Defendants to extremely burdensome and costly discovery before it is known what counts are still relevant and before it is even known whether Plaintiffs are entitled to discovery on Rule 23 class-related issues. Lastly, Defendants would be in no better position to answer Plaintiffs' Amended Complaint, and the parties would be no closer to a point in this litigation at which it would make sense to hold a status conference.

As a last resort, this Court should review and rule upon all motions in the order in which they were filed.

As for initial disclosures and a discovery timeline, Defendants strongly believe that those issues cannot adequately be broached while two pending dispositive motions are before the Court.  As long as there are unresolved motions before the Court that could significantly limit the scope of this litigation, Defendants cannot know what disclosures are appropriate, what discovery will be necessary, or even when discovery should commence.

For the foregoing reasons, Defendants ask the Court to postpone a status conference until the Court has at least ruled on the two pending dispositive motions and the parties know whether the Rule 23 class count remains viable.  To hold a status conference any sooner will not be a productive use of either the litigants' or the Court's time.

Dated:  April 5, 2007

Respectfully submitted,

  /s/_____
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W.
Suite 500 West
Washington, D.C.  20001
Tel:  (202) 434-4100
Fax:  (202) 434-4646

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2007, a copy of the foregoing was served by CM/ECF software on:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Chanel Cryer, et al.

_____/s/_____
Manesh K. Rath, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHANEL CRYER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-02032-EGS |
| ) | |
| INTERSOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**(PROPOSED) ORDER**

Upon consideration of Plaintiffs' Motion for a Status Conference, and any opposition and replies thereto, it is hereby

**ORDERED** this _____ day of _____, 2007, that Plaintiffs' Motion for a Status Conference is **DENIED**.

_____          _____
Date                                         Judge Emmet G. Sullivan