UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
CHANEL CRYER, *et al.*,            )
                                   )
            Plaintiffs,            )
                                   )
     v.                            ) Civil Action No. 06-2032 (EGS)
                                   )
                                   )
INTERSOLUTIONS, INC., *et al.*,    )
                                   )
            Defendants.            )
_____)

**MEMORANDUM OPINION**

The plaintiffs in this case allege that defendants InterSolutions, Inc., Drew Golin and Sarah Walder violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and Maryland Statutory law by failing to pay time and a half to hourly-paid employees for hours worked in excess of forty hours per week. Pending before the Court is plaintiffs' Motion for Conditional Class Certification, Issuance of Notice, and Order for Certain Discovery.[1] Upon review of the motion, response and reply thereto, and the applicable law, plaintiffs' motion is **granted** subject to the specific instructions provided by the Court in this Memorandum Opinion and the Order accompanying this Memorandum Opinion.

---

[1] Defendants' Motion to Dismiss Count II of Plaintiffs' Amended Complaint and plaintiffs' Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims will be addressed in a separate Memorandum Opinion.

**I.   BACKGROUND**

Plaintiffs Chanel Cryer, James Byrd, Jonathan Cashwell, and Marc Inman all worked for InterSolutions between 2003 and the present.  InterSolutions provides staffing for concierge, leasing, and maintenance services to residential and commercial properties in the District of Columbia, Maryland, Virginia, and Pennsylvania.

Plaintiffs allege that defendants refused to pay overtime to its temporary, hourly-paid employees and that this conduct affected a sizeable percentage of the approximately 400 temporary employees during the relevant time period.  Specifically, plaintiffs allege that defendants either refused to pay overtime pay at all, paid employees their regular rate of pay for all hours worked in excess of forty hours in a week, or paid employees at a rate higher than their regular rate of pay for hours worked in excess of forty hours in a week, but not one-and-a-half times the employees' rate of pay.  Plaintiffs also allege that InterSolutions knew that it owed employees overtime because the overtime obligations were stated in its employee handbook.  Finally, plaintiffs allege that InterSolutions intentionally withheld overtime pay from employees and repeatedly and willfully misrepresented its overtime obligations to its employees during new hire orientations and in response to complaints from employees about their unpaid overtime.

On February 16, 2007, plaintiffs filed their Motion for Conditional Class Certification, Issuance of Notice, and Order for Certain Discovery. In that motion, plaintiffs ask the Court to conditionally certify a class of "all persons who are or have been employed by InterSolutions as temporary employees and who worked more than forty (40) hours during any given work week between November 29, 2003 and the present. Plaintiffs also ask the Court to authorize notice of the action to all members of the above-described class. Further, plaintiffs seek an order from the Court directing defendants to produce to plaintiffs the names and last known addresses of all current and former temporary employees, dating back three years from November 29, 2006.

**II.  ANALYSIS**

The FLSA provides a mechanism for a plaintiff to pursue a collective action for the denial of overtime compensation on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b). The scope of a collective action for overtime pay is limited, however, in that putative class members must affirmatively opt in to the action in order to become part of the lawsuit. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Moreover, the statute

of limitations continues to run on unnamed class members' claims until they opt in to the action.  *See* 29 U.S.C. §§ 216(b), 256.

    A.    **Conditional Class Certification**

Because of the time-sensitive nature of the opt-in requirements for potential class members, this Court and other courts have adopted a conditional certification process, whereby a court may conditionally certify the collective action class early in the litigation upon an initial showing the members of the class are similarly situated and then may later revisit the certification as the case develops.  *See, e.g., Hunter, et al. v. Sprint Corp.*, 346 F. Supp. 2d 113 (D.D.C. 2004); *Robinson-Smith, et al. v. GEICO*, 2001 U.S. Dist. LEXIS 25516 (D.D.C. Nov. 16, 2001).  At the first stage of this two-tiered approach, plaintiffs need only make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hunter*, 346 F. Supp. 2d at 117 (citation and internal quotation marks omitted).  This determination is made based solely on the pleadings and affidavits.  *See Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).  If the plaintiffs are able to make this initial showing, the class is "conditionally certified" and members of the class are given notice of the collective action and an opportunity to opt in to the litigation.  *Hunter*,

346 F. Supp. 2d at 117.  The action then proceeds as a "representative action" throughout discovery.  *Id.*

The second step of the analysis begins at the close of discovery.  At that point, the defendant may move to decertify the class in light of the record developed during discovery.  *Id.* The Court then makes a factual finding as to whether the proposed class members are in fact similarly situated.  *Id.*

In this case, plaintiffs, through their pleadings and evidence submitted in support of their motion, have sufficiently demonstrated that potential members of the class are similarly situated enough for the Court to conditionally certify the class. All potential class members were or are temporary hourly-paid employees of InterSolutions who were allegedly entitled to overtime pay for hours worked in excess of forty hours in a given work week.  All potential class members were allegedly denied full overtime pay when they worked more than forty hours per week.  Moreover, plaintiffs allege that InterSolutions' failure to pay overtime was willful and systematic.

