IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, JAMES BYRD, JONATHAN CASHWELL, and MARC INMAN, On behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>INTERSOLUTIONS, INC., DREW GOLIN, and SARAH WALDER,<br><br>    Defendants. | Case No. 06-02032 (EGS)<br>Next event:<br>Status Conference (4/25/07) |

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME
TO FILE FOR CLASS CERTIFICATION OF
THE MARYLAND STATE-LAW CLAIMS**

  Plaintiffs have requested that the Court extend the time for them to seek to certify under Fed. R. Civ. P. 23 a class of individuals who may assert claims for blatant violations of Maryland's Wage and Hour law. After plaintiffs filed the initial Complaint on November 29, 2006, they filed an Amended Complaint on January 9, 2007. Instead of answering the Amended Complaint, defendants moved to dismiss the portion of Count II thereof that pleads claims under Maryland law that are maintainable as a Rule 23 class [ECF Document 13]. Defendants' motion to dismiss is pending for decision by the Court.

  Plaintiffs did not file for Rule 23 certification of the Maryland law claims within 90 days after the initial Complaint was filed, but did move for an extension of time to do so within 90 days of filing the Amended Complaint. Plaintiffs submit that the motion for an extension of time was therefore timely. If, however, the Court concludes that plaintiffs should have moved for Rule 23 class certification within 90 days of filing the initial Complaint, then plaintiffs

respectfully request that the Court exercise its discretion to extend that period until after the Court rules on defendants' motion to dismiss the claims for which certification would be sought.

Plaintiffs' request for an extension is timely.  Local Rule 23.1(b) states that "[w]ithin 90 days after the filing of a Complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff shall move for certification under Rule 23(c)(1) * * *."  The plain text of the rule sets the running of the 90-day time period from the filing of "a Complaint," not to the filing of the filing of "a lawsuit" or the filing of "an initial complaint."  Triggering the motion for class certification from the filing of an amended complaint, not the initial complaint, is sensible because amendments can alter the parties and class issues relevant to the certification motion.  Here, plaintiffs filed their motion for an extension of time within 90 days of the filing of their Amended Complaint, and the request should therefore be deemed timely.[1]

Even if the Court were to disagree with our reading of Local Rule 23.1(b), the Court plainly has the discretion to extend the 90-day filing period in any event.  Local Rule 23.1(b) explicitly gives the Court such "discretion."  See also *United Mine Workers of America* v. *Arch Mineral Corp.*, 1992 U.S. Dist. LEXIS 18504 (D.D.C. Sept. 18, 1992) (granting extension of time to move for class certification, even though motion was not filed within 90-day period; permitting motion "to be late filed is not inconsistent with notions of fundamental fairness and the orderly administration of justice").

Further, Fed. R. Civ. P. 6(b) also gives this Court the power to extend the time period to seek class certification, if the Court deems any neglect in filing the request to be excusable.  The

---

[1] While plaintiffs recognize that Judge Bates reached a different conclusion in *Howard v. Gutierrez*, 2007 WL 404352 (D.D.C. Feb. 6, 2007), we respectfully submit that his reading of the Rule is not compelled by the plain language.

2

determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The court must consider "[1] the danger of prejudice to the [other party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id*.

Here, these factors favor a finding of excusable neglect. First, defendants have suffered no prejudice. Had plaintiffs sought Rule 23 certification of the Maryland state-law claims before the 90-day period lapsed, the parties would be in exactly the same position as they are now: the motion to dismiss those claims would still be pending, and the Court would therefore have had no occasion to decide whether to certify a class under Rule 23.

Second, the length of the delay has been minor – only 22 days – and has had no impact on the litigation because of the pending motions.

Third, the reason for the delay was based on a reasonable interpretation of a local rule. Defendants argue that mistakes construing the rules should not be considered excusable neglect, citing to *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207 (D.C. Cir. 2003). But they misconstrue that decision, which explained:

> "The Court in *Pioneer* purposely fashioned a flexible rule which, by its nature, counsels against the imposition of a per se rule on attorney neglect. 'Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' * * * is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" *Id*. at 1210.

Given the nature of the alleged error and the lack of any consequence therefrom, this is such a circumstance in which the alleged error may – and should – excused.

3

Finally, plaintiffs' have acted in good faith. *Howard v. Gutierrez* was issued just three weeks prior to the running of the original 90-day period, and well after plaintiffs had concluded that the certification motion should be filed within 90 days after the filing of the Amended Complaint. To plaintiffs' knowledge, that is the first decision of this Court to hold that the 90 days runs from the filing of the original complaint. Plaintiffs did not become aware of the decision until the initial period had lapsed. Upon learning of the decision, plaintiffs acted promptly. Plaintiffs have not gained any substantive or procedural advantage by any delay.

We note that on the question of whether any neglect should be excused, *Howard* is an instructive counterpoint. There, Judge Bates considered whether the neglect was excusable, but found that on the facts before him that the delays were too significant and the proffered reason for the delays was insufficient. In *Howard*, the plaintiff waited almost *six months* after the 90-day deadline passed before seeking to extend the period to move for class certification. Here, assuming that the deadline passed at all, it passed by less than *one month*, during which time there was virtually no litigation-related activity in this case. And in *Howard*, the plaintiff waited three months *after* being notified that the deadline had passed in order to seek to extend the period in which to seek class certification. Here, plaintiffs acted promptly.

## Conclusion

For the foregoing reasons, plaintiffs request that the Court grant their request for an extension of time to file their motion for certification of a Rule 23 class.

DATED: April 13, 2007

        Respectfully submitted,

        \_\_\_\_//s//_____
        Thomas J. Mikula (D.C. Bar No. 396105)
        Adam M. Chud (D.C. Bar No. 468443)
        Sarah S. Keast (D.C. Bar No. 493632)
        Goodwin Procter LLP
        901 New York Avenue, N.W.
        Washington, D.C. 20001
        Tel.: (202) 346-4000
        Fax: (202) 346-4999

        Susan E. Huhta (D.C. Bar No. 453478)
        Carolyn P. Weiss (D.C. Bar No. 480697)
        Washington Lawyers' Committee for
          Civil Rights and Urban Affairs
        11 Dupont Circle, N.W., Suite 400
        Washington, D.C. 20036
        Tel.: (202) 319-1000
        Fax: (202) 319-1010

        *Counsel for Chanel Cryer, James Byrd,*
        *Jonathan Cashwell, and Marc Inman*

LIBW/1625063.3