UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CHANEL CRYER, *et al.*,             )
                                    )
            Plaintiffs,             )
                                    )
        v.                          ) Civil Action No. 06-2032 (EGS)
                                    )
                                    )
INTERSOLUTIONS, INC., *et al.*,     )
                                    )
            Defendants.             )
_____)

**MEMORANDUM OPINION**

The named plaintiffs in this case allege that defendants InterSolutions, Inc., Drew Golin and Sarah Walder violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and Maryland Statutory law by failing to pay time and a half to hourly-paid employees for hours worked in excess of forty hours per week. Pending before the Court is defendants' Motion to Dismiss Count II of Plaintiffs' Amended Complaint and plaintiffs' Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims. Upon review of the motions, responses and reply thereto, and applicable law, defendants' motion to dismiss is **denied** and plaintiffs' motion for extension of time is **granted.**

**I.   BACKGROUND**[1]

InterSolutions provides staffing for concierge, leasing, and maintenance services to residential and commercial properties in the District of Columbia, Maryland, Virginia, and Pennsylvania. Plaintiff Chanel Cryer resides in Maryland and began working in 2003 for InterSolutions' concierge division as an hourly-paid employee at work sites in D.C., Maryland, and Virginia.

Pursuant to Federal Rule of Civil Procedure 23 and based on alleged violations of the Maryland Code, Cryer brings a class action claim on behalf of herself and other similarly situated hourly-paid InterSolutions employees who worked on behalf of InterSolutions at work sites in Maryland, and who worked more than forty hours in any given workweek, between November 29, 2003 and the final disposition of this action.  These individuals are referred to in the First Amended Collective Action and Class Action Complaint ("Amended Complaint") as the Maryland Subclass. Cryer and other members of the Maryland Subclass, like the members of the class that has already been conditionally certified by this Court pursuant to the Fair Labor Standards Act ("FLSA"), allege that they worked more than forty hours in

---

[1] The background facts in this case are laid out in more detail in this Court's April 7, 2007 Memorandum Opinion [Dkt. No. 29].  The facts in this section are specific to the Maryland state law claim.

certain workweeks in the relevant time period and were not paid an appropriate amount of overtime pay.

Plaintiffs filed their initial complaint in this case on November 29, 2006.  They filed an amended complaint on January 9, 2007.  On January 25, 2007, defendants filed a motion to dismiss Count II of plaintiffs' Amended Complaint.  Count I of plaintiffs' Amended Complaint alleges violations of the FLSA and Count II alleges violations of Maryland law.  On March 21, 2007, plaintiffs filed a motion for extension of time to file for class certification on the Maryland state-law claim.

**II. ANALYSIS**

    **A.   Motion to Dismiss**

Defendants have moved to dismiss Count II of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor.  *See, e.g., United States v. Phillip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2001).  Dismissal is not appropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1974) (holding that a court may dismiss a complaint for

failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

Defendants argue that there is an inherent inconsistency between the nature of state law class actions under Federal Rule of Civil Procedure 23 and the nature of collective actions under the FLSA. Under the FLSA, potential class members must affirmatively join -- or opt in -- to the lawsuit. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). In contrast, in Rule 23 class actions, potential class members must affirmatively opt out if they do not want to be part of the class action. See Fed. R. Civ. P. 23(c)(2)(B) (explaining that the notice to class members must state "that the court will exclude from the class any member who requests exclusion" and state "when and how members may elect to be excluded"). Some courts have found the differences between the opt-in procedures for FLSA actions and the opt-out procedures for Rule 23 class actions to be "inherently incompatible" and have not allowed these claims to proceed together in the same lawsuit. *See, e.g., Himmelman v. Continental Cas. Co.*, 2006 WL 2347873, at *2-*3 (D.N.J. Aug. 11, 2006); *see also Chase v. Aimco Props., L.P.*, 374 F. Supp. 2d 196, 202 (D.D.C. 2005) (noting that the

4

court would be disinclined to exercise supplemental jurisdiction over state law class action claims when FLSA claims were part of the case, in part, because of the "unacceptable complexities" that the state class would inject into the case).[2]

The D.C. Circuit recently addressed an issue almost identical to the one in this case.  In *Lindsay v. GEICO*, 448 F.3d 416 (D.C. Cir. 2006), the plaintiffs sought to recover unpaid overtime under both the FLSA and the New York Minimum Wage Act.  The defendants argued that the state law class action claim could not proceed because the plaintiffs had also asserted an FLSA claim.  *Id*. at 422-23.  The district court denied a request to certify the New York class, finding that "the FLSA class certification procedure requiring all class members to affirmatively opt in precluded it from exercising supplemental jurisdiction over those state law claimants who did not affirmatively join the FLSA claim."  *Id*. at 418.  The D.C. Circuit disagreed and reversed.

