IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, ET AL., )<br>On behalf of themselves and all others )<br>similarly situated, )<br>        )<br>        Plaintiffs, )<br>v.       )<br>        )<br>INTERSOLUTIONS, INC., ET AL., )<br>        )<br>        Defendants. )<br>_____) | Case No. 06-02032 (EGS) |

### NOTICE OF FILING OF PLAINTIFFS' PROPOSED COLLECTIVE
### ACTION NOTICE, CONSENT FORM, AND ORDER

Pursuant to the Court's May 25, 2007 order, the parties have prepared proposed notices of lawsuit, notices of consent, and orders. The parties have jointly consulted and greatly narrowed their points of dispute. The parties have reached full agreement on the Notice of Consent, which they file jointly.

The parties have reached substantial agreement on the proposed Order Concerning Collective Action Notice  They continue to disagree regarding contact between defendants and members of the class (paragraph 11). They also disagree about the inclusion of notices and consent forms in the paychecks (paragraph 5). Plaintiffs have proposed that Notices be included in each paycheck in May, June, and July; defendants wish to limit this to the first May paycheck. The Notice must be included in each paycheck because, given the nature of the temporary placement business, many employees do not work during each pay period. The proposed orders should otherwise be reconciled.

The parties have also reached substantial consensus on the Notice of Lawsuit. There remain two major points of concern, and the parties have agreed to present their notices with

those two areas highlighted for the Court using bold and italics. We believe the parties have otherwise reconciled the language.

The first area of disagreement is the final paragraph of section 3, "ACTION TO TAKE IF YOU WANT TO PARTICIPATE IN THIS LAWSUIT." Plaintiffs believe that this is the key deadline in the notice and that the notice must simply and clearly state that deadline. Defendants' proposal for a statement concerning the right to sue independently is addressed, as it was in the *Hunter v. Sprint* notice, in section 7, "ACTION TO TAKE TO STAY OUT OF THE LAWSUIT." Defendants' proposal does not relate to an action to take if the individual wants to participate in this suit, therefore it does not belong in Section 3, and makes the key deadline unclear.

Second, the parties disagree regarding the first paragraphs of section 4, "EFFECT OF JOINING THIS LAWSUIT." The provisions defendants seek to interject were not required in *Hunter* and are not appropriate here. The provisions that plaintiffs seek to include accurately reflect the potential award of attorney fees in this action.

Therefore, plaintiffs submit the following revised proposed (a) Order Concerning Collective Action Notice, (b) Notice of Lawsuit Against InterSolutions, Inc. Seeking Overtime Pay for Temporary Employees, and (c) Notice of Consent.

DATED: April 26, 2007

                                            Respectfully submitted,

                                            ____//s//_____
                                            Thomas J. Mikula (D.C. Bar No. 396105)
                                            Adam M. Chud (D.C. Bar No. 468443)
                                            Sarah S. Keast (D.C. Bar No. 493632)
                                            Goodwin Procter LLP
                                            901 New York Avenue, N.W.
                                            Washington, D.C.  20001

Tel.: (202) 346-4000
Fax:  (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax:  (202) 319-1010

*Counsel for Chanel Cryer, James Byrd,
Jonathan Cashwell, and Marc Inman*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, JAMES BYRD, )<br>JONATHAN CASHWELL, and )<br>MARC INMAN, on behalf of themselves )<br>and all others similarly situated )<br>)<br>           Plaintiffs, )<br>v. )<br>)<br>INTERSOLUTIONS, INC., )<br>DREW GOLIN, and )<br>SARAH WALDER )<br>)<br>           Defendants. )<br>_____) | Case No. 06-02032 (EGS) |

**NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN**

      The purpose of this legal notice is to inform you that a lawsuit has been filed against InterSolutions, Inc., Drew Golin, and Sarah Walder for unpaid overtime wages, and that you may be eligible to join the lawsuit. You may be able to join the lawsuit because you are potentially similarly situated to the people who initially brought the lawsuit.

      This notice advises you on how your rights may be affected by this lawsuit and how you may participate in this lawsuit if you decide that you want to participate in it.

      **1.    DESCRIPTION OF THE LAWSUIT**

      Plaintiff Chanel Cryer filed this lawsuit against InterSolutions, Inc., Drew Golin, and Sarah Walder on November 29, 2006. Subsequently, James Byrd, Jonathan Cashwell, and Marc Innman joined the lawsuit as plaintiffs.

      The plaintiffs allege that the defendants violated the Federal Fair Labor Standards Act by not paying eligible employees overtime compensation at the rate of time and one-half for all hours working in excess of 40 hours in a work week. The lawsuit is seeking back pay and

liquidated damages (a payment equal to the amount of unpaid wages that may be awarded under certain circumstances under the Federal Fair Labor Standards Act for workers not paid overtime correctly) for eligible employees, as well as costs and attorney's fees.

