**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHANEL CRYER, *et al.* )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>INTERSOLUTIONS, INC., *et al.* )<br>)<br>Defendants. )<br>_____) | Case No. 06-02032 (EGS) |

**NOTICE OF FILING OF DEFENDANTS' PROPOSED NOTICE OF LAWSUIT WITH
OPPORTUNITY TO JOIN, CONSENT TO SUE FORM, AND PROPOSED ORDER**

Pursuant to the Court's April 25, 2007, Order, Defendants' hereby submit their Proposed Notice of Lawsuit with Opportunity to Join and their Proposed Order. Plaintiffs are submitting a joint Consent to Sue form.

The parties were able to confer telephonically, and they have reached consensus on the majority of issues relating to today's filings. There remain, however, four small issues on which the parties could not reach consensus. For the Court's convenience, Defendants have highlighted these issues in their filings, and will briefly explain the differences here.

Regarding the Proposed Order Setting Procedure for the Collective Action Notice, the parties disagree about Paragraphs 5 and 11. With respect to Paragraph 5, Defendants believe it is appropriate to include Notice of the Lawsuit in the first May 2007 paycheck to current employees. Plaintiffs' desire to have Notices included in *every* paycheck for the months of May, June and July is unduly burdensome and overbroad. Each current employee of InterSolutions who meets the collective action definition will already receive Notice through Plaintiffs mailing. Defendants have agreed to provide Notice in the first May paycheck to that employee. These

two methods of Notice are more than adequate to assuage Plaintiffs' concern that potential opt-in members will not receive Notice of the collective action.

With respect to Paragraph 11, the parties could not reach agreement on this point before the Court at the April 25, 2007, status conference, and the Court ordered the parties to brief the issue. Defendants' reply to Plaintiff's memorandum will be submitted to the Court by 12:00 p.m. on April 27, 2007.

Regarding the Proposed Notice of Lawsuit with Opportunity to Join, the parties disagree about language in Section 3 and 4. With respect to Section 3, the final paragraph comports with the Court's statements at the April 25, 2007, status conference of the importance of notifying potential opt-in members that they will not lose their right to sue independently if their Consent to Sue form is not timely postmarked. This point provides important guidance to individuals who wish to opt-in and wish also to know the consequence of failing to opt-in. This is a different point than the statement addressed in Section 5, which states that a party may sue on his own if he or she desires not to join this litigation. In any case, Section 5 is specifically directed at individuals who desire not to opt in and thus individuals who wish to opt in may never read that section of the Notice.

With respect to Section 4, Defendants believe it is appropriate to inform potential opt-in members not only that they will be bound by all judgments by the Court, but that they will also be bound by settlement among the parties. This is an important right about which potential opt-in members should know when contemplating joining this lawsuit. Similarly, Defendants believe it is appropriate to notify potential opt-in members that they may have to answer written and/or oral questions under oath. A Fair Labor Standards Act collective action is different from

a Rule 23 class action in that opt-in members of an FLSA collective action very much are active parties to the litigation.  This is information potential opt-in members should be aware of.

Dated:  April 26, 2007				Respectfully Submitted,


						__/s/_____

						Manesh K. Rath (D.C. Bar No. 457835)
						*rath@khlaw.com*

						Keller and Heckman LLP
						1001 G Street, N.W.
						Suite 500 West
						Washington, D.C.  20001
						Tel:  (202) 434-4100
						Fax:  (202) 434-4646

						Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER,<br>JAMES BYRD,<br>JONATHAN CASHWELL, and<br>MARC INMAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>INTERSOLUTIONS, INC.,<br>DREW GOLIN, and<br>SARA WALDER,<br><br>    Defendants. | Case No. 1:06-cv-02032-EGS |

## NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

The purpose of this legal notice is to inform you that a lawsuit has been filed by Chanel Cryer, James Byrd, Jonathan Cashwell, and Marc Inman against InterSolutions, Drew Golin and Sara Walder for unpaid overtime wages, and that you may be eligible to join the lawsuit. You may be able to join the lawsuit because you are potentially similarly situated to the four individuals who initially brought the lawsuit. This notice advises you on how your rights may be affected by this lawsuit and how you may participate in this lawsuit if you decide that you want to participate in it.

