IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, ET AL., <br>     Individually and on behalf of all <br>     others similarly situated, <br><br>         Plaintiffs, <br><br> v. <br><br> INTERSOLUTIONS, INC., ET AL. <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 06-02032 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) |

### JOINT MOTION TO EXTEND DEADLINE
### TO MAIL COLLECTIVE ACTION NOTICES
### AND CONSENT TO SUE FORMS

The parties hereby request that the Court extend to May 14, 2007 the deadline for them to mail collective action notices and consent to sue forms to the members of the conditionally-certified FLSA collective action, and to extend the deadline for class members to return completed class notices to 90 days after the class notices are ultimately mailed. This request is being made in order to permit the parties to finalize a settlement agreement resolving this action.

In an April 30, 2007 Order, the Court set May 3, 2007 as the deadline for plaintiffs to mail notices and consent to sue forms to members of the FLSA class. With the assistance of Magistrate Judge Kay, the parties have subsequently made significant progress in their settlement discussions. Those discussions have progressed to the point where on May 2, plaintiffs provided defendants with a draft agreement in principle outlining proposed settlement terms. Defendants require additional time to consider that proposal and provide comments thereon, which the parties will then have to discuss and resolve. Because this process of

finalizing the settlement terms cannot be completed by May 3, the parties seek additional time in which to finalize their agreement prior to mailing class notices and consent to sue forms.

In order to protect the rights of class members who may opt in to the FLSA collective action in the event that the settlement is not ultimately effectuated, defendants have agreed that the statute of limitations on the FLSA claims will be tolled effective May 1, 2007. This means that no collective action class member will lose any portion of their FLSA claim on account of a delay in the sending of the collective action notice.

Dated: May 3, 2007

Respectfully submitted,

\_\_\_\_//s//_____
Manesh K. Rath (D.C. Bar No. 457835)
Keller & Heckman LLP
1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
Tel.: (202) 434-4100
Fax: (202) 434-4646

\_\_\_\_//s//_____
Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax: (202) 319-1010

*Counsel for Defendants*               *Counsel for Plaintiffs*