IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEL CRYER, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-02032 (EGS) |
| ) | |
| INTERSOLUTIONS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**CONSENT MOTION FOR EXTENSION OF
ALL APPLICABLE DEADLINES**

Plaintiffs, with the consent of defendants, hereby request that the Court extend by nine (9) days all pending deadlines in this action. The basis for this request is that the parties have been working and continue to work diligently in order to reach agreement resolving this action and the companion action (*Wells* v. *InterSolutions, Inc*., No. 06-02033). The parties have been doing so under the guidance of Magistrate Judge Alan Kay. The parties are next scheduled to meet with Judge Kay this Friday, May 18, 2007, in order to attempt to work out the final handful of differences between them. If those discussions lead to a final settlement agreeable to both sides, the parties will need a few additional days in which to finalize the settlement document itself and then present it to the Court.

Plaintiffs recognize that the Court has extended the class mailing deadline several times, and recently extended all other deadlines in this action as well. We sincerely appreciate the Court's willingness to do so, and recognize that such extensions are finite in number. But the parties have only a few issues to resolve and, while an agreement is no certainty, the parties are

close enough that additional time to continue their discussions is in the best interests of all involved.

If granted, the requested extension would set Friday, May 25, 2007 as the deadline for the mailing of notices to members of the conditionally-certified FLSA collective action. In order to protect the rights of class members who may opt in to the FLSA collective action in the event that the settlement is not ultimately effectuated, defendants continue to agree that the statute of limitations on the FLSA claims will be tolled effective May 1, 2007. This means that no collective action class member will lose any portion of their FLSA claim on account of a delay in the sending of the collective action notice.

Dated:  May 16, 2007

Respectfully submitted,

_____//s//_____
Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel.: (202) 346-4000
Fax:  (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax:  (202) 319-1010

*Counsel for Plaintiffs*