In support of their motion for conditional certification, plaintiffs obtained declarations from individual employees who state that they worked more than forty hours in a given week for InterSolutions and were not paid overtime.  *See* Inman Decl. ¶¶ 5-6; Jones Decl. ¶¶ 5-6.  These employees also allege that they complained about not being paid overtime and were told that

InterSolutions did not pay overtime to employees unless employees worked more than forty hours a week at a single client site. *See* Inman Decl. ¶ 7; Jones Decl. ¶ 7.  Plaintiffs also obtained a declaration from Linda Green, a former manager of the concierge division at InterSolutions.  Green alleges that she received complaints from an estimated one to two dozen different employees, with some complaining multiple times, about InterSolutions' failure to pay overtime.  *See* Green Decl. ¶ 12.  Green also indicates that she brought these complaints to the attention of management.  *Id*. ¶¶ 14-15.  In addition to the declarations, plaintiffs also submitted pay stubs from several employees and a copy of InterSolutions employee handbook.  This evidence in connection with plaintiffs' pleadings is enough to meet their initial burden of a modest factual showing demonstrating that the named plaintiffs and potential as yet unnamed class members "were victims of a common policy or plan that violated the law." *Hunter*, 346 F. Supp. 2d at 117 (citation and internal quotation marks omitted).

### B.   Issuance of Class Notice

The parties disagree about the terms of the notice that will be issued to potential class members in several respects.  First, defendants argue that a two-year statute of limitations should apply to any potential class members and plaintiffs argue that a three-year statute of limitations should apply.  Second,

defendants argue that the time that potential class members have to respond to any notice received should be only thirty days and plaintiffs ask for a ninety-day response period.  Finally, defendants argue that defense counsel should be identified in any potential notice.

The Court finds that a three-year statute of limitations should apply for purposes of defining the initial class period in the notice that will be sent to prospective class members. Plaintiffs have sufficiently alleged that defendants' conduct was willful.  *See* 29 U.S.C. § 255 (noting three-year statute of limitations for willful violations).  Although the statute of limitations was tolled for named plaintiffs, the statute of limitations continues to run for all potential class members who have not yet opted in.  These individuals will only be entitled to recover any justified damages for, at most, three years back from the date that they opt in to the lawsuit.

Because the Court cannot control the dates on which potential class members will file their consents to opt in, however, the Court adopts the parties' recommendation that the date of the notice shall define the start of the class period. The first day of the class period shall be three years prior to the date of the notice.  As indicated in the accompanying Order, the date of the notice shall be May 1, 2007 in order to give the

parties time to finalize an appropriate notice and the Court the opportunity to approve that notice.

Other than the objections already addressed in this Memorandum Opinion, defendants have not further challenged the scope of the class defined by plaintiffs. The class therefore shall include "all persons who are or have been employed by InterSolutions as temporary employees and who worked more than forty (40) hours during any given work week between May 1, 2004 and the present."

The Court finds that ninety days from the date on the notice is a reasonable period of time for potential class members to respond to the class notice. A ninety-day period is more in keeping with the time periods used in other similar class actions in this Court than the defendants' proposed thirty-day period. *See Lindsay v. GEICO*, 2004 U.S. Dist. LEXIS 29830 (D.D.C. Nov. 9, 2004), *overruled on other grounds by* 448 F.3d 416 (D.C. Cir. 2006) (allowing 102 days for opt ins); *Robinson-Smith*, 2001 U.S. Dist. LEXIS 25516 (D.D.C. Nov. 10, 2001) (allowing 111 days for opt ins).

The Court also sees no reason to include defense counsel on the class notice. Defense counsel does not play a role in managing the distribution of the notice or the gathering of consent forms. Including additional lawyers only creates the potential for confusion of those who receive the notice.

Defendant cites one 1996 case from the Middle District of Tennessee in which a district court approved a notice that contained the contact information for defense counsel. *See Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 254 (M.D. Tenn. 1996). However, prior approved notices issued in collective actions before this Court have not included such information. *See, e.g., Hunter, et al. v. Sprint Corp.*, Civ. Action No. 04-376, Docket No. 64 (collective action notice). The Court will follow the prior practice of this Court where defense counsel has not been included on the notice.

### C. Production of Names and Addresses

Plaintiffs ask the Court to order defendants to produce the names and addresses of all current and former InterSolutions temporary employees who fall within the conditionally certified class. The Supreme Court has authorized such a practice, *see Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989), as has this Court. *See, e.g., Hunter*, 346 F. Supp. 2d at 121. Moreover, defendants have not objected to the production of names and addresses. Accordingly, the Court will require the defendants to produce the names and addresses of the all current and former employees who fall within the class definition.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Conditional Class Certification, Issuance of Notice, and Order

for Certain Discovery is **granted.**  An appropriate Order providing further instruction to counsel accompanies this Memorandum Opinion.

**Signed:     Emmet G. Sullivan
             United States District Judge
             April 7, 2007**