---

[2] The alleged complexity stems from the fact that a potential plaintiff who receives two class action notices may reasonably choose not to respond to either notice out of confusion, making her a party to the state law class action but not a party to the federal law collective action.  *Chase*, 374 F. Supp. 2d at 202.  A judgment in the state law class action could preclude the potential plaintiff from then bringing her own separate FLSA claim even though she never opted in to the federal class and would be able to bring her own FLSA action had there not also been a state law action in the same suit.

In reversing the lower court's decision, the Circuit Court held that federal courts have supplemental jurisdiction under 28 U.S.C. § 1367(a) over state law overtime claims in situations where the complaint alleges that "members of both classes performed the same type of work for the same employer and were deprived of overtime compensation as a result of the same action taken by their employer." *Id*. at 424.  The Circuit rejected arguments that differences between the opt-in procedures under the FLSA and the opt-out procedures under Federal Rule of Civil Procedure 23 should prevent the court from exercising mandatory supplemental jurisdiction under section 1367(a).  *See id*. ("While there is unquestionably a difference -- indeed an opposite requirement -- between opt-in and opt-out procedures, we doubt that a mere *procedural* difference can curtail section 1367's *jurisdictional* sweep.").

Even though the Circuit Court found that there is no bar to exercising jurisdiction over FLSA and state law class action claims in the same lawsuit, the Circuit left the door open for the district court to use its discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).  See *id*. The Circuit noted, however, that the district court's ability to decline to exercise supplemental jurisdiction is "circumscribed." *Id*.  Under 1367(c), a federal court may decline to exercise supplemental jurisdiction over a state law claim when (1) the

claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367.

In *Lindsay*, the D.C. Circuit indicated that the district court did not rely on the 1367(c) factors for "good reason."  448 F.3d at 424.  First, the Circuit approvingly noted that the District Court found that the state law issues (wage and hour claims under New York law) were not novel or complex within the meaning of 1367(c)(1).  The Circuit also accepted the District Court's conclusion that the state law claims did not predominate over the federal law claims.  The Circuit noted that "[p]redomination under 1367(c)(2) relates to the type of claim and here the state law claims essentially replicate the FLSA claims -- they plainly do not predominate."  *Id*. at 425.  However, the Circuit did recognize that in some circumstances the state law claims could involve complex issues of law not present in the federal claims and that a huge disparity in numbers between state law plaintiffs and federal law plaintiffs could result in predomination of state law claims.  *Id*. at 425 n.11, n.12.  As in the case presently before this Court, the district

court in *Lindsay* had not dismissed the FLSA claims so 1367(c)(3) did not apply. The Circuit Court indicated that the district court could consider on remand whether there were "other compelling reasons" for declining jurisdiction under 1367(c)(4). *Id*. at 425. The Circuit instructed the district court to balance "economy, convenience, fairness, and comity" in making its determination. *Id*. The Circuit also made clear that it does not "view the difference between the opt-in procedure provided by section 216(b) and the opt-out procedure provided by Rule 23 as fitting the 'exceptional circumstances'/'other compelling reasons' language of section 1367(c)(4)." *Id*.

In this case, defendants' motion to dismiss rests, in large part, on the alleged conflict between the opt-in procedures for FLSA collective actions and opt-out procedures for Rule 23 class actions. As is clear from *Lindsay*, the D.C. Circuit does not view the opt-in/opt-out distinction alone as a reason for declining to exercise supplemental jurisdiction over the state law class action claim under 1367(c)(4). *Id*. This Court is not persuaded that having the FLSA claims and the state law claims in the same lawsuit will inject unacceptable complexities into the lawsuit that cannot be overcome with a well drafted class action

notice explaining to potential class members their rights.[3] Moreover, the Court finds that there is even greater cause for concern about confusion of class members if the state law claims proceed in a separate court and class members thereby receive class action notices from two different courts.