After this lawsuit was initiated, InterSolutions performed an internal audit and issued checks to some plaintiffs and other temporary employees for what it determined to be unpaid overtime that it owed for the past three years. InterSolutions also paid a second amount equal to the amount of the first check that it contends satisfies the liquidated damages requirement. InterSolutions denies that it owes the plaintiffs or any other employees who are similarly situated any additional back wages, liquidated damages, costs or attorney's fees. The case is in the early pretrial stage.

## 2. WHO MAY JOIN THE LAWSUIT

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Specifically, the plaintiffs seek to sue on behalf of "all persons who are or have been employed by InterSolutions as temporary employees and who worked more than forty (40) hours during any given work week between May 1, 2004 and the present."

Individuals who are receiving this notice may have received some checks for past overtime. Such individuals may still join this case.

## 3. ACTION TO TAKE IF YOU WANT TO PARTICIPATE IN THIS LAWSUIT

If you fit within the definition of the class members described above, you may join this lawsuit (that is, you may "opt-in") by completing and mailing the attached "Consent to Sue" form to the Plaintiffs' counsel at the following address:

Sarah Keast, Esq.
Goodwin Procter, LLP
901 New York Ave. NW

Washington, D.C. 20001

==The form must be sent to Plaintiffs' counsel and postmarked by **July 30, 2007**.  If you fail to return the Consent to Sue, you may not be able to participate in this lawsuit.==

### 4.    **EFFECT OF JOINING THIS LAWSUIT**

==*If you choose to join in this lawsuit, you will be bound by the Judgment for this lawsuit, whether it is favorable or unfavorable.*==

==*The attorneys for the plaintiffs in this case have agreed to represent the plaintiffs without the prepayment of fees.  If plaintiffs prevail in the matter, through a judgment in their favor or by way of a settlement having a financial value, the law entitles plaintiffs' counsel to be paid their reasonable fees and costs, in addition to any monies the defendant may owe members of the plaintiffs class.  If plaintiffs prevail through a judgment, plaintiffs will seek an award of attorneys' fees and costs from the Court, to be paid by defendant.  If the case is resolved through a monetary settlement, the attorneys will deduct from such settlement their reasonable fees and costs.  If plaintiffs do not prevail, however, they will have no obligation to reimburse plaintiffs counsel for the fees and costs expended.*==

If you sign and return the Consent to Sue form attached to this Notice, you are agreeing to enter an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.  The Court has jurisdiction to determine the reasonableness of any fee agreement entered into by the plaintiffs with counsel, and to determine the adequacy of the plaintiffs' counsel.

You may also join this lawsuit by retaining another lawyer of your own choosing.  If you wish to obtain another lawyer of your own choosing, do not sign or return the attached Consent to Sue form.  Instead, your lawyer must take the appropriate steps to join this lawsuit by **July 30, 2007**.

5.      **ACTION TO TAKE TO STAY OUT OF THE LAWSUIT**

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or affected by the result of the case (whether favorable or unfavorable). You decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within 3 years.

6.      **NO RETALIATION PERMITTED**

Federal law prohibits defendants from discharging or in any other manner discriminating against you because you "opt-in" to this case, or in any other way exercise your rights under the Fair Labor Standards Act.

7.      **YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this suit, and agree to be represented by plaintiffs' attorneys, your counsel in this action will be:

| | |
|---|---|
| Sarah Keast | Carolyn Weiss |
| Goodwin Procter LLP | Washington Lawyers' Committee |
| 901 New York Avenue, N.W. | For Civil Rights and Urban Affairs |
| Washington, D.C. 20001 | 11 Dupont Circle, NW, Ste. 400 |
| (202) 346-4000 | Washington, D.C. 20036 |
| (202) 346-4444 (fax) | (202) 319-1000 |
| | |
| Email: skeast@goodwinprocter.com | Email: carolyn_weiss@washlaw.org |
| | Website: http://www.washlaw.org/ |

8.      **FURTHER INFORMATION**

If you have questions or would like more information about this notice or lawsuit, or if you want to know more about the deadline for filing a Consent to Sue, please contact one of the plaintiffs' attorneys at the telephone number and address stated in paragraph 7 above.

4

Dated: _____

                                    Sarah Keast, Esq.
                                    Goodwin Procter, LLP
                                    901 New York Ave. NW
                                    Washington, D.C. 20001

                                    Carolyn Weiss, Esq.
                                    Washington Lawyers' Committee
                                    For Civil Rights and Urban Affairs
                                    11 Dupont Circle, NW, Ste. 400
                                    Washington, D.C. 20036

                                    Attorneys for Plaintiffs

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR THE DEFENDANTS' DEFENSES.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHANEL CRYER, *et al.*        )
        Plaintiffs,        )
v.                                            )        Case No. 06-02032 (EGS)
                                      )
INTERSOLUTIONS, INC., *et al.*  )
        Defendants.      )
_____)

**CONSENT TO SUE**

      I hereby consent to join this Fair Labor Standards Act case. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid overtime, liquidated damages, attorney's fees, costs and other relief) against the defendants. I authorize the Washington Lawyers' Committee for Civil Rights & Urban Affairs and Goodwin Procter LLP (hereinafter "the attorneys"), to represent me in this case.