### 1. DESCRIPTION OF THE LAWSUIT

Plaintiff Chanel Cryer filed this lawsuit against InterSolutions, Drew Golin and Sara Walder on November 29, 2006. Subsequently, James Byrd, Jonathan Cashwell, and Marc Inman joined as plaintiffs.

The plaintiffs allege that InterSolutions, Drew Golin and Sara Walder violated the Fair Labor Standards Act by not paying eligible employees overtime compensation at the rate of time and one-half for all hours worked in excess of 40 hours in a single work week. The lawsuit is seeking back pay and liquidated damages (a payment equal to the amount of unpaid wages that may be awarded under certain circumstances under the Fair Labor Standards Act for workers not paid overtime correctly) for eligible employees, as well as costs and attorney's fees.

After this lawsuit was initiated, InterSolutions performed an internal audit and issued checks to some Plaintiffs and other temporary employees for what it determined to be unpaid

overtime that it owed for the past three years.  InterSolutions also paid a second check in the same amount as the first check that it contends satisfies the liquidated damages requirement.

## 2. WHO MAY JOIN THE LAWSUIT

The named Plaintiffs are suing on behalf of themselves and on behalf of other temporary InterSolutions employees who worked more than forty hours during any given workweek since May 1, 2004.  You may join this lawsuit only if you worked more than forty hours during a single workweek since May 1, 2004.

Individuals who are receiving this notice may have received checks for past overtime.  Those individuals may still join this case.

## 3. ACTION TO TAKE IF YOU WANT TO PARTICIPATE IN THIS LAWSUIT

If you fit within the definition of the class members described above, you may join this Lawsuit (that is, you may "opt-in") by completing and mailing the attached "Consent to Sue" form to the Plaintiff's counsel by July 30, 2007, at the following address:

Sarah Keast, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001

*If your Consent to Sue form is postmarked after July 30, 2007, you will not lose your right to sue independently, but you will not be permitted to join this lawsuit.*

## 4. EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the Judgment for this lawsuit, whether it is favorable or unfavorable.  *You will also be bound by settlement agreements reached between the parties.*

*If you decide to join this lawsuit, you may be required to answer written questions under oath and/or appear at a deposition to provide sworn testimony under oath.*

If you sign and return the Consent to Sue form, you are agreeing to enter an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.  The Court has jurisdiction to determine the reasonableness of any contingency attorneys' fee agreement entered into by the plaintiffs with counsel, and to determine the adequacy of the Plaintiffs' counsel.

You may also join this lawsuit by hiring another lawyer of your own choosing.  If you wish to obtain your own lawyer, do not sign or return the attached Consent to Sue form.  Instead, please give your lawyer this Notice and he or she will take the appropriate steps to join you in this lawsuit.

### 5. ACTIONS TO TAKE TO STAY OUT OF THE LAWSUIT

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or affected by the result of the case (whether favorable or unfavorable). Your decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within 3 years.

### 6. NO RETALIATION PERMITTED

Federal law prohibits Defendants from discharging or in any other manner discriminating against you because you "opt-in" to this case, or in any other way exercise your rights under the FLSA.

### 7. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, and agree to be represented by plaintiffs' attorneys, your counsel in this action will be:

| | |
|---|---|
| Sarah Keast, Esq. | Carolyn Weiss, Esq. |
| Goodwin Procter LLP | Washington Lawyers' Committee for Civil |
| 901 New York Avenue, N.W. | Rights and Urban Affairs |
| Washington, D.C.  20001 | 11 Dupont Circle, N.W., Ste. 400 |
| Tel:  (202) 346-4000 | Washington, D.C.  20036 |
| | Tel:  (202) 319-1000 |
| | |
| Website:  http://www.goodwinprocter.com | Website:  http://www.washlaw.org |
| Email skeast@goodwinprocter.com | Email:  Carolyn_weiss@washlaw.org |

### 8. FURTHER INFORMATION

If you have questions or would like more information about this notice or lawsuit, or if you want to know more about the deadline for filing a Consent to Sue please contact one of the plaintiffs' attorneys at the telephone number and address stated in Paragraph 7 above.