The Court will not decline to exercise jurisdiction based on 28 U.S.C. § 1367(c)(1) because the Court does not find that the state law claim raises a novel or complex issue of state law. The state law and the federal law both require payment of 1.5 times the employee's wage for each hour worked over forty hours in a given workweek. *See* 29 U.S.C. § 207; Md. Code Ann., Labor & Empl. § 3-415. Moreover, members of the federal class and the Maryland Subclass performed work for the same employer and the alleged violation is exactly the same. Plaintiffs raise no issues that are unique to the state law claim.

The Court also will not decline to exercise jurisdiction under 28 U.S.C. § 1367(c)(2) based on any alleged predomination of state law claims over federal claims. At this stage, the Court does not find that there is likely to be a huge disparity in numbers with state class action members substantially outnumbering federal collective action members. Plaintiffs have

---

[3] In the event that the Court certifies a Maryland Subclass, any class notice issued will have to address the consequences to class members of failing to opt in to the FLSA collective action or opt out of the state class action.

predicted as many as 400 potential federal collective action members and only about 50 Maryland Subclass members. The Court recognizes that not all eligible federal collective action members may choose to opt in, but the much greater number of potential federal class members lessens the risk that there will be huge disparities between the two classes that would result in predomination of the state law claim.

Defendants also argue that the Rules Enabling Act prevents the Court from considering the state law claims. Another district court that was recently faced with this issue found that the better course would be to examine the potential conflict between state and federal class actions in terms of supplemental jurisdiction rather than the Rules Enabling Act. *See Neary v. Metro. Prop. & Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 9950, at *5-*9 (D. Conn. Feb. 9, 2007). That court noted that the Second Circuit had already found that the FLSA does not preempt state law class action claims. *Id.* at *9. This Court agrees with the reasoning adopted by the District of Connecticut in *Neary* and, therefore, will not dismiss the state law claim based on the Rules Enabling Act.

At this time, the Court finds no reason to dismiss the Maryland state law claim alleged in Count II of plaintiffs' Amended Complaint. Accordingly, defendants' Motion to Dismiss Count II of Plaintiffs' Amended Complaint is **denied.**

**B.   Motion for Extension of Time to File for Class Certification**

On March 21, 2007, plaintiffs filed a motion for extension of time to file their motion for class certification of the Maryland state-law claim.  Under Local Civil Rule 23.1(b), plaintiffs must move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended this period."  LCvR 23.1(b).  The original complaint in this case was filed on November 29, 2006.  An amended complaint was filed on January 9, 2007.  Plaintiffs indicate in their motion for extension of time that they read Local Rule 23.1 to require them to move for class certification within ninety days of the filing of their amended complaint.  They acknowledge, however, that a recent decision by another judge on this Court held that plaintiffs in such cases must move for class certification or an extension of time within ninety days from the filing of the original complaint.  *See Howard v. Gutierrez*, 2007 WL 404352 (D.D.C. Feb. 6, 2007).  Plaintiffs ask the Court to excuse their untimeliness if the Court finds that the filing of the original complaint controls because plaintiffs argue that their interpretation of the Local Rule was reasonable and defendants have experienced no prejudice because of the delay.  Plaintiffs also note that they moved for an extension of time because the defendants filed a motion to dismiss the state

11

law claims and it would be inefficient for the Court to rule on the class certification before deciding the motion to dismiss.

In *Howard*, this Court faced an identical situation to the one presented in this case. The plaintiffs in *Howard* filed their original class complaint on October 5, 2005. The ninety-day period thus expired on January 3, 2006. On June 23, 2006, the plaintiffs filed a motion for extension of time to file for class certification of their state law claims. *See Howard*, 2007 WL 404352, at *10.

The Court eventually struck the class certification because of plaintiffs' failure to comply with Local Civil Rule 23.1(b). In doing so, the Court noted that Rule 23.1 and its predecessors have been strictly construed by the D.C. Circuit. *See, e.g., Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981) ("[S]trict enforcement of Local Rule 1-13(b) implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly."); *Batson v. Powell*, 912 F. Supp. 565, 570 (D.D.C. 1996) ("As this Court has made clear, the 90-day limit of Local Rule 203(b) has been strictly enforced in this Circuit") (internal quotation marks omitted)). The D.C. Circuit has affirmed a district court's denial of a motion for extension of time to move for class certification that was filed only eleven days late. *See Black Panther Party*, 661 F.2d at 1279.