      By signing and returning this consent to sue, I understand that I will be represented by the attorneys without prepayment of costs or attorneys' fees. I further understand that under the Fair Labor Standards Act, if the plaintiffs prevail, the attorneys representing the plaintiffs are entitled to their reasonable fees and costs, in addition to any monies owed to the plaintiffs directly, and the plaintiffs' attorneys may petition the court for an award of fees and costs to be paid by the defendants on my behalf. I further understand that if the case is resolved through a settlement, such a settlement will include an amount intended to compensate the plaintiffs' lawyers for the reasonable fees and costs they have incurred in prosecuting the lawsuit.

Dated:_____

Signature:_____

Name:_____

Address:_____
_____
_____

Phone:_____

PLEASE RETURN THIS FORM POSTMARKED BY **JULY 30, 2007**, to:

Sarah Keast, Esq.
Goodwin Procter LLP
901 New York Ave. NW
Washington, D.C. 20001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, *et al.*           )<br>                                  )<br>         Plaintiffs,              )<br>v.                                )<br>                                  )<br>INTERSOLUTIONS, INC., *et al.*    )<br>                                  )<br>         Defendants.              )<br>_____ ) | Case No. 06-02032 (EGS) |

**(PROPOSED) ORDER SETTING PROCEDURE FOR
<u>COLLECTIVE ACTION NOTICE</u>**

The Court hereby ORDERS as follows:

1. Plaintiffs are authorized to send to potential opt-in members of the collective action the "Notice of Lawsuit With Opportunity to Join" ("Notice") approved by the Court.

2. Plaintiffs' counsel shall be responsible for mailing the Notices to potential opt-ins.

3. Plaintiffs' counsel shall mail the Notices on or after May 1, 2007.

4. Defendants have an ongoing obligation to provide updated contact information to Plaintiffs on potential opt-in members of the collective action.

5. With respect to current InterSolutions employees to whom Notices are mailed, InterSolutions shall also provide a copy of the Notice and Notice of Consent to such individuals in every paycheck provided to them during the months of May, June, and July 2007.

6. Potential opt-in members of the collective action shall have until July 30, 2007, to return the opt-in form to Plaintiffs' counsel. If U.S. Mail is used, return envelopes must be postmarked no later than July 30, 2007. If a method of transmittal other than U.S. Mail is chosen, it must permit verification that the executed opt-in notice was either (a) placed in transit to

plaintiffs' counsel on or before July 30, 2007, or (b) received by plaintiffs' counsel on or before July 30, 2007.

7. In the event any notice is returned to Plaintiffs' counsel as undeliverable, and Plaintiffs' counsel identifies an alternative address for the potential opt-in, Plaintiffs' counsel may re-send the notice. In order to opt-in to the collective action, a potential opt-in who receives such a re-sent notice must return it to Plaintiffs' counsel by the earlier of (a) 90 days after the date the notice was re-sent or (b) August 30, 2007. Any resent Notice will be modified to reflect the applicable deadline. If U.S. Mail is used, return envelopes must be post-marked by the earlier of the two dates specified above. If a method of transmittal other than U.S. Mail is chosen, it must permit verification of the date that the executed opt-in notice was either (a) placed in transit to Plaintiffs' counsel, or (b) received by Plaintiffs' counsel within the time limits set forth in this paragraph.

8. Plaintiffs' counsel shall provide the following to Defendants' counsel on a weekly basis, beginning May 11, 2007:

    a. PDF images of all Consent to Sue forms and associated post-marked envelopes received during the preceding week. (The Friday, May 11, transmission shall include all Consent to Sue forms received since the initial mailing.)

    b. PDF images of the front of all envelopes for any notices returned as undeliverable during the preceding week. Defendants shall provide any updated address information in their possession on a weekly basis.

   c. A Microsoft Excel spreadsheet containing of the names of all individuals to whom a notice was re-mailed during the preceding week due to a return, including the date of re-mailing.

   d. If there are no new Consent to Sue forms, undeliverable mail, or both, Plaintiffs shall so state on each Friday.

9. Plaintiffs' counsel shall not file any opt-in form post-marked or otherwise delivered to plaintiffs' counsel after July 30, 2007, unless re-mailing was required. In the case of a re-mailed notice, no opt-in form postmarked or otherwise transmitted after August 30, 2007, shall be filed. If there is no postmark or indication of date of transmission, the form shall not be filed.

10. Plaintiffs shall submit to Defendants on or by September 7, 2007, a list in Microsoft Excel format of the names and addresses of all individuals who submitted Notices of Consent.

11. Neither defendants nor their counsel may contact any potential class member in order to urge them not to file a Notice of Consent, or to otherwise discuss the lawsuit or opt-in process with such potential class members. If any potential class members seek information from defendants or defense counsel regarding the lawsuit or the Notice, such inquiries shall be directed to plaintiffs' counsel as stated in the Notice.

                  _____
                  Emmet G. Sullivan
                  United States District Judge