Dated:  May 1, 2007                                Sarah Keast, Esq.
                                                                    Goodwin Procter LLP
                                                                    901 New York Avenue, N.W.
                                                                    Washington, D.C.  20001

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, *et al.*            )<br>                                                        )<br>        Plaintiffs,                         )<br>    v.                                           )<br>                                                        )     Case No. 06-02032 (EGS)<br>INTERSOLUTIONS, INC., *et al.*    )<br>                                                        )<br>        Defendants.                       )<br>_____)   | |

**(PROPOSED) ORDER SETTING PROCEDURE FOR
<u>COLLECTIVE ACTION NOTICE</u>**

The Court hereby **ORDERS** as follows:

1.  Plaintiffs are authorized to send to potential opt-in members of the collective action the "Notice of Lawsuit With Opportunity to Join" ("Notice") approved by the Court.

2.  Plaintiffs' counsel shall be responsible for mailing the Notices to potential opt-ins.

3.  Plaintiffs' counsel shall mail the Notices on or after May 1, 2007.

4.  Defendants have an ongoing obligation to provide updated contact information to Plaintiffs on potential opt-in members of the collective action.

*5.  With respect to current InterSolutions employees to whom Notices are mailed, InterSolutions shall also provide a copy of the Notice to such individuals in the first paycheck provided to that individual during the month of May 2007.*

6.  Potential opt-in members of the collective action shall have until July 30, 2007, to return the opt-in form to Plaintiffs' counsel. If U.S. Mail is used, return envelopes must be post-marked no later than July 30, 2007. If a method of transmittal other than U.S. Mail is chosen, it must permit verification that the executed opt-in notice was either (a) placed in transit to

plaintiffs' counsel on or before July 30, 2007, or (b) received by plaintiffs' counsel on or before July 30, 2007.

7. In the event any notice is returned to Plaintiffs' counsel as undeliverable, and Plaintiffs' counsel identifies an alternative address for the potential opt-in, Plaintiffs' counsel may re-send the notice. In order to opt-in to the collective action, a potential opt-in who receives such a re-sent notice must return it to Plaintiffs' counsel by the earlier of (a) 90 days after the date the notice was re-sent or (b) August 30, 2007. Any resent Notice will be modified to reflect the applicable deadline. If U.S. Mail is used, return envelopes must be post-marked by the earlier of the two dates specified above. If a method of transmittal other than U.S. Mail is chosen, it must permit verification of the date that the executed opt-in notice was either (a) placed in transit to Plaintiffs' counsel, or (b) received by Plaintiffs' counsel within the time limits set forth in this paragraph.

8. Plaintiffs' counsel shall provide the following to Defendants' counsel on a weekly basis, beginning May 11, 2007:

    a. PDF images of all Consent to Sue forms and associated post-marked envelopes received during the preceding week. (The Friday, May 11, transmission shall include all Consent to Sue forms received since the initial mailing.)

    b. PDF images of the front of all envelopes for any notices returned as undeliverable during the preceding week. Defendants shall provide any updated address information in their possession on a weekly basis.

      c.      A Microsoft Excel spreadsheet containing of the names of all individuals to whom a notice was re-mailed during the preceding week due to a return, including the date of re-mailing.

      d.      If there are no new Consent to Sue forms, undeliverable mail, or both, Plaintiffs shall so state on each Friday.

9. Plaintiffs' counsel shall not file any opt-in form post-marked or otherwise delivered to plaintiffs' counsel after July 30, 2007, unless re-mailing was required. In the case of a re-mailed notice, no opt-in form postmarked or otherwise transmitted after August 30, 2007, shall be filed. If there is no postmark or indication of date of transmission, the form shall not be filed.

10. Plaintiffs shall submit to Defendants on or by September 7, 2007, a list in Microsoft Excel format of the names and addresses of all individuals who submitted Notices of Consent.

*11. As stated in the Notice to opt-in members, federal law prohibits retaliation or coercion by Defendants against employees seeking to vindicate their rights. Therefore, nothing in this Order shall be interpreted to prevent Defendants from discussing this lawsuit or the opt-in process with current or former employees. The prospect for settlement or other amicable resolutions of this matter is enhanced by permitting the parties to confer with potential opt-in members regarding the lawsuit and opt-in process.*

                                          _____
                                          Emmet G. Sullivan
                                          United States District Judge