In *Howard*, the Court also rejected plaintiffs' argument that they timely filed their motion for extension of time because it was filed within ninety days of the filing of their amended complaint. *See Howard*, 2007 WL 404352, at *11. The Court found that the Local Rule refers to the filing of "a complaint." The plaintiffs tried to argue that this could mean any complaint and not just the original complaint. In rejecting this argument, the Court pointed to a number of district courts in other jurisdictions who have interpreted almost identical rules to refer to the filing of the original complaint rather than later amended complaints. *Id*.

This Court accepts the Court's conclusion in *Howard* that the ninety-day limitations period begins to run from the filing of the original complaint and not any later amended complaint. The Court parts company with the *Howard* decision, however, on the issue of excusable neglect. As discussed below, because this Court finds that there was excusable neglect in this case, the Court will use its discretion to extend the deadline for filing for class certification on the Maryland state-law claims.

In determining excusable neglect, which is ultimately an equitable determination, the Court may consider (1) "the danger of prejudice to the [other party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for delay, including whether it was within the reasonable control of

13

the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The *Pioneer* Court "purposely fashioned a flexible rule which, by its nature, counsels against the imposition of a *per se* rule on attorney neglect." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

In this case, the Court finds that the *Pioneer* factors weigh in favor of finding excusable neglect on the part of the plaintiffs. First, defendants are not prejudiced if the court allows plaintiffs to file for class certification. Defendants have been on notice since the filing of the original complaint on November 29, 2006 that plaintiffs intended to pursue a class action with regard to the state law claim. In addition, even if the plaintiffs had filed their motion for extension of time for class certification prior to the expiration of the ninety-day period, the Court still would have had to resolve defendants' motion to dismiss prior to setting any schedule for the filing of briefs on class certification. Second, the length of delay in

14

this case is not great.  Plaintiffs filed their motion for extension of time to file for class certification just 22 days after the expiration of the ninety-day period and before any decision was issued on the motion to dismiss.  The length of delay had little, if any, impact on further proceedings in this Court as a result of the pending motion to dismiss and the early stage of the litigation overall.  Third, although the Court ultimately agrees with the decision in *Howard* regarding the limitations period, the Court finds that plaintiffs were not unreasonable to think that the ninety-day period began to run from the filing of their Amended Complaint.  The *Howard* decision was issued just three weeks before the end of the expiration period and was the first decision by this Court clearly explaining the rationale for the ninety-day period running from the filing of the original complaint.  Finally, the Court finds that plaintiffs acted in good faith.  As soon as plaintiffs learned of the decision in *Howard*, plaintiffs acted promptly to file their motion for extension of time to file for class certification on their state law claim.  Plaintiffs also pointed out the *Howard* decision for the Court in their motion for extension of time.

   Plaintiffs conduct in this case provides a stark contrast to the conduct that led the Court in *Howard* to find that there was not excusable neglect.  In *Howard*, the plaintiffs waited almost

15

six months after the expiration of the ninety-day period to file their motion for extension of time. In this case, plaintiffs waited only three weeks. In *Howard*, plaintiffs also waited three months after being notified that they had missed the deadline before filing for an extension of time. Here, plaintiffs acted promptly to file their motion.

Because the Court finds that any neglect in not filing a timely motion for extension of time to file for class certification was excusable in this case, the Court will not bar plaintiffs from proceeding with their state law class claim at this time. Accordingly, plaintiffs' Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims is **granted**. Once plaintiffs' motion for class certification is filed and ripe, the Court will evaluate the merits of actually certifying the class.

### III. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss Count II of Plaintiffs' Amended Complaint is **denied** and plaintiffs' Motion for Extension of Time to File for Class Certification of the Maryland State-Law Claims is **granted**. An appropriate order setting forth further instruction to counsel accompanies this Memorandum Opinion.

**Signed:**     **Emmet G. Sullivan**
          **United States District Judge**
          **April 20, 2007**